1

2   JOSEPH H. HUNT
    Assistant Attorney General
3   U.S. Department of Justice
    Civil Division
4   WILLIAM C. PEACHEY
    Director
5   Office of Immigration Litigation
    District Court Section
6   JEFFREY S. ROBINS
    Deputy Director
7   LINDSAY M. VICK (MA 685569)
    450 5th Street, N.W., Rm 5223
8   Washington, D.C. 20530
    Telephone: (202) 532-4023
9   Facsimile: (202) 305-7000
    lindsay.vick@usdoj.gov
10  Attorneys for Defendants

11

12                    UNITED STATES DISTRICT COURT

13                  CENTRAL DISTRICT OF CALIFORNIA

14

15  FAOUR ABDALLAH              )   Case No. 5:19-CV-01546 JGB (SHKx)
    FRAIHAT, *et al.*,          )
16                              )
          *Plaintiffs*,         )   **DEFENDANTS' REPLY**
17                              )   **IN SUPPORT OF DEFENDANTS'**
            v.                  )   **MOTION FOR**
18                              )   **RECONSIDERATION**
    U.S. IMMIGRATION AND        )
19  CUSTOMS ENFORCEMENT, *et    )
    al.*,                       )   **Before The Honorable Jesus G.**
20                              )   **Bernal**
                                )   **Hearing Date:** February 24, 2020
21        *Defendants*.         )   **Hearing Time:** 9:00 a.m.
                                )
22                              )
                                )
23                              )
                                )
24                              )

25

26

27

28

**ARGUMENT**

This Court should reconsider its Order Re Transfer Pursuant to General Order 19-03 ("Order"), ECF No. 20, because the instant case is not related to *Torres v. DHS*, 5:18-CV-02604 JGB(SHKx), and Defendants never had an opportunity to respond to Plaintiffs' Notice of Related Cases, ECF No. 4, pursuant to Local Rule 83-1.3.3. *See* Fed. R. Civ. Pro. 59(e).

*Torres* and the present case do not arise from related events, require analysis of similar factual or legal issues, or result in a duplication of labor if heard by a different judge. *See* ECF No. 20; Local Rule 83-1.3.1. While *Torres* is also a putative class action brought by immigration detainees for declaratory and injunctive relief, that is where the similarities end. *See generally*, 411 F. Supp. 3d 1036 (C.D. Cal. 2019). Unlike the present case, *Torres* involves claims concerning immigration detainees' conditions of confinement related to access to counsel and is limited to immigration detention facilities within the Central District of California. *See id.* Further, the plaintiffs in *Torres* brought claims under procedural and substantive Due Process as well as under the First Amendment. *See id.*

In the present case, Plaintiffs bring a putative class action on behalf of all immigration detainees nationwide for declaratory and injunctive relief involving Due Process. More specifically, this case involves claims of constitutionally inadequate medical and mental health care, as well as claims under the Rehabilitation Act. Notably, this case involves claims arising out of detention centers located in multiple judicial circuits, and therefore, involves claims that are subject to different legal standards depending upon the judicial circuit in which a plaintiff is detained. Compl. ¶¶ 600-01. Even though both *Torres* and the present case involve Due Process claims concerning conditions of confinement, the basis for Due Process in each case is entirely different—*Torres* is an access to counsel case and, conversely, the present case concerns medical and mental health care,

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

administrative segregation, and issues related to detainees with disabilities under the Rehabilitation Act. Such claims involve different legal standards and analysis and lack factual overlap. The many differences between the present case and *Torres* also support Defendants' position in other pending motions before this Court that Plaintiffs' claims should be severed, dismissed or transferred, or stricken.

Contrary to Plaintiffs' contention, Defendants do not argue that "two cases must be the same in each and every possible way" for them to be related cases under the Local Rules. Pls.' Opp. to Defs.' Mot. to Reconsider ("Pls. Opp.") 4, ECF No. 70. But the cases must still satisfy the standard for relating cases under Local Rule 83-1.3, and Plaintiffs have not demonstrated that the standard is met in this case. Further, Plaintiffs' argument that having the two cases heard by different judges would result in duplication of labor is unconvincing. Plaintiffs contend that because the parties in each case have raised the same legal arguments at the motion to dismiss stage, a duplication of efforts would result if the two cases were not related and heard by one judge. However, that the same legal arguments were made at the motion to dismiss stage in each case is more a consequence of the type of arguments generally made at this stage of the litigation rather than the similarity between the two cases.

Defendants' Motion to Reconsider is not based on "mere disagreement" with the Court's decision, and the implication that Defendants have made "no attempt" to comply with the Local Rules is false. *See* Pls.' Opp. 3. Defendants were deprived of the opportunity to oppose Plaintiffs' Notice of Related Case Order under Local Rule 83-1.3.3 and request the opportunity to be heard on that issue. Defendants met and conferred with Plaintiffs on this Motion as well as on their other Motions and submit this Motion in good faith.

1         Plaintiffs' cases cited in support of their argument that Defendants' Motion

2   to Reconsider is untimely are inapposite. In *Selectron Indus. Co., Inc. v. Selectron*

3   *Int'l.*, the court denied a motion to reconsider the denial of a motion to enforce a

4   settlement agreement after a four month delay during which the parties took part in

5   arbitration and the movant changed its position on settlement based upon the

6   subsequent arbitration. *See* No. CV 04-4146-PLA, 2007 WL 5193735, *3 (C.D.

7   Cal. Sept. 25, 2007). In *Mattel, Inc. v. MGA Entm't, Inc.*, the defendant waited two

8   months before requesting reconsideration of a court order, and the court found the

9   request untimely. *See* 782 F. Supp. 2d 911, 960 (C.D. Cal. 2011). In *Mattel*, the

10   court order came after "extensive briefing and oral argument" such that defendant

11   had already been heard on the issues and no new facts or changes in law had

12   occurred in the two-month interim. *Id.* Further, in *Honeywell Int'l., Inc. v. W.*

13   *Support Grp.*, the court denied a motion to reconsider the denial of a second

14   summary judgment motion where defendants were not given an opportunity to file

15   a reply before the court's denial. *See* No. CV 12-00645-PHX-JAT, 2013 WL

16   2369919, *3 (D. Ariz. May 29, 2013).

17         In each of those cases, the litigation was well underway and the party

18   requesting reconsideration had previously been heard on the relevant issues. Here,

19   not only were Defendants never heard on the Notice of Related Case Order,

20   Defendants had not even been served with the Complaint before the Court entered

21   its order transferring this case. *See* ECF No. 37. Moreover, Defendants' request for

22   reconsideration comes at the earliest stages of this litigation where the parties have

23   not yet been heard on Defendants' response to Plaintiffs' Complaint. All of these

24   factors weigh in favor of granting the instant Motion. Accordingly, the Court

25   should find that *Torres* is not related to the present case and grant Defendants'

26   Motion to Reconsider.

27

28

3

1   Dated: February 10, 2020          Respectfully submitted,

2                                     JOSEPH H. HUNT
                                      Assistant Attorney General
3
4                                     WILLIAM C. PEACHEY
                                      Director
5
6                                     JEFFREY S. ROBINS
                                      Deputy Director
7
8                                     /s/ *Lindsay M. Vick*
                                      LINDSAY M. VICK
9                                     Trial Attorney
                                      United States Department of Justice
10                                    Office of Immigration Litigation
                                      District Court Section
11
12
13                                    *Attorneys for Defendants*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4