Timothy P. Fox (CA Bar 157750)
*tfox@creeclaw.org*
Elizabeth Jordan*
*ejordan@creeclaw.org*
CIVIL RIGHTS EDUCATION AND
ENFORCEMENT CENTER
1245 E. Colfax Avenue, Suite 400
Denver, CO 80218
Tel:  (303) 757-7901
Fax: (303) 872-9072

Lisa Graybill*
*lisa.graybill@splcenter.org*
Jared Davidson*
*jared.davidson@splcenter.org*
SOUTHERN POVERTY LAW
CENTER
201 St. Charles Avenue, Suite 2000
New Orleans, Louisiana 70170
Tel:  (504) 486-8982
Fax: (504) 486-8947

Stuart Seaborn (CA Bar 198590)
*sseaborn@dralegal.org*
Melissa Riess (CA Bar 295959)
*mriess@dralegal.org*
DISABILITY RIGHTS ADVOCATES
2001 Center Street, 4th Floor
Berkeley, California 94704
Tel:  (510) 665-8644
Fax: (510) 665-8511

Attorneys for Plaintiffs (continued on next page)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION – RIVERSIDE**

| | |
|---|---|
| FAOUR ABDALLAH FRAIHAT, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*,<br><br>Defendants. | Case No.: 19-cv-01546-JGB(SHKx)<br><br>**Declaration of Thomas Ragland in Support of Motion for Preliminary Injunction and Class Certification**<br><br>Date: March 24, 2020 |

William F. Alderman (CA Bar 47381)
*walderman@orrick.com*
Jake Routhier (CA Bar 324452)
*jrouthier@orrick.com*
ORRICK, HERRINGTON &
SUTCLIFFE LLP
405 Howard Street
San Francisco, CA  94105
Tel:  (415) 773-5700
Fax: (415) 773-5759

Michael W. Johnson**
*mjohnson1@willkie.com*
Dania Bardavid**
*dbardavid@willkie.com*
Jessica Blanton**
*jblanton@willkie.com*
Joseph Bretschneider**
*jbretschneider@willkie.com*
WILLKIE FARR &
GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019
Tel:  (212) 728-8000
Fax: (212) 728-8111

Maia Fleischman*
*maia.fleischman@splcenter.org*
SOUTHERN POVERTY LAW
CENTER
2 South Biscayne Boulevard
Suite 3750
Miami, FL 33131
Tel:  (786) 347-2056
Fax: (786) 237-2949

Christina Brandt-Young*
*cbrandt-young@dralegal.org*
DISABILITY RIGHTS
ADVOCATES
655 Third Avenue, 14th Floor
New York, NY 10017
Tel:  (212) 644-8644
Fax: (212) 644-8636

Mark Mermelstein (CA Bar 208005)
*mmermelstein@orrick.com*
ORRICK, HERRINGTON &
SUTCLIFFE LLP
777 South Figueroa Street
Suite 3200
Los Angeles, CA 90017
Tel:  (213) 629-2020
Fax: (213) 612-2499

Leigh Coutoumanos**
*lcoutoumanos@willkie.com*
WILLKIE FARR &
GALLAGHER LLP
1875 K Street NW, Suite 100
Washington, DC 20006
Tel:  (202) 303-1000
Fax: (202) 303-2000

Shalini Goel Agarwal
(CA Bar 254540)
*shalini.agarwal@splcenter.org*
SOUTHERN POVERTY LAW
CENTER
106 East College Avenue
Suite 1010
Tallahassee, FL 32301
Tel:  (850) 521-3024
Fax: (850) 521-3001

Maria del Pilar Gonzalez Morales
(CA Bar 308550)
*pgonzalez@creeclaw.org*
CIVIL RIGHTS EDUCATION
AND ENFORCEMENT CENTER
1825 N. Vermont Avenue, #27916
Los Angeles, CA 90027
Tel:  (805) 813-8896
Fax: (303) 872-9072

Attorneys for Plaintiffs (continued from previous page)
*Admitted Pro Hac Vice
**Pro Hac Vice Application Forthcoming

# DECLARATION OF THOMAS RAGLAND

1. My name is Thomas K. Ragland. I am a Member in the Immigration Business Unit of Clark Hill PLC. I work at the firm's Washington, D.C. office which is located at 1001 Pennsylvania Avenue NW, Suite 1300 South, Washington, DC 20004. I have practiced immigration law for over 25 years, including as an attorney at the Department of Justice's Board of Immigration Appeals and in the Office of Immigration Litigation at the Civil Division.

2. I represent a 63-year-old asylum seeker who is currently detained at the Adelanto Detention Facility ("Adelanto") in Adelanto, California. My client was taken into custody by U.S. Immigration and Customs Enforcement ("ICE") in June 2019. He is not subject to mandatory detention. In July 2019, an Immigration Judge ("IJ") at the Adelanto Immigration Court denied my client's motion for release on bond under INA §236(a), despite finding that he poses no danger to the community, on the ground that he poses a flight risk. On behalf of my client, I filed a timely appeal with the Board of Immigration Appeals ("BIA"). In February 2020, the BIA sustained our appeal and remanded my client's case to the Adelanto Immigration Court for a new bond hearing.

3. On March 12, 2020, the Adelanto Immigration Court issued a notice informing me that my client had been scheduled for a bond hearing on March 19, 2020.

4. On March 13, 2020, following discussions with the ICE counsel assigned to my client's case, we agreed upon stipulated terms for my client's release from custody: posting of a $30,000 bond and GPS electronic monitoring via an ankle bracelet.

5. On March 19, 2020, I appeared for a telephonic bond hearing before the IJ. ICE counsel was also present. The IJ informed me that he could not proceed with my client's bond hearing because he did not have the case file. He stated further that my client had been quarantined, for a reason unknown to him, and therefore was not present in the court. He stated that the bond hearing would thus have to be rescheduled. According to the IJ, to his knowledge the reason for the quarantine was not suspected coronavirus exposure, but he did not know why my client had been quarantined.

6. I informed the IJ that we had reached an agreement with opposing counsel on stipulated terms for my client's release. The IJ said he understood, but would not render a bond decision – notwithstanding the parties' stipulated agreement – without first reviewing the bond file, which he did not have before him. He stated further that my client could not be released for at least 2 weeks or 30 days in any event, due to quarantine policy at the Adelanto Detention Center.

7. The IJ stated that the earliest date on which he could conduct a bond hearing, when my client would be eligible for release from quarantine, is April 14, 2020 at 1:00 p.m.

8. Alarmed at the prospect that my client would languish for nearly another month in detention, I implored the IJ to release my client on the terms that ICE counsel and I had agreed to. I alerted the IJ to my client's advanced age and stated my concern that he

1

would face grave risk if exposed to coronavirus and infected with COVID-19 in the contained environment of an ICE detention center.

9. The IJ was adamant that my client could not be released, as a matter of Adelanto Detention Facility policy, so long as he is in quarantine. The IJ remarked that my client "is probably safer in here than he would be on the outside."

10. On March 20, 2020, I spoke with my client by telephone and asked him about the quarantine. He stated that he himself is not ill. Rather, the quarantine was instituted because, to his knowledge, someone at the facility complained of stomach pains. He said that he is confined with a group of approximately 80 inmates—none of whom appear to my client to be ill—and they are not permitted to interact with other detainees. They are not permitted to use spaces that were previously considered common spaces, like the cafeteria. He stated that he is residing in close quarters with four other individuals. He also said that no nurses or doctors have visited the facility to perform check-ups on the individuals with whom he is quarantined.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on: March 21, 2020         By:    */s/ Thomas K. Ragland*
                                                  Thomas K. Ragland