Timothy P. Fox (CA Bar 157750)
*tfox@creeclaw.org*
Elizabeth Jordan*
*ejordan@creeclaw.org*
CIVIL RIGHTS EDUCATION AND
ENFORCEMENT CENTER
1245 E. Colfax Avenue, Suite 400
Denver, CO 80218
Tel:  (303) 757-7901
Fax: (303) 872-9072

Lisa Graybill*
*lisa.graybill@splcenter.org*
Jared Davidson*
*jared.davidson@splcenter.org*
SOUTHERN POVERTY LAW
CENTER
201 St. Charles Avenue, Suite 2000
New Orleans, Louisiana 70170
Tel:  (504) 486-8982
Fax: (504) 486-8947

Stuart Seaborn (CA Bar 198590)
*sseaborn@dralegal.org*
Melissa Riess (CA Bar 295959)
*mriess@dralegal.org*
DISABILITY RIGHTS ADVOCATES
2001 Center Street, 4th Floor
Berkeley, California 94704
Tel:  (510) 665-8644
Fax: (510) 665-8511

Attorneys for Plaintiffs (continued on next page)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION – RIVERSIDE**

| | |
|---|---|
| FAOUR ABDALLAH FRAIHAT, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*, <br><br> Defendants. | Case No.: 19-cv-01546-JGB(SHKx) <br><br> **Declaration of Maureen A. Sweeney** <br><br> Date: March 24, 2020 |

William F. Alderman (CA Bar 47381)
*walderman@orrick.com*
Jake Routhier (CA Bar 324452)
*jrouthier@orrick.com*
ORRICK, HERRINGTON &
SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105
Tel: (415) 773-5700
Fax: (415) 773-5759

Michael W. Johnson**
*mjohnson1@willkie.com*
Dania Bardavid**
*dbardavid@willkie.com*
Jessica Blanton**
*jblanton@willkie.com*
Joseph Bretschneider**
*jbretschneider@willkie.com*
WILLKIE FARR &
GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019
Tel: (212) 728-8000
Fax: (212) 728-8111

Maia Fleischman*
*maia.fleischman@splcenter.org*
SOUTHERN POVERTY LAW
CENTER
2 South Biscayne Boulevard
Suite 3750
Miami, FL 33131
Tel: (786) 347-2056
Fax: (786) 237-2949

Christina Brandt-Young*
*cbrandt-young@dralegal.org*
DISABILITY RIGHTS
ADVOCATES
655 Third Avenue, 14th Floor
New York, NY 10017
Tel: (212) 644-8644
Fax: (212) 644-8636

Mark Mermelstein (CA Bar 208005)
*mmermelstein@orrick.com*
ORRICK, HERRINGTON &
SUTCLIFFE LLP
777 South Figueroa Street
Suite 3200
Los Angeles, CA 90017
Tel: (213) 629-2020
Fax: (213) 612-2499

Leigh Coutoumanos**
*lcoutoumanos@willkie.com*
WILLKIE FARR &
GALLAGHER LLP
1875 K Street NW, Suite 100
Washington, DC 20006
Tel: (202) 303-1000
Fax: (202) 303-2000

Shalini Goel Agarwal
(CA Bar 254540)
*shalini.agarwal@splcenter.org*
SOUTHERN POVERTY LAW
CENTER
106 East College Avenue
Suite 1010
Tallahassee, FL 32301
Tel: (850) 521-3024
Fax: (850) 521-3001

Maria del Pilar Gonzalez Morales
(CA Bar 308550)
*pgonzalez@creeclaw.org*
CIVIL RIGHTS EDUCATION
AND ENFORCEMENT CENTER
1825 N. Vermont Avenue, #27916
Los Angeles, CA 90027
Tel: (805) 813-8896
Fax: (303) 872-9072

Attorneys for Plaintiffs (continued from previous page)
*Admitted Pro Hac Vice
**Pro Hac Vice Application Forthcoming

DECLARATION OF MAUREEN A. SWEENEY, ESQ.

I, Maureen A. Sweeney, hereby declare:

1. I am a Law School Professor at the University of Maryland Carey School of Law, where I have taught Immigration Law, the Immigration Clinic, and other courses for sixteen years. I am also an attorney licensed to practice law in the state of Maryland. Prior to my work at the university, I practiced immigration law at Catholic Charities Immigration Legal Services and Lutheran Immigration and Refugee Services in Baltimore. My scholarly and practice areas of specialization are in immigration removal litigation, with particular specialty in the areas of asylum and the immigration consequences of criminal convictions. My curriculum vitae is attached as Exhibit A.

2. The Immigration and Nationality Act (INA) gives Immigration Customs Enforcement (ICE) the authority to exercise broad discretion over the decision of whether and on what conditions to detain an individual who is in removal proceedings before the Immigration Court or is awaiting removal. *See*, e.g., 8 U.S.C. §1226(a) (providing for discretionary detention allowing for release on bond or on conditional parole); 8 U.S.C. §1182(d)(5)(A) (providing for parole of inadmissible individuals "on a case-by-case basis for urgent humanitarian reasons or significant public benefit"). Federal regulations provide that:

> [t]he authority of the Secretary [of Homeland Security] to continue an alien in custody or grant parole under section 212(d)(5)(A) of the [INA] shall be exercised by [a range of ICE and Customs and Border Protection officers]. The Secretary or his designees may invoke, in the exercise of discretion, the authority under section 212(d)(5)(A) of the Act.").

8 C.F.R. §212.5(a). In exercising this discretion, ICE agents have historically considered a broad range of factors, including an individual's health, their potential for legal relief, their family and other ties to the community, their criminal history and even the availability of detention capacity. *See* 8 C.F.R. §212.5(b) (providing for case-by-case parole determinations for individuals who, among other things, "have serious medical conditions in which continued detention would not be appropriate" or whose continued detention would not be in the public interest).

3. The INA also provides for what is commonly known as "mandatory" detention for individuals with a history of certain criminal convictions. *See* 8 U.S.C. §1226(c)(1). Despite the nominally "mandatory" nature of this detention, however, ICE has always, in fact, exercised discretion over individuals in this category, even if rarely exercising that discretion to release individuals.

4. By way of but one example, several years ago, our clinic represented a client who was subject to "mandatory" detention under 8 U.S.C. §1226(c)(1) because of a theft conviction from many years prior. ICE agents detained our client when he appeared at his master calendar hearing, informing him and us that the client was subject to

mandatory detention.  Our client did, in fact, fall within the terms of §1226(c), but after they detained him, ICE agents chose to exercise their discretion to release him for medical reasons. Our client suffered from a number of medical conditions, including high blood pressure, heart conditions, and depression, and he did not have any of his medications with him when he was detained.  We provided the ICE agents with proof of these conditions, and our client, for his part, made it clear that he would refuse to take medication that had not been prescribed by his doctors.  When the agents realized the seriousness of our client's medical conditions and the risk created by his detention, they decided to release him that same day on his own recognizance.

5. This case constituted an example exercise of the discretion that ICE clearly has – and has exercised historically – to release individuals for urgent medical reasons, even when they fall within the terms of the "mandatory" detention provision. Nothing has changed in the statute or regulations to alter this authority since the day our client was detained and released.  ICE has this authority to this day.

6. Based on my legal scholarship as an expert in immigration law, as well as my experience as an immigration practitioner, it is soundly within ICE's authority to release individuals from detention based on, among other things, medical conditions that cannot be adequately managed in a custodial setting. In such cases, ICE retains jurisdiction over the prosecution of immigration proceedings and the enforcement of removal orders but adjudication occurs in non-detained settings, allowing individuals to shelter in place with family, friends, or service providers able to provide for their needs.

I, Maureen A. Sweeney, swear under the penalty of perjury pursuant to 28 U.S.C. § 1746, that the foregoing declaration is true and correct to the best of my knowledge and belief.

Executed on this 23rd day in March, 2020 at Baltimore, Maryland.

_____
Maureen A. Sweeney, Esq.