JOSEPH H. HUNT
Assistant Attorney General
U.S. Department of Justice
Civil Division
WILLIAM C. PEACHEY
Director
Office of Immigration Litigation
District Court Section
JEFFREY S. ROBINS
Deputy Director
LINDSAY M. VICK (MA 685569)
ANNA L. DICHTER (NJ 304442019)
450 5th Street, N.W., Rm 5223
Washington, D.C. 20530
Telephone: (202) 532-4023
Facsimile: (202) 305-7000
lindsay.vick@usdoj.gov
anna.l.dichter@usdoj.gov
Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAOUR ABDALLAH FRAIHAT, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*,<br><br>*Defendants*. | Case No. 5:19-CV-01546 JGB (SHKx)<br><br>**DEFENDANTS'** ***EX PARTE*** **APPLICATION TO RE-NOTICE PLAINTIFFS' EMERGENCY PRELIMINARY INJUNCTION AND CLASS CERTIFICATION MOTIONS [ECF NOS. 81, 83] FOR A HEARING DATE IN ACCORDANCE WITH THE LOCAL RULES**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**DECLARATION OF LINDSAY M. VICK** |

## *EX PARTE* APPLICATION

Pursuant to Local Rule 7-19, Defendants respectfully apply to this Court *ex parte* to re-notice Plaintiffs' Emergency Preliminary Injunction and Class Certification Motions (ECF Nos. 81 and 83) for a hearing date in accordance with the local rules.

**Urgency:** This order is sought by means of an *ex parte* application because Plaintiffs filed both an emergency motion for a preliminary injunction and an emergency motion for class certification on March 25, 2020, and noticed each motion for six days later on Tuesday, March 31, 2020. When the parties met and conferred on Plaintiffs' motions, Plaintiffs' counsel did not inform Defendants' counsel of their intent to disregard Local Rule 6-1 and notice the motion hearing dates for less than 28 days in advance other than that they reserved the right to seek "emergency relief." Plaintiffs, however, have neither sought emergency relief via an ex parte application for a temporary restraining order nor complied with the local rules governing the noticing of motions. Accordingly, Defendants' response time remains entirely unclear. Plaintiffs' motions involve very important issues concerning this case and include hundreds of pages of argument, declarations, and exhibits. Defendants wish the Court to be fully apprised of Defendants' positions as to these issues, and require adequate time to respond. Therefore, the hearings on these motions should be re-noticed in accordance with the local rules and set no sooner than April 27, 2020. Defendants will be prejudiced if they are unable to adequately respond to Plaintiffs' motions as a result of Plaintiffs' failure to follow the Local Rules. *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

**Notice:** On March 25, 2020, Defendants' counsel notified Plaintiffs' counsel regarding Defendants' intent to file an *ex parte* application to re-notice the hearing dates for Plaintiffs' Emergency Preliminary Injunction and Class Certification Motions. Declaration of Lindsay M. Vick (Vick Decl.) ¶ 8. Plaintiffs' counsel

1

indicated that "Plaintiffs oppose the application given Plaintiffs' belief that the circumstances are exigent." *Id.*

Pursuant to L.R. 7-19.1, Defendants' counsel communicated the Rule 7-19.1 notice to Plaintiffs' counsel by email on March 25, 2020. Vick Decl. ¶ 8. Pursuant to L.R. 7-19, Defendants' counsel, Jared Davidson's address and contact information are as stated at Vick Decl. ¶ 9. This *ex parte* application is based on this Notice of *Ex Parte* Application, the attached memorandum in support, the attached declaration, and the record in this case. A proposed order is lodged herewith.

Dated: March 25, 2020
Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

WILLIAM C. PEACHEY
Director

JEFFREY S. ROBINS
Deputy Director

/s/ *Lindsay M. Vick*
LINDSAY M. VICK
Trial Attorney
United States Department of Justice
Office of Immigration Litigation
District Court Section

*/s/ Anna L. Dichter*
ANNA L. DICHTER
Trial Attorney
United States Department of Justice
Office of Immigration Litigation
District Court Section

*Attorneys for Defendants*

2

| | |
|---|---|
| 1 | **MEMORANDUM IN SUPPORT OF *EX PARTE* MOTION** |

2  Defendants hereby move to re-notice Plaintiffs' Emergency Preliminary Injunction and Class Certification Motions (ECF Nos. 81 and 83) for a hearing in accordance with the local rules.

Local Rule 6-1 provides that, with respect to the filing of a notice of motion and motion, "[t]he notice of motion shall be filed with the Clerk not later than twenty-eight (28) days before the date set for hearing." In addition, Local Rule 7-3 provides that the conference of counsel before filing any motion "shall take place at least seven (7) days prior to the filing of the motion."

On March 20, 2020, Plaintiffs first indicated their intention to seek "emergency relief" from the Court on behalf of medically vulnerable people and people with disabilities in ICE custody as a result of the threat posed by the COVID-19 pandemic. Vick Decl. ¶ 2. Soon thereafter on March 22, 2020, Plaintiffs informed Defendants that they intended to file motions seeking emergency relief and class certification. *Id.* at ¶ 3. At Plaintiffs' request, Defendants made themselves available the next day to meet and confer on Plaintiffs' motions. *Id.* at ¶ 4. In addition, acknowledging that none of the issues raised by Plaintiffs' motions were amenable to resolution without the Court's intervention, Defendants agreed to waive the seven day waiting requirement for Plaintiffs' class certification motion under Local Rule 7-3. *Id.* at ¶ 5. At no point during the conference of counsel did Plaintiffs notify Defendants that they intended to notice the hearings on their motions for the following week, in complete disregard of Local Rule 6-1. Furthermore, at no point did Plaintiffs indicate that they would not follow the local rules without notifying Defendants other than that they reserved the right to seek "emergency relief." *Id.* at ¶ 2. Plaintiffs, however, have neither sought emergency relief via an ex parte application for a temporary restraining order nor complied with the local rules governing the noticing of motions.

3

The timeframe in which a hearing on a motion should be set established by the local rules is reasonable, if not necessary, in this case particularly given the volume of Plaintiffs' filings. Together, Plaintiffs motions include hundreds of pages of argument on very important issues in this case as well as exhibits and declarations. Defendants require time to adequately respond to each of Plaintiffs' arguments, exhibits, and declarations. Moreover, because Plaintiffs' filings do not comply with the local rules, it is entirely unclear to Defendants when their response is due, given the improperly noticed hearing, which was noticed for just 6 days from today. Defendants wish the Court to be fully apprised of Defendants' positions as to these issues, and require adequate time to respond to each of Plaintiffs' arguments, declarations, and exhibits. Therefore, the hearings on these motions should be re-noticed in accordance with the local rules for no sooner than April 27, 2020. Defendants will be prejudiced if they are unable to adequately respond to Plaintiffs' motions as a result of Plaintiffs' failure to follow the Local Rules. *See Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

## CONCLUSION

For the foregoing reasons, the Court should grant Defendants' *ex parte* application to re-notice Plaintiffs' Emergency Preliminary Injunction and Class Certification Motions (ECF Nos. 81 and 83) for a hearing date in accordance with the local rules.

## **DECLARATION OF LINDSAY M. VICK**

I, Lindsay M. Vick, declare pursuant to 28 U.S.C. § 1746 that:

1. I am an attorney with the Office of Immigration Litigation, Civil Division, Department of Justice, Washington, D.C., and, in such capacity, have been assigned by the Department of Justice as lead counsel to the defense of this action. This Declaration is submitted in support of Defendants' *Ex Parte* Application to re-notice Plaintiffs' Emergency Preliminary Injunction and Class Certification Motions (ECF Nos. 81 and 83) for a hearing in accordance with the local rules.

2. On March 20, 2020, Plaintiffs first indicated their intention to seek "emergency relief" from the Court on behalf of medically vulnerable people and people with disabilities in ICE custody as a result of the threat posed by the COVID-19 pandemic.

3. Soon thereafter, following further correspondence between the parties, on March 22, 2020, Plaintiffs informed Defendants that they intended to file motions seeking emergency relief and class certification.

4. The parties met and conferred on March 23, 2020. At the meet and confer, Plaintiffs indicated the type of motions they would file and the issues that they would address therein. Defendants indicated that none of the issues as described by Plaintiffs were amenable to resolution without court intervention and that they would oppose Plaintiffs' motions.

5. On March 24, 2020, after conferring with their clients, Defendants' counsel agreed, at the request of Plaintiffs' counsel, to waive the seven day waiting period after the conference of counsel under Local Rule 7-3.

6. On March 25, 2020, at 3:30 a.m. ET, Plaintiffs filed an Emergency Motion for Preliminary Injunction. Plaintiffs noticed this motion for a hearing six days later on March 31, 2020.

7. On March 25, 2020 at 1:59 p.m. ET, Plaintiffs filed an Emergency Motion to Certify Subclasses. Plaintiffs noticed this motion for a hearing six days later on March 31, 2020.

8. On March 25, 2020, I e-mailed Plaintiffs' counsel informing them that Defendants intended to file this *ex parte* application to re-notice Plaintiffs' Emergency Preliminary Injunction and Class Certification Motions for a hearing date in accordance with the local rules. I accurately informed Plaintiffs of the substance of the *ex parte* motion. Plaintiffs' counsel stated that "Plaintiffs oppose the application given Plaintiffs' belief that the circumstances are exigent."

9. Attached hereto as Exhibit 1 is a copy of the email exchanges between the parties.

9. Jared Davidson is counsel for Defendants and his contact information is:
Jared Davidson
Southern Poverty Law Center
201 St. Charles Avenue, Suite 2000
New Orleans, Louisiana 70170
504-526-1510
jared.davidson@splcenter.com

I declare under penalty of perjury that the foregoing is true and correct. Executed this 25th day of March, 2020, in the City of Washington, District of Columbia.

*/s/ Lindsay M. Vick*
LINDSAY M. VICK