Timothy P. Fox (CA Bar 157750)
*tfox@creeclaw.org*
Elizabeth Jordan*
*ejordan@creeclaw.org*
CIVIL RIGHTS EDUCATION AND
ENFORCEMENT CENTER
1245 E. Colfax Avenue, Suite 400
Denver, CO 80218
Tel: (303) 757-7901
Fax: (303) 872-9072

Lisa Graybill*
*lisa.graybill@splcenter.org*
Jared Davidson*
*jared.davidson@splcenter.org*
SOUTHERN POVERTY LAW
CENTER
201 St. Charles Avenue, Suite 2000
New Orleans, Louisiana 70170
Tel: (504) 486-8982
Fax: (504) 486-8947

Stuart Seaborn (CA Bar 198590)
*sseaborn@dralegal.org*
Melissa Riess (CA Bar 295959)
*mriess@dralegal.org*
DISABILITY RIGHTS ADVOCATES
2001 Center Street, 4th Floor
Berkeley, California 94704
Tel: (510) 665-8644
Fax: (510) 665-8511

Attorneys for Plaintiffs (continued on next page)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION – RIVERSIDE**

| | |
|---|---|
| FAOUR ABDALLAH FRAIHAT, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*, <br><br> Defendants. | Case No.: 19-cv-01546-JGB(SHKx) <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANTS' *EX PARTE* APPLICATION TO RENOTICE PLAINTIFFS' EMERGENCY MOTIONS FOR A LATER HEARING DATE** |

William F. Alderman (CA Bar 47381)
walderman@orrick.com
Jake Routhier (CA Bar 324452)
jrouthier@orrick.com
ORRICK, HERRINGTON &
SUTCLIFFE LLP
405 Howard Street
San Francisco, CA  94105
Tel:  (415) 773-5700
Fax: (415) 773-5759

Michael W. Johnson**
mjohnson1@willkie.com
Dania Bardavid**
dbardavid@willkie.com
Jessica Blanton**
jblanton@willkie.com
Joseph Bretschneider**
jbretschneider@willkie.com
WILLKIE FARR &
GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019
Tel:  (212) 728-8000
Fax: (212) 728-8111

Maia Fleischman*
maia.fleischman@splcenter.org
SOUTHERN POVERTY LAW
CENTER
2 South Biscayne Boulevard
Suite 3750
Miami, FL 33131
Tel:  (786) 347-2056
Fax: (786) 237-2949

Christina Brandt-Young*
cbrandt-young@dralegal.org
DISABILITY RIGHTS
ADVOCATES
655 Third Avenue, 14th Floor
New York, NY 10017
Tel:  (212) 644-8644
Fax: (212) 644-8636

Mark Mermelstein (CA Bar 208005)
mmermelstein@orrick.com
ORRICK, HERRINGTON &
SUTCLIFFE LLP
777 South Figueroa Street
Suite 3200
Los Angeles, CA 90017
Tel:  (213) 629-2020
Fax: (213) 612-2499

Leigh Coutoumanos**
lcoutoumanos@willkie.com
WILLKIE FARR &
GALLAGHER LLP
1875 K Street NW, Suite 100
Washington, DC 20006
Tel:  (202) 303-1000
Fax: (202) 303-2000

Shalini Goel Agarwal
(CA Bar 254540)
shalini.agarwal@splcenter.org
SOUTHERN POVERTY LAW
CENTER
106 East College Avenue
Suite 1010
Tallahassee, FL 32301
Tel:  (850) 521-3024
Fax: (850) 521-3001

Maria del Pilar Gonzalez Morales
(CA Bar 308550)
pgonzalez@creeclaw.org
CIVIL RIGHTS EDUCATION
AND ENFORCEMENT CENTER
1825 N. Vermont Avenue, #27916
Los Angeles, CA 90027
Tel:  (805) 813-8896
Fax: (303) 872-9072

Attorneys for Plaintiffs (continued from previous page)
*Admitted Pro Hac Vice; **Pro Hac Vice Application Forthcoming

Plaintiffs respectfully request that the Court deny Defendants' *ex parte* application to re-notice Plaintiffs' emergency motions for preliminary injunction and class certification to a later hearing date. ("Defs.' *Ex Parte* Appl.") ECF No. 85. The grounds for Plaintiffs' opposition are set forth below.

The COVID-19 pandemic poses an unprecedented and lethal threat to the lives of Plaintiffs and the putative subclass members. There can be no serious dispute that COVID-19 will infect people in immigration detention.[1] Indeed, there is already at least one documented COVID-19 case for a person detained by ICE,[2] and multiple ICE detention center staff have become infected.[3] These already documented cases are likely just the tip of the iceberg in terms of the number of positive cases given (i) COVID-19's long incubation period; (ii) that many people show few or no symptoms; and (iii) that ICE is not conducting large scale testing. At this crucial moment in stymying the disease's progression and mortality rates, the question therefore is not *if* or even *when* COVID-19 will infect people in ICE detention. Rather, the crucial question is: *How many medically vulnerable people will get sick, suffer complications, and ultimately die if ICE continues with its inadequate response*? An expedited hearing is necessary to ensure that Plaintiffs and other people with Risk Factors are immediately taken out of harm's way before they, too, fall victim to this deadly illness.

---

[1] Decl. of Homer Venters in Supp. of Mot. for Prelim. Inj. and Class Certification ("Venters Decl."), ECF No. 81-11 at ¶ 7 ("ICE will not be able to stop the entry of COVID-19 into ICE facilities, and the reality is that the infection is likely inside multiple facilities already.").

[2] Hamed Aleaziz, *An Ice Detainee Has Become the First to Test Positive for the Coronavirus*, BUZZFEED NEWS (Mar. 24, 2020, 3:36 P.M. EST), https://www.buzzfeednews.com/article/hamedaleaziz/immigrant-ice-detention-facility-coronavirus-test.

[3] Emily Kassie, *First ICE Emp. Tests Positive for Coronavirus*, THE MARSHALL PROJECT (Mar. 19, 8:15 PM), https://www.themarshallproject.org/2020/03/19/firstice-employee-tests-positive-for-coronavirus; Judy Stone, *Immigrant Detainees Are Sitting On A COVID-19 Time Bomb - First Infection Reported*, FORBES (Mar. 24, 2020), https://www.forbes.com/sites/judystone/2020/03/24/immigrant-detainees-are-sitting-on-a-covid-19-time-bombfirst-infection-reported/#42029c953af2,

As detailed in Plaintiffs' Emergency Motion for Preliminary Injunction and the substantial evidence in support thereof, COVID-19 will rapidly spread throughout ICE detention centers for a number of reasons, including: the inability to conduct social distancing in congregate settings, the frequent movement of staff and newly detained peopled into facilities, and the lack of access to medical staff to stop the spread.[4] Plaintiffs and similarly situated people with Risk-Factors will be especially vulnerable to sickness, serious complications, and death from COVID-19.[5]

Further, substantial evidence shows that ICE's response to the COVID-19 pandemic—especially as it relates to medically vulnerable people—has been dangerously inadequate, which exponentially magnifies the high risks of COVID-19 inherent in the detention setting. As Dr. Venters's report details, ICE's response to COVID-19 has serious and dangerous defects including: failures to screen medically vulnerable people and implement corresponding precautions; inadequate screening mechanisms; inadequate infection control procedures; inadequate guidance to clinicians on when to test and hospitalize; failure to account for infection surge and corresponding impact on preexisting inadequacies of facility, equipment, and staffing capabilities; failures to consider the medical necessity of release; amongst other defects.[6] The substantial risk of harm stemming from these defects will be exacerbated by ICE's pre-existing inadequate healthcare system and long-entrenched failures to conduct meaningful oversight of medical care.[7] In sum,

---

[4] *See* Pls.' Mem. in Supp. of Emergency Mot. for Prelim. Inj. ("Memo in Support of P.I."), ECF No. 81-1 at 5-6; *see also, e.g.,* Venters Decl. ¶ 8; Letter from Dr. Scott Allen and Dr. Josiah Rich to Congressman Bennie Thompson et al. (Mar. 19, 2020), Ex. E to ECF No. 83-4 at 3-4; Decl. of Jaimie Meyer in Supp. of Mot. for Prelim. Inj. and Class Certification, ECF No. 81-8 ¶¶ 7-19.
[5] Memo in Support of P.I. at 6-7.
[6] Venters Decl. at ¶¶ 21-22; Memo in Support of P.I. at 10.
[7] Memo in Support of P.I. at 6-7.

absent immediate emergency relief, Plaintiffs and other medically vulnerable people will almost certainly get sick, suffer complications, and die.

Defendants are simply wrong that this Court must mechanically follow the schedule specified in Local Rule 6-1. Courts have broad discretion in the application of the Local Rules. *Threshold Media Corp. v. Relatively Media, LLC*, CV 10-09318 DMG (AJWx), 2013 WL 12331550, *1 (C.D. Cal. Mar. 19, 2013). Accordingly, courts routinely expedite hearings on motions for preliminary injunctions. *See, e.g., Green Island Produce, Inc. v. Azusa Supermarket, Inc.*, No. CV 18-2196-DMG, 2018 WL 1942553 (C.D. Cal. Mar. 16, 2018).

Further, nowhere in Defendants' motion do they dispute that the issues underlying Plaintiffs' motions are urgent from a medical and public health perspective. Nor could they. Instead, Defendants merely contend that they need additional time to respond "given the volume of Plaintiffs' filings."[8] But Defendants' alleged need for additional time to respond pales in comparison to the urgent and immediate needs of medically vulnerable people to be taken out of harm's way before they are infected with and potentially killed by COVID-19.

Defendants also ignore that, if a hearing is delayed by 28 days, then infection and mortality numbers will exponentially increase with each day of delay. At the time Plaintiffs filed their motions, approximately 46,000 people had been infected with and 600 people had died from COVID-19 in the United States.[9] Just two days later, there are now over 75,000 confirmed cases and over 1000 deaths in the United States.[10] As these startling statistics lay bare, each day that passes before a hearing exponentially increases the likelihood that Plaintiffs and

---

[8] Defs.' *Ex Parte* Appl., ECF No. 85 at 4.
[9] Memo in Support of P.I. at 6.
[10] *Coronavirus COVID-19 Global Cases by the Ctr. for Sys. Sci. and Eng'g (CSSE) at John Hopkins Univ.*, JOHN HOPKINS UNIV. & MED. (Mar. 24, 2020), https://coronavirus.jhu.edu/map.html

*Fraihat, et al., v. ICE, et al.*, Case No. 19-cv-01546-JGB(SHKx)                               3
Pls.' Opp. to Defs.' *Ex Parte* Appl. To Renotice Pls.' Emergency Mots. For a Later Hearing Date

other medically vulnerable will be infected without adequate and medically necessary safeguards.

For these reasons, Plaintiffs respectfully request that the Court deny Defendants' *ex parte* application and allow an immediate hearing on Plaintiffs' emergency motions.

DATED: March 26, 2020

Respectfully Submitted,

| | |
|---|---|
| /s/ Jared Davidson_____ | /s/ William F. Alderman__ |
| Jared Davidson | William F. Alderman |
| Lisa Graybill | Mark Mermelstein |
| Shalini Goel Agarwal | Jake Routhier |
| Maia Fleischman | ORRICK, HERRINGTON & |
| SOUTHERN POVERTY LAW CENTER | SUTCLIFFE LLP |
| | /s/ Michael W. Johnson____ |
| /s/ Timothy P. Fox_____ | Michael W. Johnson |
| Timothy P. Fox | Dania Bardavid |
| Elizabeth Jordan | Leigh Coutoumanos |
| Maria del Pilar Gonzalez Morales | Jessica Blanton |
| CIVIL RIGHTS EDUCATION AND ENFORCEMENT CENTER | Joseph Bretschneider |
| | WILLKIE FARR & GALLAGHER LLP |
| /s/ Stuart Seaborn_____ | |
| Stuart Seaborn | |
| Christina Brandt-Young | |
| Melissa Riess | |
| DISABILITY RIGHTS ADVOCATES | |

Attorneys for Plaintiff