UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 19-1546 JGB (SHKx)** | Date | March 26, 2020 |
|---|---|---|---|
| Title | *Faour Abdallah Fraihat, et al. v. U.S. Immigration and Customs Enforcement, et al.* | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) GRANTING Plaintiffs' Motion for Leave to File Emergency Motion for Provisional Class Certification (Dkt. No. 80); and (2) GRANTING IN PART AND DENYING IN PART Defendants' Ex Parte Application to Re-Notice (Dkt. No. 85)   (IN CHAMBERS)

     Before the Court is Plaintiffs' unopposed motion for leave to file an emergency motion for provisional class certification with waiver of Local Rule 7-3, filed on Wednesday March 25, 2020. ("Motion for Leave," Dkt. No. 80.)  On the same day, Plaintiffs filed: (1) the motion for class certification, ("Class Certification Motion," Dkt. No. 83), which notices a hearing for six days later, on March 31, 2020, and (2) an emergency motion for preliminary injunction, which also notices a March 31, 2020 hearing, ("PI Motion," Dkt. No. 81.)  Later that day, Defendants responded with an ex parte application to re-notice the hearing dates to April 27, 2020. ("Application," Dkt. No. 85.)

     The Motion for Leave notes that Plaintiffs emailed Defendants' Counsel on March 20 and 23, 2020, to inform them of concerns regarding Immigration and Custom Enforcement's response to the COVID-19 pandemic and their intention to file an emergency motion for class certification and preliminary injunction.  (Mot. Leave at 3; "Solomov Declaration," Dkt. No. 81-3, Ex. A.)  Plaintiffs represent that a meet and confer occurred on March 23, 2020, and that Defendants do not object to waiving the 7-day waiting period under Local Rule 7-3.  (Id. at 3-4.)  The email exchange Plaintiffs reference, however, does not reflect that Defendants agreed to the expedited hearing date of March 31, 2020.  (Solomov Decl., Ex. A; Application at 3.)

There is no TRO associated with the PI Motion. In these circumstances, the presumption in the Local Rules is that the notice of motion should not be filed later than 28 days before the date set for hearing. L.R. 6-1, 65-1. As a result, the Court treats the Motion for Leave and the associated PI and Class Certification Motions as including an ex parte application for expedited hearing.[1] Defendants oppose the request to expedite, and ask that the Court re-notice the Class Certification and PI Motions no fewer than 28 days from now, pursuant to the Local Rules. (Application at 4; L.R. 6-1.)

The law on ex parte relief is well-settled in this district. First, the moving party must establish their cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures. <u>Mission Power Eng'g Co. v. Continental Cas. Co.</u>, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Second, the moving party must also establish that they are without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect. <u>Id.</u> Due to the grave risk of harm to the putative class posed by COVID-19 and the fact that it is a global health crisis not of Plaintiff's own making, the Court finds Plaintiffs have established prejudice and lack of fault, and that an expedited briefing schedule is warranted.

Accordingly, the Court GRANTS the Motion for Leave, and accepts as filed the PI and Class Certification Motions. The Court GRANTS IN PART AND DENIES IN PART Defendants' Application, and RE-NOTICES the hearing on the Motions for **April 13, 2020 at 9:00 a.m.** Defendants' oppositions to the Motions, if any, are due on or before **April 3, 2020**, and Plaintiffs' replies, if any, are due on or before **April 9, 2020**.

**IT IS SO ORDERED.**

---

[1] Plaintiffs did not properly designate what was in effect an ex parte application for expedited hearing, and did not include a separate section addressing why regular noticed motion procedures must be bypassed. <u>Mission Power Eng'g Co. v. Cont'l Cas. Co.</u>, 883 F. Supp. 488 (C.D. Cal. 1995).