LISA PENSABENE (*pro hac vice* to be filed)
lpensabene@omm.com
O'MELVENY & MYERS LLP
7 Times Square
New York, New York 10036
Telephone:   (212) 326-2000
Facsimile:    (212) 326-2061

STEPHEN J. MCINTYRE (S.B. #274481)
smcintyre@omm.com
MARISSA ROY (S.B. #318773)
mroy@omm.com
KEVIN KRAFT (S.B. #318170)
kkraft@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California  90071
Telephone:   (213) 430-6000
Facsimile:    (213) 430-6407

Attorneys for *Amici Curiae*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## EASTERN DIVISION — RIVERSIDE

| | |
|---|---|
| FAOUR ABDALLAH FRAIHAT, et al., | Case No. 5:19-cv-01546-JBG (SHKx) |
| Plaintiffs, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF:** |
| v. | |
| U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et al., | **MOTION FOR LEAVE TO FILE BRIEF OF *AMICI CURIAE* CASA DE PAZ, CHURCH WORLD SERVICE – JERSEY CITY, CLERGY & LAITY UNITED FOR ECONOMIC JUSTICE, DETENTION WATCH NETWORK, EL REFUGIO, FIRST FRIENDS OF NEW JERSEY & NEW YORK, AND FREEDOM FOR IMMIGRANTS IN SUPPORT OF PLAINTIFFS' EMERGENCY MOTION FOR PRELIMINARY INJUNCTION** |
| Defendants. | |
| | **Before The Honorable Jesus G. Bernal** |
| | **Hearing Date:** May 11, 2020 |
| | **Hearing Time:** 9:00 AM |

## I.  INTRODUCTION

*Amici curiae* Casa de Paz, Church World Service – Jersey City, Clergy & Laity United for Economic Justice, Detention Watch Network, El Refugio, First Friends of New Jersey & New York, and Freedom for Immigrants (collectively, "*amici*") are public-interest organizations that provide services to, and advocate on behalf of, immigrants who have been detained by U.S. Immigrations & Customs Enforcement ("ICE").  *Amici* respectfully move for leave to file the brief enclosed herewith as **Exhibit A**.  As experts in the field of immigration detention and as front-line responders when immigrants are released from ICE detention, *amici* offer a unique perspective that will assist this Court in deciding the merits of Plaintiffs' Emergency Motion for Preliminary Injunction (the "PI Motion").  Dkt. 81.

## II.  LEGAL STANDARD

The Court has "'broad discretion to appoint amici curiae.'"  *Duronslet v. Cty. of L.A.*, No. 2:16-cv-08993-ODW (PLAx), 2017 WL 5643144, at *1 (C.D. Cal. Jan. 23, 2017) (quoting *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995)).  There are "'no strict prerequisites'" for participation as *amicus curiae*; the submission need only be "'useful to or otherwise desirable to the court.'"  *Id.* (quoting *In re Roxford Foods Litig.*, 790 F. Supp. 987, 997 (E.D. Cal. 1991)).  Courts in this Circuit "'exercise[] great liberality' in permitting amicus briefs."  *Becerra v. U.S. Dep't of Interior*, 381 F. Supp. 3d 1153, 1164 (N.D. Cal. 2019) (quoting *Woodfin Suite Hotels, LLC v. City of Emeryville*, No. C 06-1254 SBA, 2007 WL 81911, at *3 (N.D. Cal. Jan. 9, 2017)); *see Duronslet*, 2017 WL 5643144, at *1 ("[T]his Court finds it 'preferable to err on the side of' permitting such briefs.") (quoting *Neonatology Assocs., P.A. v. CIR*, 293 F.3d 123, 133 (3d Cir. 2002)).[1]

---

[1] *See, e.g.*, *Stockman v. Trump*, No. 5:17-cv-01799-JGB (KKx) (C.D. Cal. Nov. 9, 2017), ECF Nos. 56–59 (orders granting leave to several *amici curiae* to file briefs in connection with plaintiffs' motion for preliminary injunction).

MEM. IN SUPPORT OF
MOTION FOR LEAVE
NO. 5:19-CV-01546-JBG (SHKx)

### III. ARGUMENT

The Court should grant *amici*'s motion for leave to file the enclosed *amici curiae* brief. As public-interest organizations that (1) advocate for the rights of detained immigrants and (2) provide services to individuals who are released from ICE detention, *amici* offer "unique information or perspective that can help the court" beyond that offered by the parties. *Duronslet*, 2017 WL 5643144, at *1 (quoting *Cmty. Ass'n for Restoration of Env't v. DeRuyter Bros. Dairy*, 54 F. Supp. 2d 974, 975 (E.D. Wash. 1999)). Not only do *amici* possess expertise on conditions in ICE detention,[2] several are directly engaged in settling immigrants with loved ones after release from ICE custody and ensuring that these individuals are safely integrated into their communities.[3] Operating on the front lines, *amici* offer invaluable insight on whether releasing people at high risk of COVID-19 infection will serve to protect individuals and communities, stem the tide of the pandemic, or otherwise serve the public interest.

---

[2] *See, e.g.*, Detention Watch Network, *Courting Catastrophe: How ICE is Gambling With Immigrant Lives Amid a Global Pandemic* (Mar. 2020), *available at* https://tinyurl.com/r6xqpuc; Freedom for Immigrants*, Persecuted in U.S. Detention: A National Report on Abuse Motivated By Hate* (2018), *available at* https://www.freedomforimmigrants.org/report-on-hate.

[3] *See, e.g.*, Andrea Dukakis, *When Detained Immigrants Are Released, Casa de Paz is Waiting to Lend a Hand*, Colo. Pub. Radio (July 6, 2018), https://www.cpr.org/show-segment/when-detained-immigrants-are-released-casa-de-paz-is-waiting-to-lend-a-hand; Episcopal Diocese of Newark, *Asylum Seekers Find Support Through "First Friends"*, https://dioceseofnewark.org/content/asylum-seekers-find-support-through-first-friends; Church World Service, *CWS Launches Call Center to Connect Asylum Seekers Released From Detention With Resources in Local Communities*, https://cwsglobal.org/cws-launches-call-center-to-connect-asylum-seekers-released-from-detention-with-resources-in-local-communities; El Refugio, *El Refugio to Launch Post-Release Program*, https://www.elrefugiostewart.org/el-refugio-to-launch-post-release-program-march-2; CLUE Justice, *Immigrant Workers and Families*, https://www.cluejustice.org/immigrant_workers.

*Amici*'s proposed brief will also aid this Court in resolving Plaintiffs' PI Motion.  *See California v. U.S. Dep't of Labor*, No. 2:13-CV-02069-KJM-DAD, 2014 WL 12691095, at *1 (E.D. Cal. Jan. 14, 2014) ("The touchstone is whether the amicus is 'helpful.'") (quoting *Hoptowit*, 682 F.2d at 1260).  For instance, the Government suggests that it would be "disruptive" to release many high-risk individuals "back into the general public," and intimates that immigrants' "dangerousness and flight risk" militate against ordering their release.  Defs.' Opp. to Pls.' PI Mot. at 31, Dkt. 95.  Because *amici* have firsthand knowledge of what happens when immigrants are released from ICE detention—including where individuals go, what resources are available to them, why they will honor court dates, and how they (and their surrounding communities) will be protected against COVID-19 and other threats—*amici* can speak directly to the Government's contentions and purported concerns.[4]

*Amici*'s experience and expertise in this area, as reflected in their proposed brief, will aid the Court in deciding the PI Motion.[5]

---

[4] In refusing to consent to the filing of *amici*'s proposed brief, the Government asserted that "the local rules provide no authority or briefing schedule for the filing of amicus papers."  But as shown, the Court has "broad discretion" to allow *amicus* briefs, *Hoptowit*, 682 F.2d at 1260, and there are "no strict prerequisites" for participation as *amicus curiae*, *Duronslet*, 2017 WL 5643144, at *1 (quotation omitted).  The Government also said the filing would be "late," as "Defendants would not have an opportunity to respond."  By their own admission, however, the Local Rules do not impose any specific "briefing schedule" or deadlines for *amicus* filings.  In any event, Defendants will have an opportunity to address any points raised in *amici*'s brief at the April 13, 2020 hearing.  *See Humphries v. L.A. Cty.*, No. SACV 03-697 JVS (MANx), 2012 WL 13014632, at *8 n.20 (C.D. Cal. Oct. 17, 2012) (denying plaintiffs' request to respond in writing to *amicus* brief where plaintiffs "were given an opportunity to respond to [*amicus'*] arguments at the hearing").  *Amici* filed as quickly as they were able to under the circumstances.

[5] *See Pakootas v. Teck Comico Metals, Inc.*, No. CV-04-256-LRS, 2011 WL 13238552, at *2 (E.D. Wash. Aug. 25, 2011) (permitting *amici* filings that were "helpful in resolving [a] dispute" in the case); *In re Cty. of Orange*, 31 F. Supp. 2d

## IV.   CONCLUSION

Because *amici* offer unique information and perspective that will assist the Court in deciding Plaintiffs' PI Motion, the Court should grant their motion for leave to file the *amici curiae* brief enclosed as **Exhibit A**.


Dated:  April 9, 2020                    Respectfully submitted,


By:   */s/ Stephen J. McIntyre*
        Stephen J. McIntyre

Lisa Pensabene (*pro hac vice* to be filed)
lpensabene@omm.com
O'MELVENY & MYERS LLP
7 Times Square
New York, New York 10036
Telephone:   (212) 326-2000
Facsimile:    (212) 326-2061

Stephen J. McIntyre (S.B. #274481)
smcintyre@omm.com
Marissa Roy (S.B. #318773)
mroy@omm.com
Kevin Kraft (S.B. #318170)
kkraft@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California  90071
Telephone:   (213) 430-6000
Facsimile:    (213) 430-6407

Attorneys for *Amici Curiae*

---

768, 771 n.1 (C.D. Cal. 1998) (relying on "several helpful *amicus* briefs" in deciding motion for summary adjudication).