Timothy P. Fox (CA Bar 157750)
*tfox@creeclaw.org*
Elizabeth Jordan*
*ejordan@creeclaw.org*
CIVIL RIGHTS EDUCATION AND
ENFORCEMENT CENTER
1245 E. Colfax Avenue, Suite 400
Denver, CO 80218
Tel: (303) 757-7901
Fax: (303) 872-9072

Lisa Graybill*
*lisa.graybill@splcenter.org*
Jared Davidson*
*jared.davidson@splcenter.org*
SOUTHERN POVERTY LAW
CENTER
201 St. Charles Avenue, Suite 2000
New Orleans, Louisiana 70170
Tel: (504) 486-8982
Fax: (504) 486-8947

Stuart Seaborn (CA Bar 198590)
*sseaborn@dralegal.org*
Melissa Riess (CA Bar 295959)
*mriess@dralegal.org*
DISABILITY RIGHTS ADVOCATES
2001 Center Street, 4th Floor
Berkeley, California 94704
Tel: (510) 665-8644
Fax: (510) 665-8511

Attorneys for Plaintiffs (continued on next page)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION – RIVERSIDE**

| | |
|---|---|
| FAOUR ABDALLAH FRAIHAT, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*,<br><br>Defendants. | Case No.: 19-cv-01546-JGB(SHKx)<br><br>**Plaintiffs' *Ex Parte* Application for Order Requiring Issuance of Notice to Class Members of the Preliminary Injunction Order, and to Obtain Information and Documents from Defendants Necessary to Monitor Compliance with that Order** |

<mark>

William F. Alderman (CA Bar 47381)
*walderman@orrick.com*
Jake Routhier (CA Bar 324452)
*jrouthier@orrick.com*
ORRICK, HERRINGTON &
SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105
Tel: (415) 773-5700
Fax: (415) 773-5759

Michael W. Johnson**
*mjohnson1@willkie.com*
Dania Bardavid**
*dbardavid@willkie.com*
Jessica Blanton**
*jblanton@willkie.com*
Joseph Bretschneider**
*jbretschneider@willkie.com*
WILLKIE FARR &
GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019
Tel: (212) 728-8000
Fax: (212) 728-8111

Maia Fleischman*
*maia.fleischman@splcenter.org*
SOUTHERN POVERTY LAW
CENTER
2 South Biscayne Boulevard
Suite 3750
Miami, FL 33131
Tel: (786) 347-2056
Fax: (786) 237-2949

Christina Brandt-Young*
*cbrandt-young@dralegal.org*
DISABILITY RIGHTS
ADVOCATES
655 Third Avenue, 14th Floor
New York, NY 10017
Tel: (212) 644-8644
Fax: (212) 644-8636

Mark Mermelstein (CA Bar 208005)
*mmermelstein@orrick.com*
ORRICK, HERRINGTON &
SUTCLIFFE LLP
777 South Figueroa Street
Suite 3200
Los Angeles, CA 90017
Tel: (213) 629-2020
Fax: (213) 612-2499

Leigh Coutoumanos**
*lcoutoumanos@willkie.com*
WILLKIE FARR &
GALLAGHER LLP
1875 K Street NW, Suite 100
Washington, DC 20006
Tel: (202) 303-1000
Fax: (202) 303-2000

Shalini Goel Agarwal
(CA Bar 254540)
*shalini.agarwal@splcenter.org*
SOUTHERN POVERTY LAW
CENTER
106 East College Avenue
Suite 1010
Tallahassee, FL 32301
Tel: (850) 521-3024
Fax: (850) 521-3001

Maria del Pilar Gonzalez Morales
(CA Bar 308550)
*pgonzalez@creeclaw.org*
CIVIL RIGHTS EDUCATION
AND ENFORCEMENT CENTER
1825 N. Vermont Avenue, #27916
Los Angeles, CA 90027
Tel: (805) 813-8896
Fax: (303) 872-9072

Attorneys for Plaintiffs (continued from previous page)
*Admitted Pro Hac Vice
**Pro Hac Vice Application Forthcoming
</mark>

Pursuant to Local Rule 7-19, Plaintiffs hereby apply ex parte for an order requiring Defendants to: (1) issue notice to the class, in the manner described below, of the April 20 and 21, 2020 Orders Granting Plaintiffs' Motions for a Preliminary Injunction ("PI Order")[1] and Class Certification;[2] and (2) produce documents and information necessary to monitor Defendants' compliance with the Preliminary Injunction order.

Because the PI Order properly requires immediate action by the Defendants (for example, they must identify most detained individuals with risk factors within 10 days of the April 20 order (PI Order at 38)), and because the pandemic continues to exponentially spread in detention centers (there are currently almost 300 confirmed cases), Plaintiffs request that the normal briefing schedule for motions be expedited, and that the deadlines for Defendants' response be set at April 28, 2020, and for Plaintiffs reply be set at April 29, 2020.

**Plaintiffs' attempts to meet and confer with Defendants**: On April 22, 2020, Plaintiffs' counsel sent an email to Defendants' counsel requesting that the parties schedule a call for the afternoon of April 23 to meet and confer concerning production of information relevant to Defendants' compliance with the PI order, and provision of notice to the class. Although Defendants initially agreed to schedule the meet and confer call, later that day they stated that they were still reviewing some matters and would be in touch the next day. On the morning of April 23, Plaintiffs' counsel provided Defendants with the specific documents and information sought through this application, along with the specific notice to the class and proposed dissemination plan. Plaintiffs again requested a meet and confer call that afternoon. Defendants responded that they would not be prepared to meet

---

[1] Order (1) Granting Mots. to File Amicus Brs.; (2) Granting Pls.' Emergency Mot. to Certify Subclass; (3) Granting Pls.' Mot. for Prelim. Inj.; and Denying as Moot Pls.' Ex Parte Appl. to File Suppl., ECF No. 132.

[2] Order on Pls.' Emergency Mot. for Provisional Class Certification, ECF No. 133.

and confer that afternoon but would be back in touch shortly. Plaintiffs responded by stating that, in light of the urgency of these issues, they would need to hear back from Defendants by the morning of April 24, and the Defendants responded that that would not be possible.[3]

## I. NOTICE SHOULD BE ISSUED TO CLASS MEMBERS INFORMING THEM OF THE REQUIREMENTS OF THE PRELIMINARY INJUNCTION ORDER.

Pursuant to Federal Rule of Civil Procedure 23(c)(2)(A), Plaintiffs respectfully request that the Court order implementation of the Notice procedures described herein in order to ensure that all members of the certified subclasses receive notice of this Court's order. Defendants' control of access to Detention Facilities necessitates that Defendants be charged with implementing notice procedures to ensure class members have notice of the of the preliminary injunction and its obligations as soon as possible.

**Written Notice to Class Members.** Attached hereto as Exhibit A is a proposed written notice to class members. Plaintiffs request that the written notice also be translated into and provided in Spanish as well the three most-spoken languages at each facility. Interpreters must be provided to read the notice to anyone who speaks any other language. Defendants must provide means for communicating the notice to individuals with vision disabilities or who cannot read. Such means must include braille, large print, and audio announcements.

**Posting of Written Notice.** The written notice shall be provided and prominently displayed in each dormitory, all common areas, law library, reception area, and be hand-provided to individuals in any isolation/segregation/solitary/quarantine unit, including but not limited to those in medical isolation.

---

[3] Decl. of Timothy P. Fox in Supp. of Pls.' Ex Parte Appl. for Order Requiring Issuance of Notice to Class Members of the Prelim. Inj. Order, and to Obtain Info. and Docs. from Defs. Necessary to Monitor Compliance with that Order.

**Written Notice Provided at Intake.** A copy of the written notice shall be provided to each individual upon intake and communicated to the detained person in their language.

**Written Notice Read at Legal Orientation Program ("LOP") presentations.** Each facility with an LOP shall ensure that the LOP presentations cover the written notice in their presentations.

**Copies of Court Orders in Law Library.** Each facility shall maintain a minimum of five copies of the Court's April 20 and April 21 orders in the Law Library.

**Requirement that Defendants Facilitate Toll-Free Method to Confidentially Contact Class Counsel.** Class members require a method to contact Class Counsel confidentially in order to discuss their rights under the Court's orders ("Hotline"). Because Defendants control the mechanisms for facilitating confidential calls by detained persons, Plaintiffs respectfully request that the Court order Defendants to immediately confer with Plaintiffs and negotiate a method for Class members to be able to contact Plaintiffs via telephone confidentially and free of charge. Plaintiffs further respectfully request that the Hotline be functionable by May 3, 2020. Plaintiffs further respectfully request that the Class Member Notice be amended to reflect the Hotline number and that Defendants not impede Plaintiffs' ability to provide instructions to Class Members for calling the Hotline.

## II. DEFENDANTS SHOULD BE REQUIRED TO PRODUCE INFORMATION AND DOCUMENTS NECESSARY TO MONITOR COMPLIANCE WITH THE PRELIMINARY INJUNCTION ORDER.

Attached as Exhibit B is a list of eight categories (with subparts) of information and documents, together with a production schedule, which are necessary to monitor Defendants' compliance with the Preliminary Injunction order.

This Court has the "inherent authority to monitor and enforce its prior orders,"[4] and courts frequently order defendants to produce information and documents relevant to assessing whether they are in compliance with preliminary injunctions. *See, e.g., Aguayo v. S. Coast Refuse Corp.,* No. CV 02-6258 AHM JTLX, 2002 WL 34705394, at *3 (C.D. Cal. Oct. 10, 2002) (requiring the defendant to make available extensive documentation, in part to monitor the respondents' compliance with the terms of a preliminary injunction order); *United States v. Stoll*, No. C05-0262 RSM, 2005 WL 1763612, at *8 (W.D. Wash. Apr. 26, 2005) ("The United States shall be permitted to engage in post-injunction discovery to monitor defendants' compliance with this and any other order entered by this Court.").

Here, each of the categories of information and documents listed in Exhibit B is necessary to monitor compliance with specific requirements of the Preliminary Injunction order:

Request 1: This request seeks basic information – a list of the facilities in which people detained by ICE are held and related information – necessary to monitor the order;

Request 2: This request seeks information and documents showing that ICE has informed all field office directors of the requirements of the Preliminary Injunction order, and the substance of those communications, which is directly relevant to this Court's requirement that "Defendants shall provide ICE Field Office Directors with the Risk Factors" and shall monitor and enforce compliance with the Pandemic Response Requirements and the Performance Standard. PI Order at 38-39.

Request 3, 4 & 6: These requests seek information and documents directly

---

[4] *Abdi v. McAleenan*, No. 1:17-CV-00721 EAW, 2019 WL 1915306, at *3 (W.D.N.Y. Apr. 30, 2019).

relevant to this Court's order that defendants shall "identify and track all ICE detainees with Risk Factors," and shall "provide necessary training to any staff tasked with identifying detainees with Risk Factors." *Id.* at 38.

Request 5: This request seeks information and documents directly relevant to this Court's order that defendants shall make "timely custody determinations for detainees with Risk Factors." *Id.*

Request 7: This request seeks documents and information directly relevant to this Court's order that Defendants shall "promptly issue a performance standard or a supplement to their Pandemic Response Requirements" defining the "minimal acceptable detention conditions for detainees with Risk Factors." *Id.*

Request 8: This request seeks documents and information directly relevant to this Court's order that Defendants shall "monitor and enforce facility-wide compliance with the Pandemic Response Requirements and the Performance Standard." *Id.* at 39.

## III.  CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that this *ex parte* application be granted.

DATED: April 24, 2020

Respectfully submitted,

/s/ Jared Davidson_____                           /s/ Timothy P. Fox_____
Jared Davidson                                                 Timothy P. Fox
Lisa Graybill                                                       Elizabeth Jordan
Shalini Goel Agarwal                                       Maria del Pilar Gonzalez Morales
Maia Fleischman                                              CIVIL RIGHTS EDUCATION AND
SOUTHERN POVERTY LAW                            ENFORCEMENT CENTER
CENTER

<9>

| | |
|---|---|
| /s/ Stuart Seaborn<br>Stuart Seaborn<br>Christina Brandt-Young<br>Melissa Riess<br>DISABILITY RIGHTS ADVOCATES | /s/ William F. Alderman<br>William F. Alderman<br>Mark Mermelstein<br>Jake Routhier<br>ORRICK, HERRINGTON & SUTCLIFFE LLP |
| | /s/ Michael W. Johnson<br>Michael W. Johnson<br>Dania Bardavid<br>Leigh Coutoumanos<br>Jessica Blanton<br>Joseph Bretschneider<br>WILLKIE FARR & GALLAGHER LLP |

Attorneys for Plaintiffs

# Exhibit A

## NOTICE OF COURT ORDER REQUIRING CUSTODY RE-DETERMINATIONS OF INDIVIDUALS WITH RISK FACTORS FOR COVID-19

**IF YOU ARE**

- **OVER THE AGE OF 55**
- **PREGNANT**
- **HAVE MEDICAL OR MENTAL HEALTH ISSUES OR A DISABILITY THAT PLACES YOU AT RISK OF COVID-19**

**THEN ICE MUST REVIEW WHETHER IT CAN CONTINUE DETAINING YOU.**

On April 20, 2020, a federal court approved a "class action" in a lawsuit called *Fraihat v. ICE*, which challenges medical conditions in ICE detention facilities. A class action is a law suit brought on behalf of a group of people. You are part of this "class" if you have one of the following Risk Factors which puts you at risk of harm from coronavirus/COVID-19:

| | |
|---|---|
| Being over the age of 55; | Kidney disease |
| Being pregnant; | Auto-immune diseases |
| Having chronic health conditions, including: cardiovascular disease (congestive heart failure, history of myocardial infarction or, history of cardiac surgery) | Chronic respiratory disease (asthma, chronic obstructive pulmonary disease including chronic bronchitis or emphysema, or other pulmonary diseases); |
| High blood pressure | Severe psychiatric illness |
| Liver disease | History of transplantation |
| Diabetes | HIV/AIDS |
| Cancer | |

If you have any of these Risk Factors above, then ICE **must** review whether it can continue to hold you in detention. This applies even if you have previously been denied parole, bond, or habeas. This also applies no matter your custody classification, even if you have previously been convicted of a crime that subjects you to mandatory detention.

The lawyers representing the class are working to make sure that ICE follows the court's April 20 order regarding its response to the COVID-19 pandemic, but will not be able to represent you in your immigration case. The law firms for the class are the Southern Poverty Law Center, Civil Rights Education & Enforcement Center, Disability Rights Advocates, Orrick Herrington & Sutcliffe LLP, and Willkie Farr & Gallagher LLP.

If you need additional information about the court's April 20 order or wish to provide additional information, please contact: To Be Provided Pursuant to Order that ICE Ensure Confidential Calling Method

## Exhibit B

1. A spreadsheet listing all facilities in which people detained by ICE are held ("Facilities"), the number of such people currently held at each Facility, which field office the Facility falls within, and the name and contact information of the field office director (including email and mailing address)

2. Documents showing that ICE has informed all field office directors of all of the steps required by the Preliminary Injunction order, and the substance and date of those communications. This includes any documents advising field office directors what the risk factors are, as well as any additional guidance as to risk factors and how to conduct custody assessments.

3. **Determination of whether Current Detainees have risk factors:** For people who, as of April 30, 2020, have been in ICE custody for at least five days ("Current Detainees"), we request the following information to be produced no later than May 4, 2020:

    A.     The number of Current Detainees for whom ICE has not yet determined whether they have one or more risk factors, the Facilities in which they are detained, the reasons why this determination has not yet occurred, and when that determination is expected to occur;

    B.     With respect to Current Detainees for whom ICE has made a determination as to whether they have one or more risk factors, and, on a weekly basis, those Current Detainees for whom such determination is made after April 30, 2020 (preferably in the form of an electronic spreadsheet):

    1.     The person or persons who made that determination;

    2.     The training, experience and/or background that made those people competent to make such determinations;

    3.     When the determinations were made;

    4.     A list with the names, countries of origin, A-numbers, dates of birth, Facility at which each is detained, and custody status of each person identified as having a risk factor, and the risk factor or factors they were determined to have.

    5.     For Current Detainees who claim to have a risk factor, but ICE finds otherwise, a spreadsheet listing the names, countries of origin,

A-numbers, dates of birth, Facility at which each is detained, custody status and claimed risk factor of each such person, and the basis for ICE's determination that the person did not have a risk factor.

4. **Determination of whether Future Detainees have risk factors:** For people who, as of April 30, 2020, have been in ICE custody for less than five days, or who are detained after April 30, 2020 ("Future Detainees"), we request the following information to be produced (preferably as an electronic spreadsheet) on a weekly basis beginning May 4, 2020:

    A.  The number of Future Detainees for whom ICE has not, within five days of their placement in detention, determined whether they have one or more risk factors, the Facilities in which they are detained, the reasons why this determination has not yet occurred, and when that determination is expected to occur;

    B.  With respect to Future Detainees for whom ICE has made a determination as to whether they have one or more risk factors:

        1.  The person or persons who made that determination;

        2.  The training, experience and/or background that made those people competent to make such determinations;

        3.  When the determinations were made;

        4.  The names, countries of origin, A-numbers, dates of birth, Facility at which each is detained, and custody status of each person identified as having a risk factor, and the risk factor or factors they were determined to have.

        5.  For Future Detainees who claim to have a risk factor, but ICE finds otherwise, the names, countries of origin, A-numbers, dates of birth, Facility at which each is detained, custody status and claimed risk factor of each such person, and the basis for ICE's determination that the person did not have a risk factor.

5. **Custody redeterminations.** On a weekly basis, beginning on May 4, 2020, for each Facility (preferably in the form of the spreadsheet):

    A.  The number of detained people determined to have one or more risk factors;

2

    B.    The name, country of origin, date of birth and A-Number, of each such person;

    C.    For each such person that has undergone a custody redetermination:

        1.    The result of that redetermination;

        2.    The identity and position of the person who made the redetermination;

        3.    Where ICE determines that the detained person will be released, when that release occurred, and any conditions placed on release (e.g. ankle monitor). If the person has not yet been released, when release is anticipated to occur.

        4.    Where ICE determines that the detained person will not be released, the specific basis for that determination, and the provision under the Immigration and Naturalization Act under which ICE alleges such person is detained.

    D.    For each person identified as having one or more risk factors that has not yet undergone a custody redetermination, when that determination will take place.

6. **Training.** By May 4, 2020, all materials related to training of people tasked with identifying detained people with risk factors, including timing of such trainings.

7. **Performance Standards.** By May 4, 2020, the following information and documents concerning the Performance Standards (as defined in the Preliminary Injunction order):

    A.    If Performance Standards have not been issued by May 4, 2020, the date that such Standards will be issued, as well as any drafts of those Standards.

    B.    To whom ICE is issuing the Standards.

    C.    Any training materials concerning the Standards.

    D.    Any additional guidance addressing implementation, or meaning, of the Standards.

8. **Monitoring and enforcement.** By May 4, 2020, and on a monthly basis thereafter:

A. The name, position and contact information (email and mailing address) of the people tasked with monitoring and ensuring compliance with the PRR and the Performance Standard, and for each, the Facilities for which he or she is responsible. This request extends to individuals at ICE central office or IHSC with oversight over the entire system or multiple Facilities.

B. Documents showing specifically how this will be accomplished, including whether each Facility will be subject to in-person inspections, how often, what forms or documents will be used in connection with this, and the consequences if a Facility is determined not to be in compliance with the PRR and the Performance Standard.

C. On an ongoing basis, documents that are generated from this process.