JOSEPH H. HUNT
Assistant Attorney General
U.S. Department of Justice
Civil Division
WILLIAM C. PEACHEY
Director
Office of Immigration Litigation
District Court Section
JEFFREY S. ROBINS
Deputy Director
LINDSAY M. VICK (MA 685569)
ANNA L. DICHTER (NJ 304442019)
Trial Attorneys
450 5th Street, N.W., Rm 5223
Washington, D.C. 20530
Telephone: (202) 532-4023
Facsimile: (202) 305-7000
lindsay.vick@usdoj.gov
anna.l.dichter@usdoj.gov

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAOUR ABDALLAH FRAIHAT, *et al.*, | Case No. 19-CV-01546-JGB(SHKx) |
| *Plaintiffs*, | **DEFENDANTS' OPPOSITION TO PLAINTIFFS' *EX PARTE* APPLICATION FOR ORDER REQUIRING ISSUANCE OF CLASS NOTICE, AND TO OBTAIN INFORMATION AND DOCUMENTS TO MONITOR COMPLIANCE WITH PRELIMINARY INJUNCTION [ECF NO. 136]** |
| v. | |
| U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*, | |
| *Defendants*. | |
| | **Before The Honorable Jesus G. Bernal** |
| | Hearing Date:  May 1, 2020 at 2:00 p.m. |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### I.   ARGUMENT

Defendants oppose Plaintiffs' *ex parte* application for issuance of notice to class members of the preliminary injunction order issued by this Court on April 20, 2020, and to obtain information and documents to monitor compliance with that order. *See* ECF No. 132, Order Granting Plaintiff's Motion for Preliminary Injunction ("PI Order"). In its PI Order, the Court did not order class notice, nor is class notice imperative or required in this Federal Rule of Civil Procedure 23(b)(2) class action. *See* Fed. R. Civ. Pro. 23(c)(2)(A). Furthermore, even if the Court finds that class notice is required, a lack of class notice at this time does not prejudice the class. With respect to Plaintiffs' request for compliance discovery, Plaintiffs have not shown that they are legally entitled to such discovery. Specifically, Plaintiffs have not raised significant questions or a serious concern regarding Defendants' compliance with the PI Order issued just five days prior to their discovery request. *See Cal. Dep't of Soc. Servs. v. Leavitt*, 523 F.3d 1025, 1034 (9th Cir. 2008). Indeed, given that Plaintiffs' discovery requests are not tied to noncompliance with the procedures in the PI Order themselves, the class-wide discovery that Plaintiffs seek—in the form of weekly reporting to begin May 4, 2020, of detainee risk factor assessments, custody redeterminations, as well as documentation of training, monitoring, and enforcement—is all the more premature and inappropriate.

### a.   The Court Did Not Order Class Notice in the Preliminary Injunction or Class Certification Order.

Certification notice is not required and thus within the Court's discretion for a Federal Rule 23(b)(2) class, such as the subclasses certified in this case. Fed. R. Civ. Pro. 23(c)(2)(A) ("For any class certified under Rule 23(b)(1) or (b)(2), the court *may* direct appropriate notice to the class.") (emphasis added); *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 362 (2011) ("The Rule provides no opportunity for (b)(1) or (b)(2) class members to opt out, and does not even oblige the District Court to afford them notice of the action."). Because of the mandatory nature of Rule 23(b)(2) class actions and the inability for class

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

members to opt out, the Advisory Committee's note to Rule 23's 2003 amendments provides that "[t]he authority to direct notice to class members in a (b)(1) or (b)(2) class action should be exercised with care." *See also Wyandotte Nation v. City of Kansas City, Kansas*, 214 F.R.D. 656, 664 (D. Kan. 2003) (in a Rule 23(b)(1) class action, just as in a Rule 23(b)(2) class action, "the more flexible notice provisions of Rule 23(d)(2) apply").

Here, class notice was not ordered and is not legally required. Issuance of class notice at this time serves little function because the class members cannot opt out of the class and there is no prejudice to class members if the Court does not order issuance of class notice. The Court has ordered Defendants to take action that will necessarily benefit all class members in U.S. Immigration and Customs Enforcement ("ICE") detention nationwide. *See* PI Order at 38-39. However, the procedures mandated by the PI Order do not give class members the opportunity to influence those procedures, aside from Defendants' consideration of detainees' willingness to be released during custody redeterminations. *See id.* at 38 ("Defendants shall make timely custody determinations for detainees with Risk Factors, per the latest Docket Review Guidance. In making their determinations, Defendants should consider the willingness of detainees with Risk Factors to be released, and offer information on post-release planning, which Plaintiffs may assist in providing"). As a result of Plaintiffs' request, ICE has assessed whether class notice would serve a purpose in this case. Conducting the process to issue class notice will place competing demands on the agency and impact how ICE goes about implementation of the PI Order. For example, since issuance of the PI Order, ICE has redirected its limited resources from mission operations to assessment and implementation of procedures mandated by the PI Order. Regardless of class notice, ICE is implementing procedures pursuant to the PI Order that benefit all class members. Thus, a lack of notice at this point does not prejudice any Rule 23(b)(2) subclass member where ICE is expected to act as to all of them and none can opt out.

### b. Plaintiffs Do Not Show Noncompliance With the PI Order Nor Have They Shown Significant Questions Regarding Compliance.

As part of the Court's inherent power to enforce its judgments, the Court may allow limited discovery into a party's compliance with a court order. *See Cal. Dep't of Soc. Servs.*, 523 F.3d at 1033 (citing cases). The standard for allowing such discovery requires that the party making such a request raise "significant questions" regarding noncompliance. *Id.* at 1034. In the discovery requests at issue here, Plaintiffs have not raised any issues regarding noncompliance, nor could they. Plaintiffs contacted Defendants to meet and confer on these premature discovery requests just two days after this Court's PI Order and served Defendants with them the next day. Pls.' *Ex Parte* Application, Declaration of Timothy Fox, Ex. A. (correspondence between counsel for the parties). The PI Order in this case orders Defendants to implement nationwide procedures for identifying and tracking high-risk detainees based on COVID-19 risk factors identified by Plaintiffs and accepted by the Court, which are broader than the COVID-19 risk factors identified by the Centers for Disease Control and Prevention. *See* PI Order at 21 n.20, 38-39. Further, the PI Order requires Defendants to conduct custody determinations in light of the expanded list of risk factors, provide training, supplement their Pandemic Response Requirements, and monitor and enforce compliance with these updated procedures. *Id.* at 38-39. Contrary to Plaintiffs' argument, the Court did not order "immediate" action or compliance, and Plaintiffs admit that the PI Order required Defendants to identify "most" detainees with risk factors within 10 days of the PI Order—not immediately. Pls.' *Ex Parte* Application 1.

Plaintiffs' citation to *Abdi v. McAleenan*, No. 1:17-CV-00721 EAW, 2019 WL 1915306, at *3 (W.D.N.Y. Apr. 30, 2019) for support for their argument that they have met the standard for discovery into compliance with a preliminary injunction is unavailing. In *Abdi*, the plaintiffs addressed specific instances of purported noncompliance with a preliminary injunction order entered over a year prior to their request. *See id.* at *1-3. Here, Plaintiffs have not raised any concerns, much less significant questions, about Defendants'

3

noncompliance with the PI Order just issued. Furthermore, Plaintiffs cite two district court cases, *Aguayo v. S. Coast Refuse Corp.,* No. CV 02-6258 AHM JTLX, 2002 WL 34705394, at \*3 (C.D. Cal. Oct. 10, 2002) and *United States v. Stoll*, No. C05-0262 RSM, 2005 WL 1763612, at \*8 (W.D. Wash. Apr. 26, 2005), for their argument that district courts may order discovery into compliance with a preliminary injunction order. However, those cases are inapposite. In each of those cases, the courts incorporated compliance discovery into the preliminary injunction order. Here, the Court did not include such discovery in the PI Order, and Plaintiffs have not met the standard to warrant compliance discovery at this time.

Not only do Plaintiffs fail to raise significant questions regarding Defendants' compliance with the PI Order during the ten days following the PI Order, Plaintiffs lack good cause for such early and intrusive discovery. "In the Ninth Circuit, courts use the 'good cause' standard to determine whether discovery should be allowed to proceed prior to a Rule 26(f) conference." *Rovio Entm't Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp. 2d 1086, 1099 (N.D. Cal. 2012). "Factors commonly considered in determining the reasonableness of expedited discovery include, but are not limited to: '(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made.'" *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1067 (C.D. Cal. 2009) (quoting *Disability Rights Council of Greater Wash. v. Wash. Metro. Area Transit Auth.*, 234 F.R.D. 4, 6 (D.D.C. 2006)); *see also Synopsys, Inc. v. AzurEngine Techs., Inc.*, 401 F. Supp. 3d 1068, 1076 (S.D. Cal. 2019). That a preliminary injunction order was issued should weigh against Plaintiffs' request for expedited discovery. Defendants are now subject to an injunction and a Rule 26(f) conference has not yet occurred. The parties have every incentive to move forward with the case and on to ordinary discovery. *See Synopsys, Inc.*, 401 F. Supp. 3d at 1076 (finding that the pending preliminary injunction factor weighed

against the requesting party where the other party was already subject to a preliminary injunction and had an incentive to move forward with the case). Furthermore, the purpose of Plaintiffs' requested discovery is to monitor Defendants' compliance. Here, Defendants have hardly been given time under the injunction to comply. To require Defendants to both comply with the implementation of a nationwide injunction while also responding to burdensome and intrusive discovery into compliance would unduly prejudice Defendants. In addition to conducting implementation of the PI Order, Defendants are assessing the PI Order and considering whether modification may be necessary due to the systemwide procedures that the PI Order requires.

Ultimately, the court's equitable remedial powers are not automatic or unbounded. *See Swann v. Charlotte-Mecklenberg Bd. of Ed.*, 402 U.S. 1, 15 (1971) ("Remedial judicial authority does not put judges automatically in the shoes of school authorities whose powers are plenary."). Courts have held that such power is available only where there is an overwhelming record of prolonged—and often undisputed—noncompliance with a court order. *Id.* ("Judicial authority enters only when local authority defaults."); *see also Armstrong v. Brown*, 857 F. Supp. 2d 919, 933 (N.D. Cal. 2012) ("Defendants do not dispute [] that Defendants' efforts to comply with . . . prior orders of this Court . . . have been wholly inadequate and ineffective on a system wide level . . . ."). Even where noncompliance is clear, the Court's power is limited to redressing the proven violation. *Swann*, 402 U.S. at 15 ("[T]he nature of the violation determines the scope of the remedy."). In *Swann*, a school board failed to submit any plan of implementation until nearly a year after the court order. *Id.* In *Armstrong*, 857 F. Supp. 2d at 937-38, the defendants admitted 15 years of systemic noncompliance with an injunction. Here, Defendants promptly began taking action to comply with the PI Order, and Plaintiffs do not show that there are any concerns regarding noncompliance at this premature stage. Accordingly, there is no record of noncompliance with the Court's injunction—and

5

1    Plaintiffs allege none—that warrants the Court imposing burdensome and expedited

2    discovery.

3    **II.    CONCLUSION**

4        The Court should deny Plaintiffs' *ex parte* application because Plaintiffs have not

5    demonstrated that they are legally entitled to the requested class notice and discovery and

6    such premature requests will prejudice Defendants.

7

8

9    DATED: April 28, 2020                    Respectfully Submitted,

10                                             JOSEPH H. HUNT

11                                             Assistant Attorney General
                                               WILLIAM C. PEACHEY
12                                             Director

13                                             JEFFREY S. ROBINS
                                               Deputy Director
14                                             ANNA DICHTER

15                                             Trial Attorney

16
                                               */s/ Lindsay M. Vick*
17                                             LINDSAY M. VICK

18                                             Trial Attorney
                                               United States Department of Justice
19                                             Civil Division

20                                             Office of Immigration Litigation
                                               Washington, D.C. 20044
21                                             Tel.: (202) 532-4023

22                                             Fax: (202) 305-7000
                                               Email: Lindsay.Vick@usdoj.gov
23

24                                             *Counsel for Defendants*

25

26

27

28

6