JOSEPH H. HUNT
Assistant Attorney General
U.S. Department of Justice
Civil Division
WILLIAM C. PEACHEY
Director
Office of Immigration Litigation
District Court Section
JEFFREY S. ROBINS
Deputy Director
LINDSAY M. VICK (MA 685569)
ANNA L. DICHTER (NJ 304442019)
Trial Attorneys
450 5th Street, N.W., Rm 5223
Washington, D.C. 20530
Telephone: (202) 532-4023
lindsay.vick@usdoj.gov

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FAOUR ABDALLAH FRAIHAT, *et al.*, | ) ) ) | Case No. 19-CV-01546-JGB(SHKx) |
| *Plaintiffs*, | ) ) ) ) | **DEFENDANTS' *EX PARTE* APPLICATION TO STRIKE PLAINTIFFS' NEW EVIDENCE SUBMITTED WITH** |
| v. | ) ) ) | **PLAINTIFFS' REPLY IN SUPPORT OF THEIR *EX PARTE*** |
| U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*, | ) ) ) | **APPLICATION FOR ORDER REQUIRING ISSUANCE OF CLASS NOTICE, AND FOR** |
| *Defendants*. | ) ) | **INFORMATION AND DOCUMENTS TO MONITOR COMPLIANCE WITH PRELIMINARY INJUNCTION** |
| | | |
| | | **MEMORANDUM OF POINTS AND AUTHORITIES DECLARATION OF LINDSAY M. VICK** |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### *EX PARTE* APPLICATION

Pursuant to Federal Rule of Civil procedure 12(f) and Local Rule 7-19, Defendants, by and through undersigned counsel, apply *ex parte* to strike the Declaration of Maia Fleischman ("Fleischman Declaration"), ECF No. 140-1, filed in support of Plaintiffs' Reply in Support of *Ex Parte* Application for Issuance of Notice to Class Members of the Preliminary Injunction Order, and to Obtain Information and Documents from Defendants Necessary to Monitor Compliance with that Order ("*Ex Parte* Reply") (ECF No. 140). Defendants also apply *ex parte* to strike Plaintiffs' submission of new legal arguments and evidence within their *Ex Parte* Reply. *See id.*

Defendants submit that good cause exists to grant the relief requested herein. As outlined in the attached memorandum and declaration, the new declaration and related arguments, filed in support of Plaintiffs' *Ex Parte* Reply, recast the relief that Plaintiffs seek, present new evidence, and presents new arguments on these points. The Court should not consider this new evidence and related legal arguments.

Regularly-noticed motion practice cannot accommodate Respondents' requested relief because the parties are scheduled to present oral argument on Plaintiffs' *Ex Parte* Application tomorrow. Therefore, Defendants submit this *ex parte* application seeking relief from this Court. *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995) (the first part of an *ex parte* motion should address "why the regularly noticed motion procedures must be bypassed.").

Respondents' counsel gave the Rule 7-19.1 notice to Plaintiffs' counsel by email on April 30, 2020. Declaration of Lindsay M. Vick ("Vick Decl.") ¶ 3. Plaintiffs' counsel stated that they opposed and intend to file a response. Pursuant to L.R. 7-19, Mr. Fox's address and contact information are as stated at Vick Decl. ¶ 4. This ex parte application is based on this Notice of *Ex Parte* Application, the attached memorandum of points and authorities, the attached declarations, and the record in this case. A proposed order is lodged herewith.

DATED: April 30, 2020                    Respectfully Submitted,

                                         JOSEPH H. HUNT
                                         Assistant Attorney General
                                         WILLIAM C. PEACHEY
                                         Director
                                         JEFFREY S. ROBINS
                                         Deputy Director
                                         ANNA DICHTER
                                         Trial Attorney

                                         */s/ Lindsay M. Vick*
                                         LINDSAY M. VICK
                                         Trial Attorney
                                         United States Department of Justice
                                         Civil Division
                                         Office of Immigration Litigation
                                         Washington, D.C. 20044
                                         Tel.: (202) 532-4023
                                         Fax: (202) 305-7000
                                         Email: Lindsay.Vick@usdoj.gov

                                         *Counsel for Defendants*

**MEMORANDUM IN SUPPORT OF *EX PARTE* MOTION**

First, pursuant to Federal Rule of Civil procedure 12(f) and Local Rule 7-19, Defendants, by and through undersigned counsel, apply *ex parte* to strike the Declaration of Maia Fleischman ("Fleischman Declaration"), ECF No. 140-1, filed in support of Plaintiffs' Reply in Support of *Ex Parte* Application for Issuance of Notice to Class Members of the Preliminary Injunction Order, and to Obtain Information and Documents from Defendants Necessary to Monitor Compliance with that Order ("*Ex Parte* Reply") (ECF No. 140). Defendants also apply *ex parte* to strike Plaintiffs' submission of new legal arguments and evidence within their *Ex Parte* Reply. *See id.*

Federal Rule of Civil Procedure 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." In doing so, "the court may act on its own" or "on motion made by a party [] before responding to the pleading . . . ." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . ." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994). The Court should strike Plaintiffs' new declarations, new evidence, and new arguments in their *Ex Parte* Reply—to which Defendants have had no opportunity respond.

A court need not consider new facts or new arguments raised for the first time in a reply brief. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."); *United States ex rel. Giles v. Sardie*, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000) ("It is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers."); *In re China Intelligent Lighting & Elec., Inc. Sec. Litig.*, No. CV 11-2768 PSG SSX, 2012 WL 3834815, at *4 n.5 (C.D. Cal. Sept. 5, 2012) ("The Court will not address new arguments raised for the first time in a reply brief."). Indeed, a court should not consider new facts or arguments presented in a reply to a motion

without giving Defendants an opportunity to respond. *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (citing *Black v. TIC Inv. Corp*., 900 F.2d 112, 116 (7th Cir. 1990)).

The Court should not allow Plaintiffs to provide the Court with a new declaration, *see* Fleischman Decl. and Exs., new evidence, *see Ex Parte* Reply 6 n.4 (Freedom for Immigrants report), and new argument based thereon that modifies the relief Plaintiffs are seeking. Specifically, Plaintiffs' facts and arguments submitted in support of their *Ex Parte* Reply indicate that what they actually seek is a modification of this Court's preliminary injunction order to include a release request process. The Court's preliminary injunction order does not contemplate such a process, and therefore to request one now goes beyond Plaintiffs' request for class notice and compliance discovery in their *ex parte* application. *See* Order Granting Plaintiffs' Motion for Preliminary Injunction, ECF No. 132 at 38-39. Plaintiffs' new evidence and arguments go beyond the legal and factual matters that are material to the issues presented in their pending motions and unfairly prejudices Defendants because Defendants have not had any opportunity to respond. The Court should not consider this new and additional evidence, and related legal arguments. *See Zamani*, 491 F.3d at 997; *Sardie*, 191 F. Supp. 2d at 1127; *In re China Intelligent Lighting & Elec., Inc. Sec. Litig.*, 2012 WL 3834815, at *4 n.5. Indeed, that Plaintiff did not provide such evidence and arguments in support of their *ex parte* application demonstrates precisely why the Court should not grant that motion.

## CONCLUSION

For all of the above reasons, Defendants respectfully request that the Court strike Plaintiffs' new declaration, new evidence, and new arguments in their *Ex Parte* Reply pursuant to Federal Rule of Civil Procedure 12(f).

DATED: April 30, 2020                Respectfully Submitted,

                                     JOSEPH H. HUNT
                                     Assistant Attorney General
                                     WILLIAM C. PEACHEY
                                     Director
                                     JEFFREY S. ROBINS
                                     Deputy Director
                                     ANNA DICHTER
                                     Trial Attorney

                                     */s/ Lindsay M. Vick*
                                     LINDSAY M. VICK
                                     Trial Attorney
                                     United States Department of Justice
                                     Civil Division
                                     Office of Immigration Litigation
                                     Washington, D.C. 20044
                                     Tel.: (202) 532-4023
                                     Fax: (202) 305-7000
                                     Email: Lindsay.Vick@usdoj.gov

                                     *Counsel for Defendants*

## DECLARATION OF LINDSAY M. VICK

I, Lindsay M. Vick, declare pursuant to 28 U.S.C. § 1746 that:

1.      I am an attorney with the Office of Immigration Litigation, Civil Division, Department of Justice, Washington, D.C., and, in such capacity, have been assigned by the Department of Justice as lead counsel to the defense of this action. This Declaration is submitted in support of Defendants' *Ex Parte* Application for Order Requiring Issuance of Class Notice, and for Information and Documents to Monitor Compliance with Preliminary Injunction.

2.      On April 29, 2020, Plaintiffs filed their Reply in Support of *Ex Parte* Application for Issuance of Notice to Class Members of the Preliminary Injunction Order, and to Obtain Information and Documents from Defendants Necessary to Monitor Compliance with that Order ("*Ex Parte* Reply") (ECF No. 140).

3.       On April 30, 2020, I e-mailed Plaintiffs' counsel informing them that Defendants intended to file this *ex parte* application to strike Plaintiffs' new declaration and evidence submitted in support of their *Ex Parte* Reply. I accurately informed Plaintiffs of the substance of the *ex parte* motion. Plaintiffs' counsel stated that they oppose.

4.      Timothy Fox is counsel for Defendants and his contact information is:
Timothy Fox
CIVIL RIGHTS EDUCATION AND
ENFORCEMENT CENTER
1245 E. Colfax Avenue, Suite 400
Denver, CO 80218
Tel: (303) 757-7901
Fax: (303) 872-9072
tfox@creeclaw.org

5

1       I declare under penalty of perjury that the foregoing is true and correct.

2  Executed this 30th day of April, 2020, in the City of Washington, District of

3  Columbia.

4

5                           */s/ Lindsay M. Vick*

6                           LINDSAY M. VICK