Timothy P. Fox (CA Bar 157750)
*tfox@creeclaw.org*
Elizabeth Jordan*
*ejordan@creeclaw.org*
CIVIL RIGHTS EDUCATION AND
ENFORCEMENT CENTER
1245 E. Colfax Avenue, Suite 400
Denver, CO 80218
Tel: (303) 757-7901
Fax: (303) 872-9072

Lisa Graybill*
*lisa.graybill@splcenter.org*
Jared Davidson*
*jared.davidson@splcenter.org*
SOUTHERN POVERTY LAW
CENTER
201 St. Charles Avenue, Suite 2000
New Orleans, Louisiana 70170
Tel: (504) 486-8982
Fax: (504) 486-8947

Stuart Seaborn (CA Bar 198590)
*sseaborn@dralegal.org*
Melissa Riess (CA Bar 295959)
*mriess@dralegal.org*
DISABILITY RIGHTS ADVOCATES
2001 Center Street, 4th Floor
Berkeley, California 94704
Tel: (510) 665-8644
Fax: (510) 665-8511

Attorneys for Plaintiffs (continued on next page)

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION – RIVERSIDE**

| | |
|---|---|
| FAOUR ABDALLAH FRAIHAT, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*,<br><br>Defendants. | Case No.: 19-cv-01546-JGB(SHKx)<br><br>**DECLARATION OF MAIA FLEISCHMAN IN SUPPORT OF PLAINTIFFS' REPLY TO RUSSELL HOTT'S DECLARATION** |

William F. Alderman (CA Bar 47381)
walderman@orrick.com
Jake Routhier (CA Bar 324452)
jrouthier@orrick.com
ORRICK, HERRINGTON &
SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105
Tel: (415) 773-5700
Fax: (415) 773-5759

Michael W. Johnson**
mjohnson1@willkie.com
Dania Bardavid**
dbardavid@willkie.com
Jessica Blanton**
jblanton@willkie.com
Joseph Bretschneider**
jbretschneider@willkie.com
WILLKIE FARR &
GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019
Tel: (212) 728-8000
Fax: (212) 728-8111

Maia Fleischman*
maia.fleischman@splcenter.org
SOUTHERN POVERTY LAW
CENTER
2 South Biscayne Boulevard
Suite 3750
Miami, FL 33131
Tel: (786) 347-2056
Fax: (786) 237-2949

Christina Brandt-Young*
cbrandt-young@dralegal.org
DISABILITY RIGHTS
ADVOCATES
655 Third Avenue, 14th Floor
New York, NY 10017
Tel: (212) 644-8644
Fax: (212) 644-8636

Mark Mermelstein (CA Bar 208005)
mmermelstein@orrick.com
ORRICK, HERRINGTON &
SUTCLIFFE LLP
777 South Figueroa Street
Suite 3200
Los Angeles, CA 90017
Tel: (213) 629-2020
Fax: (213) 612-2499

Leigh Coutoumanos**
lcoutoumanos@willkie.com
WILLKIE FARR &
GALLAGHER LLP
1875 K Street NW, Suite 100
Washington, DC 20006
Tel: (202) 303-1000
Fax: (202) 303-2000

Shalini Goel Agarwal
(CA Bar 254540)
shalini.agarwal@splcenter.org
SOUTHERN POVERTY LAW
CENTER
106 East College Avenue
Suite 1010
Tallahassee, FL 32301
Tel: (850) 521-3024
Fax: (850) 521-3001

Maria del Pilar Gonzalez Morales
(CA Bar 308550)
pgonzalez@creeclaw.org
CIVIL RIGHTS EDUCATION
AND ENFORCEMENT CENTER
1825 N. Vermont Avenue, #27916
Los Angeles, CA 90027
Tel: (805) 813-8896
Fax: (303) 872-9072

Attorneys for Plaintiffs (continued from previous page)
*Admitted Pro Hac Vice
**Pro Hac Vice Application Forthcoming

# DECLARATION OF MAIA FLEISCHMAN

1. My name is Maia Fleischman, and I am amongst the counsel for the Plaintiffs in the above-referenced case. I am submitting this Declaration in Support of Plaintiffs' Reply to Russell Hott's Declaration.

2. As I described in my April 29, 2020 Declaration, Docket 140-1, on April 21, 2020, the Southern Poverty Law Center set up an email address for practitioners to contact *Fraihat* class counsel with any questions about custody redetermination requests following the Court's April 20 Order and Class Certification. The email address is also used to track the results of these requests. Practitioners can send their questions and updates regarding *Fraihat* custody redeterminations to fraihatcovidcustody@splcenter.org.

3. I have been monitoring the inbox daily. As of May 7, 2020, the e-mail address has received hundreds of emails from practitioners nationwide with questions and reporting the results of their requests.

4. Since my April 29, 2020 Declaration, Docket 140-1, ICE Field Offices nationwide have continued providing practioners with several different responses to *Fraihat* custody redeterminations, reflecting a patchwork response that overwhelmingly reflects Defendants' failure to properly implement this Court's order. Many Field Offices, including Washington, Houston, New Orleans, Seattle, San Antonio, Dallas, Phoenix, El Paso, Atlanta, Los Angeles, and Bakersfield, continue not responding to many of the requests. Below are examples from practitioners of other issues they've encountered.

**Denial of Risk Factors**

5. The San Francisco Field Office denied a custody redetermination citing that there was no evidence of medical complications regarding the subclass member's qualifying illness and disability. Similarly, the Miami Field Office denied one individual for his qualifying diabetes not being severe enough.

6. The San Diego, New Orleans, and Atlanta Field Offices have denied that individuals are subclass members, notwithstanding documentation that supports the diagnosis of the detained person's qualifying disability and illness. For example, one attorney reports submitting a declaration from a local doctor diagnosing the detained individual with chronic obstructive pulmonary disease, and noting that ICE medical staff likely missed this diagnosis because a different nurse evaluated him every visit to medical,

causing there to be a lack of continuity of care. Still, per the attorney, ICE does not consider him as having a Risk Factor, notwithstanding clear evidence to the contrary. Moreover, both the New Orleans and Atlanta Field Office would not recognize evidence of a subclass member's diagnosis because the medical records were from their countries of origin, and not from ICE custody.

7. The Los Angeles Field Office has denied custody redetermination requests because they did not recognize severe psychiatric illness as a Risk Factor in direct violation of this Court's order. Several detained individuals have a history of several suicide attempts, as well as diagnoses of schizophrenia and post-traumatic stress disorder. These individuals were told that they are not on "the list" of individuals at risk and would not be reviewed.

8. The Newark and Atlanta Field Offices both have indicated that they created a list of detained individuals with Risk Factors. Both Field Offices have denied several custody redetermination requests citing that the individuals at issue were not on the list of detainees with a diagnosed medical condition listed in *Fraihat*, despite all the individuals having medical conditions listed in either Subclass 1 or 2 of the Court's Order.

**Denials Without Meaningful Reviews**

9. The Richmond Field Office has denied custody redetermination requests within hours of the request being submitted. The Assistant Field Office Director does not explain the reason for denying the request, only stating that "the decision was made to decline the request to release [subclass member] from ICE custody."

10. The Philadelphia Field Office denied one custody redetermination request 90 minutes after the subclass member's attorney submitted it.

11. The Detroit and New York City Field Offices have responded to custody redetermination requests stating that the "client's medical status has been reviewed under the terms of Fraihat and he will remain in ICE custody at this time," without further explanation. Similarly, the Acting Officer in Charge of the Miami Field Office, in a declaration filed May 8 in another case, indicated that out of nearly 1,400 individuals detained in three detention facilities, ICE only identified and released two individuals because of COVID-19 Risk Factors from May 1 to May 8, 2020.

12. One response from the San Francisco Field Office on May 6 indicated that they would not be making any more redetermination requests. Several Deportation Officers working for that office called attorneys to issue denials instead of providing written responses.

13. The New Orleans, Newark, and San Francisco Field Offices have denied custody redeterminations based on class members either not exhibiting symptoms of COVID-19 or responding that the class member's qualifying disability or illness was being sufficiently treated. The Court's order does not reflect that sufficient treatment for a Risk Factor condition is a justification for denial of release.

14. The New Orleans Field Office has also responded to requests that "ICE is continually monitoring and reviewing all chronic health cases" without mentioning a specific review regarding the subclass member.

15. The Supervisory Detention and Deportation Officer for Etowah County Detention Center denied release for named Plaintiff and Class Representative, Alex Hernandez, simply stating that "we reviewed Mr. Hernandez's case and based on the relevant factors, determined that continued detention remains appropriate." The relevant factors were not included in the denial.

**Denials Based on the Detained Individual's Immigration Case**

16. The New Orleans Field Office has responded to several requests that the subclass member is being denied because they are a flight risk citing upcoming court hearings. The New Orleans Field Office denied release to a 52-year-old woman with uncontrolled diabetes, lupus (an autoimmune disorder), hypertension, and fatty liver disease. An independent doctor assessed that she has a "high risk of dying," yet she was denied because ICE categorized her as a flight risk and a danger to society. Her attorney has requested an I-213 several times to review the claim that she is a danger to society, but ICE refuses to provide it.

17. The San Antonio, Newark, San Francisco, Miami, and New York City Field Offices have all denied custody redetermination requests solely because the individual is subject to mandatory detention or because of their criminal history, despite having Risk Factors. The Acting Officer in Charge of the Miami Field Office, in a declaration filed May 7 in another case, indicated that detained individuals with Risk Factors but subject to mandatory detention would not be reconsidered.

18. The San Francisco Field Office has also stated final orders of removal are the reason for denying custody redetermination requests.

**Procedural Issues**

19. The Miami Field Office responded that they will only accept paper copies of all custody redetermination requests.

20. The New Orleans Field Office told one attorney that detained individuals had to directly submit their requests to their deportation officers, even where that person had an attorney. When the attorney asked to clarify what the procedure was to send in documents supporting a redetermination request, the officer responded that "[deportation officers] don't have time or the extended capability or resources in paper to print everything received from attorney's [sic] . . . Having numerous detainee's [sic] in custody this is not a function we can support, we have numerous attorneys that have no issue and send these items overnight or thru regular mail. . . . ." The procedure, according to this officer, is that an attorney must mail a hard copy to their detained client, who then hands it to their deportation officer for review.

**Daily Transfers**

21. There are numerous reports of ICE continuing to transfer detained individuals daily.

22. The Miami Field Office, which includes Krome Processing Center, Glades County Detention Center, and the Broward Transitional Center, transfers detained individuals daily to other facilities around the country; many of these individuals still had pending custody redetermination requests. Since April 30, 2020, it has been reported that at least 200 detainees from these three detention facilities have been transferred to detention facilities in North Florida, Georgia, Louisiana, Texas, and New Mexico.

23. It was reported that last week, Aurora Contract Detention Facility transferred 100 detained individuals out of the facility and transferred 166 new detained individuals into the facility. Now, one-third of the facility are new arrivals.

24. We have received many reports that the New Orleans Field continues to frequently transfer detained individuals to other detention facilities in its jurisdiction.

1  I declare under penalty of perjury that the statements above are true and correct to the best of my knowledge and that this declaration was executed on May 8, 2020 in Miami, Florida.

*Maia Fleischman*
Maia Fleischman
Attorney for Plaintiffs
Southern Poverty Law Center
T: 786.390.3839
Maia.fleischman@splcenter.org