JOSEPH H. HUNT
Assistant Attorney General
U.S. Department of Justice
Civil Division
WILLIAM C. PEACHEY
Director
Office of Immigration Litigation
District Court Section
JEFFREY S. ROBINS
Deputy Director
LINDSAY M. VICK (MA 685569)
ANNA L. DICHTER (NJ 304442019)
Trial Attorneys
450 5th Street, N.W., Rm 5223
Washington, D.C. 20530
Telephone: (202) 532-4023
lindsay.vick@usdoj.gov

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAOUR ABDALLAH FRAIHAT, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*, <br><br> *Defendants*. | Case No. 19-CV-01546-JGB(SHKx) <br><br> **DEFENDANTS' *EX PARTE* APPLICATION TO STRIKE PLAINTIFFS' RESPONSE TO THE DECLARATION OF RUSSELL HOTT [ECF NO. 146]** <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> **DECLARATION OF LINDSAY M. VICK** |

## *EX PARTE* APPLICATION

Pursuant to Federal Rule of Civil Procedure 12(f) and Local Rule 7-19, Defendants, by and through undersigned counsel, apply *ex parte* to strike Plaintiffs' Response to the Declaration of Russell Hott, including Plaintiffs' supplemental declarations of Maia Fleischman, William Alderman, and Homer Venters, ECF No. 146.

Defendants submit that good cause exists to grant the relief requested herein. As outlined in the attached memorandum and declaration, at the hearing on May 5, 2020, the Court directed the parties to file a joint statement containing each parties' positions and arguments concerning Plaintiffs' *ex parte* application for class notice and requests for production of documents. The Court did not indicate that the parties should file separate responses or supplemental declarations outside of the joint filing. To the extent the Court invited Plaintiffs to respond to Defendants' Declaration of Russell Hott ("Hott Declaration"), ECF No. 144, such response was supposed to be part of the parties' meet and confer and joint filing. Plaintiffs failed to follow the instructions of the Court or of the local rules for filing an *ex parte* motion.

Regularly-noticed motion practice cannot accommodate Respondents' requested relief because the Court ordered the parties to submit a joint filing of their positions on May 8, 2020, ECF No. 145. Without any notice to Defendants, just a few hours prior to filing the joint positions of the parties late Friday night, Plaintiffs filed their response to the Hott Declaration, which included three supplemental declarations. Therefore, Defendants submit this *ex parte* application seeking relief from this Court. *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995) (the first part of an *ex parte* motion should address "why the regularly noticed motion procedures must be bypassed.").

Respondents' counsel gave the Rule 7-19.1 notice to Plaintiffs' counsel by email on May 8, 2020. Declaration of Lindsay M. Vick ("Vick Decl.") ¶ 6. Plaintiffs' counsel did not indicate their position. *Id.* Pursuant to L.R. 7-19, Mr. Alderman's address and contact information are as stated at Vick Decl. ¶ 7. This ex parte application is based on this Notice

of *Ex Parte* Application, the attached memorandum of points and authorities, the attached declaration, and the record in this case. A proposed order is lodged herewith.

DATED: May 11, 2020                    Respectfully Submitted,

JOSEPH H. HUNT
Assistant Attorney General
WILLIAM C. PEACHEY
Director
JEFFREY S. ROBINS
Deputy Director
ANNA DICHTER
Trial Attorney

*/s/ Lindsay M. Vick*
LINDSAY M. VICK
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
Washington, D.C. 20044
Tel.: (202) 532-4023
Fax: (202) 305-7000
Email: Lindsay.Vick@usdoj.gov

*Counsel for Defendants*

## MEMORANDUM IN SUPPORT OF *EX PARTE* MOTION

First, pursuant to Federal Rule of Civil Procedure 12(f) and Local Rule 7-19, Defendants, by and through undersigned counsel, apply *ex parte* to strike Plaintiffs' Response to the Declaration of Russell Hott ("Hott Declaration"), including Plaintiffs' supplemental declarations of Maia Fleischman, William Alderman, and Homer Venters, ECF No. 146.

Federal Rule of Civil Procedure 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." In doing so, "the court may act on its own" or "on motion made by a party [] before responding to the pleading . . . ." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . ." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994). The Court should strike Plaintiffs' response to the Hott Declaration, which Plaintiffs filed separately disregarding the Court's Order that the parties submit a joint filing and to which Defendants have had no opportunity respond. *See Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (courts should not consider new evidence submitted in a reply without giving the other side an opportunity to respond); *Coffey v. Mesa Airlines, Inc.*, No. 18-3688, 2019 WL 4492952, *1 (C.D. Cal. April 15, 2019) (same).

On May 5, 2020, the Court held a hearing on Plaintiffs' *ex parte* application for issuance of class notice and requests for production of documents concerning Defendants' compliance with the Court's order granting Plaintiffs' motion for preliminary injunction. In order to update the Court on certain facts concerning Defendants' compliance with the preliminary injunction order, Defendants filed the Hott Declaration as soon as they were able prior to the May 5 hearing. At the hearing, the Court ordered the parties to file a joint statement of their positions on Plaintiffs' requests for class notice, requests for production of documents, and any issues left for resolution by the Court concerning Plaintiffs' requests

for compliance discovery. *See* ECF No. 145. As ordered by the Court, the parties met and conferred at length on May 6, 2020 concerning Plaintiffs' requests. *See id.* At no point during the meet and confer or prior to the joint filing on May 8 did Plaintiffs notify Defendants that they would file a separate response to the Hott Declaration, including additional supplemental declarations, outside of the process outlined by the Court.

The Court should strike Plaintiffs' separately filed response to the Hott Declaration, filed just hours before the parties filed their joint statement late in the evening of May 8, 2020. Plaintiffs neglected to provide Defendants with any notice of this separate filing and failed to seek leave to file a separate response. Further, Plaintiffs included with their response additional evidence in the form of new declarations and reports cited in their briefing to which Defendants have had no opportunity to respond. *Provenz*, 102 F.3d at 1483; *Coffey*, 2019 WL 4492952, *1. In contrast, Plaintiffs' opportunity to respond to the Hott Declaration was through the joint filing process ordered by the Court. *See* ECF No. 145. Plaintiffs continue to fault Defendants for filing last-minute evidence, even though Plaintiffs filed their own last-minute evidence late in the evening on May 8, 2020. Moreover, to the extent Plaintiffs have any objection to the declaration that Defendants' filed along with the joint statement, *see* ECF No. 147, Ex. 1, that declaration provides the foundation for the representations that Defendants' counsel made during the course of the meet and confer process and the information and positions presented therein generally were not unknown to Plaintiffs' counsel.

In accordance with the process outlined by the Court, the parties submitted a joint filing that comprehensively outlines the positions of the parties and all issues left for resolution concerning Plaintiffs' requests for class notice and requests for production of documents. Plaintiffs' response to the Hott Declaration is unnecessarily cumulative and does nothing to further the resolution of the issues before the Court.

3

**CONCLUSION**

For all of the above reasons, Defendants respectfully request that the Court strike Plaintiffs' response to the Hott Declaration, ECF No. 144, pursuant to Federal Rule of Civil Procedure 12(f).

DATED: May 11, 2020                    Respectfully Submitted,

JOSEPH H. HUNT
Assistant Attorney General
WILLIAM C. PEACHEY
Director
JEFFREY S. ROBINS
Deputy Director
ANNA DICHTER
Trial Attorney

*/s/ Lindsay M. Vick*
LINDSAY M. VICK
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
Washington, D.C. 20044
Tel.: (202) 532-4023
Fax: (202) 305-7000
Email: Lindsay.Vick@usdoj.gov

*Counsel for Defendants*

4

## **DECLARATION OF LINDSAY M. VICK**

I, Lindsay M. Vick, declare pursuant to 28 U.S.C. § 1746 that:

1. I am an attorney with the Office of Immigration Litigation, Civil Division, Department of Justice, Washington, D.C., and, in such capacity, have been assigned by the Department of Justice as lead counsel to the defense of this action. This Declaration is submitted in support of Defendants' *Ex Parte* Application to Strike Plaintiffs' Response to the Declaration of Russell Hott.

2. On May 5, 2020, the Court held a hearing on Plaintiffs' *ex parte* application for issuance of class notice and requests for production of documents.

3. Shortly before the hearing and as soon as Defendants were able, Defendants filed the Declaration of Russell Hott to support their factual assertions in response to Plaintiffs' compliance discovery requests.

4. At the May 5, 2020, hearing, the Court ordered the parties to meet and confer on May 6, 2020, and file a joint statement by May 8, 2020, including each parties' positions on class notice, Plaintiffs' requests for production of documents, and any issues left for resolution by the Court. The parties met and conferred on May 6, 2020, and prepared the draft joint statement for filing.

5. Several hours before the parties filed the joint statement, and without any notice to Defendants, Plaintiffs separately filed a response to the Hott Declaration and included three supplemental declarations, ECF No. 146.

6. On May 8, 2020, Defendants' counsel e-mailed Plaintiffs' counsel informing them that Defendants intended to file this *ex parte* application to strike Plaintiffs' response to the Hott Declaration. Defendants' counsel accurately informed Plaintiffs of the substance of the *ex parte* motion. Plaintiffs' counsel did not indicate their position.

7. William F. Alderman is counsel for Defendants and his contact information is:

5

William F. Alderman
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105
Tel: (415) 773-5700
walderman@orrick.com

I declare under penalty of perjury that the foregoing is true and correct. Executed this 11th day of May, 2020, in the City of Washington, District of Columbia.

                                              */s/ Lindsay M. Vick*
                                              LINDSAY M. VICK