JOSEPH H. HUNT
Assistant Attorney General
U.S. Department of Justice
Civil Division
WILLIAM C. PEACHEY
Director
Office of Immigration Litigation
District Court Section
JEFFREY S. ROBINS
Deputy Director
LINDSAY M. VICK (MA 685569)
ANNA L. DICHTER (NJ 304442019)
HANS H. CHEN (NY 4278123)
Trial Attorneys
450 5th Street, N.W.
Washington, D.C. 20530
Telephone: (202) 305-0190
Facsimile: (202) 305-7000
lindsay.vick@usdoj.gov
anna.l.dichter@usdoj.gov
hans.h.chen@usdoj.gov

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAOUR ABDALLAH FRAIHAT, *et al.*, | Case No. 5:19-CV-01546 JGB (SHKx) |
| Plaintiffs, | **ANSWER** |
| v. | Hon. Jesus G. Bernal |
| U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*, | |
| Defendants, | |

Defendants U.S. Immigration and Customs Enforcement, *et al.* ("Defendants"), by and through undersigned counsel, hereby answer the Complaint for Declaratory and Injunctive Relief for Violations of the Due Process Clause of the Fifth ("Complaint"), ECF No. 1, filed by Plaintiffs Faour Abdallah Fraihat, *et al.* ("Plaintiffs") as follows:.

## INTRODUCTION

1.     Defendants deny the allegations in paragraph 1.

2.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph and therefore deny those allegations. Defendants admit that plaintiff Alex Hernandez has a torn rotator cuff, but deny the remaining allegations in the second sentence of paragraph 2. Defendants admit that Plaintiffs Martin Muñoz and Aristoteles Sanchez Martinez have been diagnosed with diabetes, but deny the remaining allegations regarding Mr. Muñoz and Mr. Martinez in paragraph 2.  Defendants admit that Plaintiff Marco Montoya Amaya has been medically assessed with cysticercosis of the central nervous system, but deny the remaining allegations regarding him in paragraph 2.

3.     Defendants deny the allegations in the first sentence of paragraph 3. Defendants admit the allegations in the second sentence of paragraph 3. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third and fourth sentences of paragraph 3 relating to effect of isolation upon depression, suicidality, and post-traumatic stress disorder ("PTSD") and therefore deny those allegations. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third and fourth sentences of this paragraph relating to effect of isolation upon depression, suicidality, and post-traumatic stress disorder ("PTSD") and therefore deny those allegations.

4.     Defendants deny the allegations in the first sentence of paragraph 4. Defendants admit that plaintiff Raul Aloccer Chavez is Deaf but deny the remaining allegations in the second sentence of paragraph 4.  Defendants admit that plaintiff Sergio Salazar Artaga has cerebral palsy but deny the remaining allegations in the third sentence of paragraph 4.  Defendants admit that plaintiff Faour Abdallah Fraihat has knee and back pain and been assessed with lumbago,

but  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the third sentence of paragraph 4 and therefore deny those allegations.  Defendants deny the allegations in the fifth sentence of paragraph 4.

5.     Defendants deny the first and second sentences of paragraph 5 because they consist of statements or conclusions of law. Defendants deny the remaining allegations in paragraph 5.

6.     Defendants deny the first sentence of paragraph 6 because it consist of statements or conclusions of law. Defendants deny the allegations in the second sentence of paragraph 6 to the extent that "ICE may release most detained noncitizens on bond or parole" is a statement or conclusion of law.  Defendants deny the remaining allegations in paragraph 6.

7.     This paragraph merely characterizes Plaintiffs' claims and allegations in the Complaint, and so no response is required for those allegations. To the extent the statements in this paragraph require an answer, Defendants deny them.

8.     Defendants deny the allegations in the first sentence of paragraph 8. Defendants admit the allegations in the second sentence of paragraph 8 that ICE's contractors include local sheriffs' offices and private prison corporations, such as GEO Group ("GEO") and CoreCivic (formerly known as Corrections Corporation of America). Defendants deny that contractors who operate facilities for ICE have long histories of failing to provide constitutional conditions of confinement, and deny that they imprison individuals for ICE.  Defendants deny the allegations in the third and fourth sentences of paragraph 8.

9.     Defendants deny the allegations in paragraph 9.

10.    Defendants admit the allegations in paragraph 10.

11.    Defendants admit the allegations in paragraph 11.

12.    Defendants deny the allegations in the first sentence of paragraph 12. Defendants admit that Plaintiffs Jose Baca Hernández, Luis Manuel Rodriguez

1   Delgadillo, and Ruben Darío Mencías Soto are detained at Adelanto. Defendants

2   deny the remaining allegations regarding detention status and locations for

3   Plaintiffs. Defendants lack knowledge or information sufficient to form a belief as

4   to the truth of the allegations in this paragraph regarding travel time from detention

5   centers, and therefore deny those allegations.

6          13.    Defendants deny the allegations in paragraph 13.

7          14.    The allegations in this paragraph merely characterize or quote Lisa

8   Riordan et al., *22 immigrants died in ICE detention centers during the past 2 years*,

9   NBC News, (Jan. 6, 2019), https://www.nbcnews.com/politics/immigration/22

10  immigrants-died-ice-detentioncenters-during-past-2-years-n954781, ICE News

11  Release, *ICE detainee passes away in Houston-area hospital* (July 1, 2019),

12  https://www.ice.gov/news/releases/ice-detainee-passes-away-houston-area-

13  hospital, Ariana Sawyer, *Another Needless Death in US Immigration Detention*,

14  Human Rights Watch (July 26, 2019); ICE News Release, *ICE detainee passes*

15  *away in Houston-area hospital* (July 1, 2019),

16  https://www.ice.gov/news/releases/ice-detainee-passes-away-houston-areahospital;

17  and Ariana Sawyer, *Another Needless Death in US Immigration Detention*, Human

18  Rights Watch (July 26, 2019), which speak for themselves. To the extent a

19  response is required, Defendants deny any allegations that are inconsistent with the

20  referenced documents and Plaintiff's characterizations of those documents.

21         15.    Defendants deny the allegations in paragraph 15.

22         16.    Defendants deny the allegations in the first, second, and fourth

23  sentences of paragraph 16. Defendants admit that Plaintiff Ruben Dario Mencias

24  Soto has been assessed with low back pain, lumbosacral radiculopathy, and spinal

25  stenosis. Defendants admit that Plaintiff Hamida Ali has been diagnosed with

26  schizophrenia. Defendants admit that Plaintiff Jose Baca Hernández is blind.

27  Defendants deny the remaining allegations in paragraph 16.

28

17.     Defendants deny the first sentence of paragraph 17 because it consists of statements or conclusions of law. Defendants deny the allegations in the second sentence of paragraph 17.

18.     Defendants deny the allegations in the first sentence of paragraph 18. The second and third sentences consist of Plaintiff's citation to and characterization of Blair Miller, *Colorado's Congressional Democrats Tour Aurora ICE Facility, Call for Changes*, The Denver Channel (Jul. 22, 2019 6:52 PM), https://www.thedenverchannel.com/news/politics/colorados-congressionaldemocrats-tour-aurora-ice-facility-call-for-changes-and-its-closure, Denver 7, *Colorado Dems Speak After Tour of ICE Facility*, Facebook (Jul. 22, 2019, 12:16 PM), https://www.facebook.com/DenverChannel/videos/2358219197839326/UzpfSTU4 MDAwODE6MTAxMDYwNDQ1OTk4MzAzMzk/ and U.S. Immigration & Customs Enforcement, Letter Response to February 28, 2019 Letter re: Public Health Risks & Treatment of Detainees at Detention Facilities (on file with Plaintiffs' counsel), which speak for themselves. To the extent a response is required, Defendants deny any allegations that are inconsistent with the referenced documents and Plaintiff's characterizations of those documents.

19.     The allegations of this paragraph merely characterize or quote National Immigrant Justice Center & Detention Watch Network, *ICE Lies: Public Deception, Private Profit* (Jan. 2018), https://www.immigrantjustice.org/sites/default/files/content-type/researchitem/documents/2018-02/IceLies_DWN_NIJC_Feb2018.pdf, which speaks for itself, and so no response is required for those allegations. To the extent a response is required, Defendants deny any allegations that are inconsistent with the referenced documents and Plaintiff's characterizations of those documents.

20.     Defendants deny the allegations in paragraph 20.

## PARTIES

**I.  Plaintiffs**

21.  Defendants deny the allegations in paragraph 21.

**A. Plaintiff Faour Abdallah Fraihat**

22.  Defendants admit that Faour Abdallah Fraihat was 57 years old as of the date the Complaint was filed with the United States District Court, Central District of California and was detained at the Adelanto ICE Processing Center. Defendants aver that Faour Abdallah Fraihat is no longer detained. Defendants admit the allegations in the second sentence of paragraph 22. Defendants deny the third sentence of paragraph 22 because it consists of statements or conclusions of law. Defendants admit that Mr. Fraihat was transferred twice while at Adelanto. Defendants deny that admit that Mr. Fraihat has required emergency care twice while detained at Adelanto. Defendants also admit that Plaintiff Faour Abdallah Fraihat was placed in segregation for medical purposes, but deny he was denied out-of-cell activities when such activities were medically permissible.

23.  Defendants admit that Mr. Fraihat has been detained at the Adelanto ICE Processing Center since December 19, 2016, apart from two brief stays at two different medical centers, and was detained by ICE on several occasions prior to his current detention. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore deny those allegations.

24.  Defendants deny the allegations in the first, second, and third sentences of paragraph 24. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore deny those allegations.

25.  Defendants admit the allegations in the first sentence of paragraph 25. Defendants deny the remaining allegations in this paragraph.

26.     This paragraph merely characterizes Plaintiffs' claims and allegations in the Complaint, and so no response is required for those allegations. To the extent the statements in this paragraph require an answer, Defendants deny them.

**B. Plaintiff Marco Montoya Amaya**

27.     Defendants admit that Plaintiff Marco Montoya Amaya was 41 years old as of the date the Complaint was filed with the United States District Court, Central District of California and is currently detained at Mesa Verde ICE Processing Center. Defendants admit that Mr. Amaya has been diagnosed with end-stage neurocysticerosis. Defendants deny the remaining allegations in paragraph 27.

28.     Defendants deny the allegations in paragraph 28.

29.     Defendants deny paragraph 29 because it consists of statements or conclusions of law.

30.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph and therefore deny those allegations. Defendants admit the allegations in the second sentence of paragraph 30.

31.     This paragraph merely characterizes Plaintiffs' claims and allegations in the Complaint, and so no response is required for those allegations. To the extent the statements in this paragraph require an answer, Defendants deny them.

**C. Plaintiff Raul Alcocer Chavez**

32.     Defendants admit the allegations in the first sentence of paragraph 32. Defendants admit that Raul Alcocer Chavez is Deaf and communicates in ASL. Defendants deny the remainder of the second sentence of paragraph 32 because it consists of statements or conclusions of law**.**

33.     Defendants deny the allegations in paragraph 33.

34.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 34

1   and therefore deny those allegations. Defendants admit the allegations in the third

2   and fourth sentences of paragraph 34.

3       35.     This paragraph merely characterizes Plaintiffs' claims and allegations

4   in the Complaint, and so no response is required for those allegations. To the

5   extent the statements in this paragraph require an answer, Defendants deny them.

6   **D. Plaintiff Jose Segovia Benitez**

7       36.     Defendants admit the allegations in the first sentence of paragraph 36.

8   Defendants lack knowledge or information sufficient to form a belief as to the truth

9   of the allegations in the second, third, and fourth sentences of paragraph 36 to form

10  a belief as to their veracity and therefore deny those allegations.

11      37.     Defendants lack knowledge or information sufficient to form a belief

12  as to the truth of the allegations in the first sentence of this paragraph and therefore

13  deny those allegations. Defendants lack knowledge or information sufficient to

14  form a belief as to the truth of the allegations in the second sentence of this

15  paragraph that Mr. Segovia Benitez suffers from hearing loss and came home from

16  service with depression, anxiety, hearing loss, traumatic brain injury, and combat

17  PTSD and therefore deny those allegations. Defendants admit that Benitez was

18  diagnosed with PTSD, anxiety, depression, and traumatic brain injury. Defendants

19  deny the third sentence of paragraph 37 because it consists of statements or

20  conclusions of law.

21      38.     Defendants deny that medical treatment for Plaintiff Segovia Benitez

22  has been delayed or denied.  Defendants admit the remaining allegations in this

23  paragraph.

24      39.     Defendants lack knowledge or information sufficient to form a belief

25  as to the truth of the allegations in this paragraph and therefore deny those

26  allegations.

27

28

40.     This paragraph merely characterizes Plaintiffs' claims and allegations in the Complaint, and so no response is required for those allegations. To the extent the statements in this paragraph require an answer, Defendants deny them.

**E. Plaintiff Hamida Ali**

41.     Defendants admit the allegations in the first, second, and third sentences of paragraph 41. Defendants admit that plaintiff Hamida Ali was diagnosed with schizophrenia but deny remainder of the fourth sentence because it consists of statements or conclusions of law. Defendants admit the allegations in the fifth sentence of paragraph 41.

42.     Defendants admit that Ms. Ali is a refugee from Sudan but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence and in the second sentence of paragraph 42 and therefore deny those allegations. Defendants admit that Ms. Ali was placed on suicide watch per instruction from medical professionals, but deny the remaining allegations in the third sentence of paragraph 42.  Defendants deny the allegations in the fourth sentence of paragraph 42. Defendants admit that Ms. Ali has been in ICE custody at Teller County from July 9, 20219 through November 10, 2019.

43.     Defendants admit that Ms. Ali was held overnight at a Denver, CO facility for purposes of attending court proceedings, but deny she was placed in isolation. Defendants deny the allegations in the second sentence of paragraph 43.

44.     This paragraph merely characterizes Plaintiffs' claims and allegations in the Complaint, and so no response is required for those allegations. To the extent the statements in this paragraph require an answer, Defendants deny them.

**F. Plaintiff Melvin Murillo Hernandez**

45.     Admit that Plaintiff Melvin Murillo Hernandez was detained at LaSalle in Jena, Louisiana at the time the Complaint was filed with the United States District Court, Central District of California. Defendants deny that Mr.

1  Murillo Hernandez was 18 years old at the time the Complaint was filed with the
2  United States District Court, Central District of California.

3       46.     Defendants admit that Mr. Murillo Hernandez suffers from multiple
4  food allergies with a history of anaphylaxis reactions. Defendants deny the
5  remaining allegations in paragraph 46.

6       47.     Defendants deny the allegations in paragraph 47.

7       48.     Defendants deny paragraph 48 because it consists of statements or
8  conclusions of law.

9       49.     Defendants admit the allegations in paragraph 49.

10      50.     This paragraph merely characterizes Plaintiffs' claims and allegations
11 in the Complaint, and so no response is required for those allegations. To the
12 extent the statements in this paragraph require an answer, Defendants deny them.

13 **G. Plaintiff Jimmy Sudney**

14      51.     Defendants admit that Plaintiff Jimmy Sudney was 28 years old as of
15 the date the Complaint was filed with the United States District Court, Central
16 District of California. Defendants deny that Mr. Sudney is currently detained at
17 Adelanto. Defendants admit that Mr. Sudney has vision loss, mental health
18 disabilities including PTSD, and high blood pressure but deny the remainder of the
19 second sentence of paragraph 51 because it consists of statements or conclusions of
20 law.

21      52.     Defendants admit that Mr. Sudney came to the United States as a
22 Lawful Permanent Resident in 2012. Defendants lack knowledge or information
23 sufficient to form a belief as to the truth of the remaining allegations in this
24 paragraph and therefore deny those allegations.

25      53.     Defendants admit the allegations in paragraph 53.

26      54.     Defendants deny the allegations in the first sentence of paragraph 54.
27 Defendants admit that Mr. Sudney had two surgeries to address his vision loss but
28 deny the remaining allegations in the second sentence of paragraph 54. Defendants

1  deny the allegations in the third and fourth sentences of paragraph 54. Defendants
2  lack knowledge or information sufficient to form a belief as to the truth of the
3  allegations in the fifth sentence of this paragraph and therefore deny those
4  allegations.

5      55.    Defendants deny the allegations in the first sentence of paragraph 55.
6  Defendants lack knowledge or information sufficient to form a belief as to the truth
7  of the allegations in the second sentence of this paragraph and therefore deny those
8  allegations.

9      56.    This paragraph merely characterizes Mr. Sudney's claims and
10  allegations in the Complaint, and so no response is required for those allegations.
11  To the extent the statements in this paragraph require an answer, Defendants deny
12  them.

13  **H. Plaintiff José Baca Hernández**

14      57.    Defendants admit that Plaintiff José Baca Hernández was 23 years old
15  as of the date the Complaint was filed with the United States District Court,
16  Central District of California.  Defendants admit that Mr. Baca Hernández is
17  currently detained at Adelanto. Defendants admit that Mr. Baca Hernández is blind
18  but deny the remainder of the second sentence paragraph 57 because it consists of
19  statements or conclusions of law.

20      58.    Defendants lack knowledge or information sufficient to form a belief
21  as to the truth of the allegations in the first and second sentences of this paragraph
22  and therefore deny those allegations. Defendants admit the allegations in the third
23  sentence of paragraph 58.

24      59.    Defendants admit the allegations in the first sentence of paragraph 59.
25  Defendants deny the remaining allegations in paragraph 59.

26      60.    This paragraph merely characterizes Plaintiffs' claims and allegations
27  in the Complaint, and so no response is required for those allegations. To the
28  extent the statements in this paragraph require an answer, Defendants deny them.

11

### I.  Plaintiff Edilberto García Guerrero

61.     Defendants admit that at the time the Complaint was filed with the United States District Court, Central District of California, plaintiff Edilberto García Guerrero was 47 years old. Defendants admit that Mr. García Guerrero speaks Spanish. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore deny those allegations.

62.     Defendants deny that Plaintiff García Guerrero is currently detained at Aurora. Defendants admit that Plaintiff was involved in a physical altercation with another detainee and that he has reduced vision in his left eye. Defendants deny the remaining allegations in paragraph 62.

63.     Defendants admit that Mr. García Guerrero has pain in his right ankle. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of this paragraph and therefore deny those allegations. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of this paragraph and therefore deny those allegations. Defendants admit that Mr. Guerrero was treated by a specialist for ankle pain that resulted in surgery. Defendants deny the remaining allegations in paragraph 63.

64.     This paragraph merely characterizes Plaintiffs' claims and allegations in the Complaint, and so no response is required for those allegations. To the extent the statements in this paragraph require an answer, Defendants deny them.

### J. Plaintiff Martín Muñoz

65.     Defendants admit that Mr. Muñoz had been detained at Adelanto Detention Center for more than two years at the time the Complaint was filed with the United States District Court, Central District of California. Defendants aver the Munoz has since been released. Defendants admit the allegations in the second sentence of paragraph 65.

66.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny those allegations.

67.     Defendants admit that plaintiff received the wrong insulin dosage in September 2017 and was then admitted for observation.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations that a staff member wrote him a letter and therefore deny those allegations.  Defendants deny the remaining allegations in paragraph 67.

68.     Defendants deny the allegations in paragraph 68.

69.     This paragraph merely characterizes Plaintiffs' claims and allegations in the Complaint, and so no response is required for those allegations. To the extent the statements in this paragraph require an answer, Defendants deny them.

**K. Plaintiff Luis Manuel Rodriguez Delgadillo**

70.     Defendants admit that Luis Manuel Rodriguez Delgadillo was 29 years old at the time the complaint was filed with the United States District Court, Central District of California. Defendants admit that Mr. Rodriguez Delgadillo has been detained at Adelanto since March 2019.

71.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny those allegations.

72.     Defendants admit that Mr. Delgadillo, during his initial medical screening, reported a prior diagnosis of schizophrenia but deny the allegations pertaining to bipolar disorder. Defendants deny that Mr. Rodriguez Delgadillo is a qualified person with a disability as defined in the Rehabilitation Act because it consist of statements or conclusions of law. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences and therefore deny those allegations.

73.     Defendants deny the allegations in paragraph 73.

74.     This paragraph merely characterizes Plaintiffs' claims and allegations in the Complaint, and so no response is required for those allegations. To the extent the statements in this paragraph require an answer, Defendants deny them.

**L. Plaintiff Ruben Darío Mencias Soto**

75.     Defendants admit that Plaintiff Ruben Mencías Soto was 36 years old at the time the complaint was filed. Defendants admit that Mr. Mencías Soto has been detained at Adelanto since December 2018. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations relating to the reasons Mr. Mencías Soto came to the United States and therefore deny those allegations.

76.     Defendants deny the first sentence of this paragraph because it consists of statements or conclusions of law. Defendants admit that Plaintiff suffers from back and leg pain but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the second sentence of paragraph 76. Defendants deny the allegations in the third sentence of paragraph 76.

77.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence this paragraph and therefore deny those allegations. Defendants deny the remaining allegations in paragraph 77.

78.     This paragraph merely characterizes Plaintiffs' claims and allegations in the Complaint, and so no response is required for those allegations. To the extent the statements in this paragraph require an answer, Defendants deny them.

**M. Plaintiff Alex Hernandez**

79.     Defendants admit that Alex Hernandez was 48 years old at the time the complaint was filed with the United States District Court, Central District of California and that Mr. Hernandez is detained at Etowah County Detention Center. Defendants admit that Mr. Hernandez has a torn rotator cuff in his right shoulder, has reported a history of Barrett's esophagus, hypertension, PTSD, vision loss, and

pain in his legs, feet, and hips. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the second sentence of this paragraph and therefore deny those allegations. Defendants deny the fourth sentence of this paragraph because they consist of statements or conclusions of law.

80.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny those allegations.

81.     Defendants deny that Mr. Hernandez was detained at the Alexandria Staging Facility but admit the remaining allegations in paragraph 81.

82.     Defendants deny the allegations in the first sentence of paragraph 82. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 82 and therefore deny those allegations.

83.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny those allegations.

84.     Defendants deny the allegations in paragraph 84.

85.     This paragraph merely characterizes Plaintiffs' claims and allegations in the Complaint, and so no response is required for those allegations. To the extent the statements in this paragraph require an answer, Defendants deny them.

**N. Plaintiff Aristoteles Sanchez Martinez**

86.     Defendants admit that Plaintiff Aristoteles Sanchez Martinez was 46 years at the time the complaint was filed with the U.S. District Court, Central District of California. Defendants admit that Mr. Sanchez Martinez is detained at Stewart. Defendants admit that Mr. Sanchez Martinez has been diagnosed with, or presented complaints of, diabetes, neuropathy, hypertension, bone spur on left foot, Charcot foot, avascular necrosis, non-palpable pulses in lower extremities, and

venous insufficiency. Defendants deny the remainder of the second sentence of paragraph 86 because it consists of a statement or conclusion of law. Defendants lack knowledge or information sufficient to form as belief as to the truth of the allegations relating to the degree of pain that Mr. Sanchez Martinez feels due to a right flank hernia on his abdomen.

87.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph and therefore deny those allegations. Defendants deny the allegations in the second sentence of paragraph 87.

88.     Defendants admit the allegations in paragraph 88.

89.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny those allegations.

90.     This paragraph merely characterizes Plaintiffs' claims and allegations in the Complaint, and so no response is required for those allegations. To the extent the statements in this paragraph require an answer, Defendants deny them.

**O. Plaintiff Sergio Salazar Artaga**

91.     Defendants admit that Mr. Salazar Artaga was 25 years old as of the date the Complaint was filed with the United States District Court, Central District of California. Defendants deny that Mr. Salazar Artaga is currently detained. Defendants aver that Mr. Salazar Artaga was released on an order of recognizance on September 12, 2019. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore deny those allegations.

92.     Defendants admit that Mr. Salazar Artaga has cerebral palsy. Defendants deny the remainder of the first sentence of paragraph 92 because it consists of statements or conclusions of law.  Defendants lack knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in paragraph 92 and therefore deny those allegations.

93.     Defendants admit the allegations in the first sentence of paragraph 93. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 93 and therefore deny those allegations.

94.     Defendants admit that Mr. Salazar Artaga was noted to have anxiety. Defendants admit the allegations in the second sentence of paragraph 94. Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 94 and therefore deny those allegations.

95.     Defendants admit that Mr. Salazar Artaga was detained at Florence as of March 2019, but Defendants deny that he is currently detained. Defendants aver that Mr. Salazar Artaga was released on an order of recognizance on September 12, 2019.

96.     This paragraph merely characterizes Plaintiffs' claims and allegations in the Complaint, and so no response is required for those allegations. To the extent the statements in this paragraph require an answer, Defendants deny them.

**P. Plaintiff Inland Coalition for Immigrant Justice**

97.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97 and therefore deny those allegations.

98.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98 and therefore deny those allegations.

99.     Defendants deny that conditions at Adelanto are substandard. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 99 and therefore deny those allegations.

100.     Defendants deny the first sentence of paragraph 100 because it consists of statements or conclusions of law to which no response is required.

1  Defendants lack knowledge or information sufficient to form a belief as to the truth

2  of the remaining allegations in this paragraph and therefore deny those allegations.

3        101.    Defendants deny the allegations in the first sentence of paragraph 100.

4  Defendants lack knowledge or information sufficient to form a belief as to the truth

5  of the remaining allegations in this paragraph and therefore deny those allegations.

6        102.    Defendants lack knowledge or information sufficient to form a belief

7  as to the truth of the allegations in paragraph 102 and therefore deny those

8  allegations.

9        103.    Defendants lack knowledge or information sufficient to form a belief

10  as to the truth of the allegations in paragraph 103 and therefore deny those

11  allegations.

12        104.    Defendants lack knowledge or information sufficient to form a belief

13  as to the truth of the allegations in paragraph 104 and therefore deny those

14  allegations.

15        105.    Defendants lack knowledge or information sufficient to form a belief

16  as to the truth of the allegations in paragraph 105 and therefore deny those

17  allegations.

18        106.    Defendants lack knowledge or information sufficient to form a belief

19  as to the truth of the allegations in paragraph 106 and therefore deny those

20  allegations.

21        107.    Defendants lack knowledge or information sufficient to form a belief

22  as to the truth of the allegations in paragraph 107 and therefore deny those

23  allegations.

24        108.    Defendants lack knowledge or information sufficient to form a belief

25  as to the truth of the allegations in paragraph 108 and therefore deny those

26  allegations.

27

28

109.    This paragraph merely characterizes Plaintiffs' claims and allegations in the Complaint, and so no response is required for those allegations. To the extent the statements in this paragraph require an answer, Defendants deny them.

**Q. Plaintiff Al Otro Lado**

110.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110 and therefore deny those allegations.

111.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 111 and therefore deny those allegations.

112.    Defendants deny the allegations in the first sentence of paragraph 112. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore deny those allegations.

113.    Defendants deny the allegations in the first sentence of paragraph 113. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore deny those allegations.

114.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 114 and therefore deny those allegations.

115.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 115 and therefore deny those allegations.

116.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 116 and therefore deny those allegations.

117.    Defendants deny the allegations in the first sentence of paragraph 117. Defendants deny that Defendants do not properly treat Al Otro Lado's clients' mental health conditions, or improperly place such clients in segregation and thus

worsen their mental health conditions. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 117 and therefore deny those allegations.

118.    Defendants deny the allegations in the second sentence of paragraph 118. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore deny those allegations.

119.    Defendants deny the allegations in the first sentence of paragraph 119. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 119 and therefore deny those allegations.

120.    Defendants deny that they fail to provide constitutionally adequate conditions and disability accommodations. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 120 and therefore deny those allegations.

121.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 121 and therefore deny those allegations.

122.    Defendants deny the allegations in the first sentence of paragraph 122. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore deny those allegations.

123.    Defendants deny that there are known failures by Defendants to provide adequate medical and mental health care and appropriate health screenings. Defendants deny that asylum-seekers and migrants do not receive appropriate health screenings upon entry into Defendants' custody and do not receive appropriate treatment upon entry into their custody. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore deny those allegations.

124. Defendants deny that they fail to provide adequate medical care and appropriate health screenings. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 124 and therefore deny those allegations.

125. Defendants deny that they have failed to provide constitutionally adequate care and disability accommodations to people in its custody. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore deny those allegations.

126. This paragraph merely characterizes Plaintiffs' claims and allegations in the Complaint, and so no response is required for those allegations. To the extent the statements in this paragraph require an answer, Defendants deny them.

## II.   Defendants

### A. Defendant U.S. Immigration Customs and Enforcement

127. Defendants admit the allegations in paragraph 127.

### B. Defendant U.S. Department of Homeland Security

128. Defendants admit the allegations in paragraph 128.

### C. Defendant Kevin McAleenan, Acting Secretary of DHS

129. Defendants deny the allegations in paragraph 129 with respect to Kevin McAleenan and aver that Chad Wolf is now Acting Secretary of DHS.

### D. Defendant Matthew T. Albence, Acting Director of ICE

130. Defendants admit the allegations in paragraph 130, with the exception that Matthew Albence's title is Deputy Director and Senior Official Performing the Duties of the Director of ICE.

### E. Defendant Derek N. Brenner, Deputy Director of ICE

131. Defendants admit the allegations in paragraph 131, except that Derek Benner's title is Executive Associate Director for Homeland Security Investigations and Senior Official Performing the Duties of the Deputy Director of ICE.

1  **F.  Defendant Timothy S. Robbins, Acting Executive Associate Director of**
2  **ERO**
3       132.    Defendants deny the allegations in paragraph 132 with respect to
4  Timothy Robbins and aver that Henry Lucero is now Acting Executive Associate
5  Director of Enforcement and Removal Operations.
6  **G.  Defendant Tae Johnson, Assistant Director of Custody Management of**
7  **ERO**
8       133.    Defendants admit the allegations in paragraph 133.
9  **H.  Defendant Dr. Stewart D. Smith, Assistant Director of ICE Health**
10  **Service Corps**
11       134.    Defendants admit the allegations in paragraph 134.
12  **I.   Defendant Jacki Becker Klopp, Assistant Director of Operations**
13  **Support of ERO**
14       135.    Defendants admit the allegations in paragraph 135.
15  **J.  Defendant David P. Pekoske, Senior Official Performing Duties of the**
16  **Deputy Secretary of DHS**
17       136.    Defendants deny the allegations in paragraph 136 as to David P.
18  Pekoske and aver that Ken Cuccinelli is now Senior Official Performing the Duties
19  of the Deputy Secretary of DHS.
20                              **JURISDICTION**
21       137.    Defendants deny paragraph 137 because it consist of statements or
22  conclusions of law.
23                                 **VENUE**
24       138.    Defendants deny paragraph 138 because it consist of statements or
25  conclusions of law.
26
27
28

# **FACTUAL ALLEGATIONS**

## **III.   Defendants Subject Thousands of Civil Detainees to Punitive Conditions Despite the Availability of Alternatives.**

139.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny those allegations.

140.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny those allegations.

141.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 141 and therefore deny those allegations. The remaining allegations in this paragraph merely characterize or quote TRAC Immigration, *Profiling Who ICE Detains— Few Committed Any Crime*, (Oct. 9, 2018), https://trac.syr.edu/immigration/reports/530/, which speaks for itself, and so no response is required for those allegations. To the extent a response is required, Defendants deny any allegations that are inconsistent with the referenced document and Plaintiff's characterization of that document.

142.   Defendants admit that many detainees require, and are provided, interpretation or translation services. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 142 and therefore deny those allegations. Defendants deny the allegations in the second sentence of paragraph 142.

143.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny those allegations.

144.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph and therefore

deny those allegations. The allegations in the second sentence of this paragraph merely characterize or quote *U.S. Gov't Accountability Office, GAO-19-416, Actions Needed to Better Handle, Identify, and Track Cases Involving Veterans* (June 2019), https://www.gao.gov/assets/700/699549.pdf, which speaks for itself, and so no response is required for those allegations. To the extent a response is required, Defendants deny any allegations that are inconsistent with the referenced documents and Plaintiff's characterizations of those documents.

145.   Defendants deny this paragraph because it consists of statements or conclusions of law.

146.   Defendants deny the allegations in paragraph 146.

147.   This allegations in this paragraph merely characterize or quote documents that speak for themselves, and so no response is required for those allegations. To the extent a response is required, Defendants deny any allegations that are inconsistent with the referenced documents and Plaintiff's characterizations of those documents.

148.   The allegations of this paragraph merely characterize or quote documents that speak for themselves, and so no response is required for those allegations. To the extent a response is required, Defendants deny any allegations that are inconsistent with the referenced documents and Plaintiff's characterizations of those documents.

149.   Defendants deny the allegations in paragraph 149.

150.   Defendants deny the allegations in paragraph 150.

151.   Defendants deny the allegations of paragraph 151.

152.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 152 and therefore deny those allegations. The remaining allegations in this paragraph merely characterize or quote U.S. Comm'n on Civil Rights, *With Liberty and Justice for All* (Sep. 2015),

24

https://www.usccr.gov/pubs/docs/Statutory_Enforcement_Report2015.pdf, which
speaks for itself, and so no response is required for those allegations. To the extent
a response is required, Defendants deny any allegations that are inconsistent with
the referenced document and Plaintiff's characterizations of that document.

153.    The allegations of this paragraph merely characterize or quote Xavier
Becerra, Cal. Att'y Gen., *Immigration Detention in California*, Cal. Dep't of
Justice (Feb. 2019),
https://oag.ca.gov/sites/all/files/agweb/pdfs/publications/immigration-detention-
2019.pdf, which speaks for itself, and so no response is required for those
allegations. To the extent a response is required, Defendants deny any allegations
that are inconsistent with the referenced document and Plaintiff's characterizations
of that document.

154.    The allegations of this paragraph merely characterize or quote
Disability Rights Cal., *There Is No Safety Here* (Mar. 2019),
https://www.disabilityrightsca.org/system/files/fileattachments/DRC_REPORT_A
DELANTOIMMIG_DETENTION_MARCH2019.pdf, which speaks for itself, and
so no response is required for those allegations. To the extent a response is
required, Defendants deny any allegations that are inconsistent with the referenced
document and Plaintiff's characterizations of that document.

155.    Defendants deny the allegations in paragraph 155.

156.    Defendants deny the allegations in the first and final sentences of
paragraph 156. Defendants deny the remainder of paragraph 156 because it
consists of statements or conclusions of law.

157.    Defendants deny the first sentence of paragraph 157 because it
consists of statements or conclusions of law. Defendants deny the remaining
allegations in the second sentence of paragraph 157.

158.    Defendants admit that ICE contends that detention is often necessary
and in some cases mandated by the Immigration and Nationality Act to ensure

court appearance. The remaining allegations in the first sentence of this paragraph

and in the second sentence of this paragraph merely characterize or quote U.S.

Gov't Accountability Office, GAO-15-26, *Alternatives to Detention: Improved*

*Data Collection and Analyses Needed to Better Assess Program Effectiveness*

(Nov. 2014), https://www.gao.gov/assets/670/666911.pdf, and National Immigrant

Justice Center, *A Better Way: Community-Based Programming as an Alternative*

*To Immigrant Incarceration* (Apr. 2019),

https://www.immigrantjustice.org/sites/default/files/uploaded-files/no-

contenttype/2019-04/A-Better-Way-report-April2019-FINAL-full.pdf, which

speak for themselves, and so no response is required for those allegations. To the

extent a response is required, Defendants deny any allegations that are inconsistent

with the referenced documents and Plaintiff's characterizations of those

documents. Defendants deny the allegations in the third sentence of paragraph 158.

**IV.    Defendants are Responsible for Selecting, Contracting, and Monitoring
         Conditions of Detention Facilities.**

159.    Defendants admit the allegations in paragraph 159.

160.    Defendants admit the allegations in the first and second sentences of

paragraph 160.  Defendants deny the allegations in the third sentence of paragraph

160 that submitting a contract discrepancy report for non-compliance is

discretionary.

161.    Defendants deny the allegations in the first sentence of paragraph 161.

Defendants deny the allegations in the second sentence of paragraph 161 to the

extent it alleges that Intergovernmental Service Agreements ("IGSAs") are

unlawful or that all local governments entering into IGSAs subcontract with a

private firm. The allegations in the third sentence of this paragraph merely

characterize or quote Office of Inspector Gen., U.S. Dep't of Homeland Sec., *OIG-*

*18-55:Immigration and Customs Enforcement Did Not Follow Federal*

*Procurement Guidelines When Contracting for Detention Services* (Feb. 21, 2018)

1   https://www.oig.dhs.gov/sites/default/files/assets/2018-02/OIG-18-53-Feb18.pdf,

2   which speaks for itself, and so no response is required for those allegations. To the

3   extent a response is required, Defendants deny any allegations that are inconsistent

4   with the referenced documents and Plaintiff's characterizations of those

5   documents.

6          162.    The allegations in first sentence in this paragraph merely characterize

7   or quote Office of Inspector Gen., U.S. Dep't of Homeland Sec., *OIG-19-18: ICE*

8   *Does Not Fully Use Contracting Tools to Hold Detention Facility Contractors*

9   *Accountable for Failing to Meet Performance Standards* (Jan. 29, 2019),

10  https://www.oig.dhs.gov/sites/default/files/assets/2019-02/OIG-19-18-Jan19.pdf,

11  which speaks for itself, and so no response is required for those allegations. To the

12  extent a response is required, Defendants deny any allegations that are inconsistent

13  with the referenced document and Plaintiff's characterization of that document.

14  Defendants deny the allegations in the second sentence of paragraph 162.

15         163.    The allegations in this paragraph merely characterize or quote

16  Memorandum from Sally Yates, Deputy Att'y Gen, to the Acting Dir. of the Fed.

17  Bureau of Prisons (Aug. 18, 2016),

18  https://www.justice.gov/archives/opa/file/886311/download., which speaks for

19  itself, and so no response is required for those allegations. To the extent a response

20  is required, Defendants deny any allegations that are inconsistent with the

21  referenced document and Plaintiff's characterization of that document.

22         164.    Defendants lack knowledge or information sufficient to form a belief

23  as to the truth of the allegations in the first sentence of this paragraph and therefore

24  deny those allegations. The remaining allegations in this paragraph merely

25  characterize or quote Homeland Security Advisory Council, U.S. Dep't of

26  Homeland Sec., *Report of the Subcommittee on Privatized Immigration Detention*

27  *Facilities* (Dec. 1, 2016),

28  https://www.dhs.gov/sites/default/files/publications/DHS%20HSAC%20PIDF%20

Final%20Report.pdf, which speaks for itself, and so no response is required for those allegations. To the extent a response is required, Defendants deny any allegations that are inconsistent with the referenced document and Plaintiff's characterization of that document.

165.    Defendants deny the allegations in the first sentence of paragraph 165. Defendants admit the allegations in the second sentence of paragraph 165.

166.    Defendants deny the allegations in paragraph 166.

167.    Defendants deny the allegations in the first sentence of paragraph 167. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore deny those allegations.

168.    Defendants deny the allegations in paragraph 168.

169.    Defendants deny the allegations in the first sentence of paragraph 169. Defendants admit that ICE contracts with private medical provider Correct Care Solutions ("CCS"), now rebranded as Wellpath, and Corizon. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore deny those allegations.

**V.    Multiple Government Entities, Including DHS Itself, Have Concluded That Defendants Are Not Adequately Monitoring and Overseeing Detention Facilities.**

170.    Defendants deny the allegations in paragraph 170.

171.    Defendants admit the allegations in the first sentence of paragraph 171. Defendants admit that nearly a quarter of detention facilities are jails where ICE maintains an average population of less than 10 detainees. Defendants deny the remaining allegations in paragraph 171.

172.    Defendants admit the allegations in paragraph 172.

173.    Defendants admit the allegations in the first sentence of paragraph 173. Defendants admit that ICE's External Reviews and Analysis Unit is

1  responsible for conducting a Detainee Death Review ("DDR") after a detained

2  individual dies.  Defendants deny the remaining allegations in paragraph 173.

3      174.    Defendants admit the allegations in paragraph 174.

4      175.    Defendants admit the allegations in paragraph 175.

5      176.    Defendants admit the allegations in paragraph 176.

6      177.    The allegations of this paragraph merely characterize or quote Office

7  of Inspector Gen., U.S. Dep't of Homeland Sec., *OIG-18-47: ICE's Inspections*

8  *and Monitoring of Detention Facilities Do Not Lead to Sustained Compliance or*

9  *Systemic Improvements* (Jun. 26, 2018),

10  https://www.oig.dhs.gov/sites/default/files/assets/2018-06/OIG-18-67-Jun18.pdf,

11  which speaks for itself, and so no response is required for those allegations. To the

12  extent a response is required, Defendants deny any allegations that are inconsistent

13  with the referenced document and Plaintiff's characterization of that document.

14      178.    The allegations of this paragraph merely characterize or quote Office

15  of Inspector Gen., U.S. Dep't of Homeland Sec., *OIG-18-47: ICE's Inspections*

16  *and Monitoring of Detention Facilities Do Not Lead to Sustained Compliance or*

17  *Systemic Improvements* (Jun. 26, 2018),

18  https://www.oig.dhs.gov/sites/default/files/assets/2018-06/OIG-18-67-Jun18.pdf,

19  which speaks for itself, and so no response is required for those allegations. To the

20  extent a response is required, Defendants deny any allegations that are inconsistent

21  with the referenced document and Plaintiff's characterization of that document.

22      179.    The allegations of this paragraph merely characterize or quote Office

23  of Inspector Gen., U.S. Dep't of Homeland Sec., *OIG-18-47: ICE's Inspections*

24  *and Monitoring of Detention Facilities Do Not Lead to Sustained Compliance or*

25  *Systemic Improvements* (Jun. 26, 2018),

26  https://www.oig.dhs.gov/sites/default/files/assets/2018-06/OIG-18-67-Jun18.pdf,

27  which speaks for itself, and so no response is required for those allegations. To the

28

1   extent a response is required, Defendants deny any allegations that are inconsistent

2   with the referenced document and Plaintiff's characterization of that document.

3       180.   The allegations of this paragraph merely characterize or quote Office

4   of Inspector Gen., U.S. Dep't of Homeland Sec., *OIG-18-47: ICE's Inspections*

5   *and Monitoring of Detention Facilities Do Not Lead to Sustained Compliance or*

6   *Systemic Improvements* (Jun. 26, 2018),

7   https://www.oig.dhs.gov/sites/default/files/assets/2018-06/OIG-18-67-Jun18.pdf,

8   which speaks for itself, and so no response is required for those allegations. To the

9   extent a response is required, Defendants deny any allegations that are inconsistent

10  with the referenced document and Plaintiff's characterization of that document.

11      181.   The allegations of this paragraph merely characterize or quote Office

12  of Inspector Gen., U.S. Dep't of Homeland Sec., *OIG-18-47: ICE's Inspections*

13  *and Monitoring of Detention Facilities Do Not Lead to Sustained Compliance or*

14  *Systemic Improvements* (Jun. 26, 2018),

15  https://www.oig.dhs.gov/sites/default/files/assets/2018-06/OIG-18-67-Jun18.pdf,

16  which speaks for itself, and so no response is required for those allegations. To the

17  extent a response is required, Defendants deny any allegations that are inconsistent

18  with the referenced document and Plaintiff's characterization of that document.

19      182.   The allegations of this paragraph merely characterize or quote

20  Homeland Security Advisory Council, U.S. Dep't of Homeland Sec., *Report of the*

21  *Subcommittee on Privatized Immigration Detention Facilities* (Dec. 1, 2016),

22  https://www.dhs.gov/sites/default/files/publications/DHS%20HSAC%20PIDF%20

23  20Final%20Report.pdf, and Letter from Lead Compliance Inspector, The

24  Nakamoto Grp., to Assistant Dir. for Detention Mgmt. (May 3, 2018),

25  https://www.ice.gov/doclib/facilityInspections/stewartDetCtrGA_CL_05_03_2018.

26  pdf, which speak for themselves. To the extent a response is required, Defendants

27  deny any allegations that are inconsistent with the referenced documents and

28  Plaintiff's characterizations of those documents.

183.    The allegations of this paragraph merely characterize or quote Office
of Inspector Gen., U.S. Dep't of Homeland Sec., *OIG-18-47: ICE's Inspections
and Monitoring of Detention Facilities Do Not Lead to Sustained Compliance or
Systemic Improvements* (Jun. 26, 2018),
https://www.oig.dhs.gov/sites/default/files/assets/2018-06/OIG-18-67-Jun18.pdf,
which speaks for itself, and so no response is required for those allegations. To the
extent a response is required, Defendants deny any allegations that are inconsistent
with the referenced documents and Plaintiff's characterizations of those
documents,

184.    The allegations of this paragraph merely characterize or quote Office
of Inspector Gen., U.S. Dep't of Homeland Sec., *OIG-18-47: ICE's Inspections
and Monitoring of Detention Facilities Do Not Lead to Sustained Compliance or
Systemic Improvements* (Jun. 26, 2018),
https://www.oig.dhs.gov/sites/default/files/assets/2018-06/OIG-18-67-Jun18.pdf,
which speaks for itself, and so no response is required for those allegations. To the
extent a response is required, Defendants deny any allegations that are inconsistent
with the referenced documents and Plaintiff's characterizations of those
documents.

185.    The allegations of this paragraph merely characterize or quote Office
of Inspector General, U.S. Dep't of Homeland Sec., *OIG-19-47: Concerns About
ICE Detainee Treatment and Care at Four Detention Facilities* (Jun. 3, 2019),
https://www.oig.dhs.gov/sites/default/files/assets/2019-06/OIG-19-47-Jun19.pdf,
which speaks for itself, and so no response is required for those allegations. To the
extent a response is required, Defendants deny any allegations that are inconsistent
with the referenced documents and Plaintiff's characterizations of those
documents.

186.    Defendants deny the allegations in the first sentence of paragraph 186.
The allegations in the remainder of this paragraph merely characterize or quote

1  Memorandum to Matthew Albence, Acting Deputy Dir., U.S. Immigration and

2  Customs Enforcement (Dec. 3, 2018),

3  https://tyt.com/stories/4vZLCHuQrYE4uKagy0oyMA/688s1LbTKvQKNCv2E9bu

4  688s1LbTKvQKNCv2E9bu7h., which speaks for itself, and so no response is

5  required for those allegations. To the extent a response is required, Defendants

6  deny any allegations that are inconsistent with the referenced documents and

7  Plaintiff's characterizations of those documents.

8        187.   Defendants deny the allegations in the first sentence. The remaining

9  allegations in this paragraph merely characterize or quote National Immigrant

10  Justice Center & Detention Watch Network, *ICE Lies: Public Deception, Private*

11  *Profit* (Jan. 2018), https://www.immigrantjustice.org/sites/default/files/content-

12  type/researchitem/documents/2018-02/IceLies_DWN_NIJC_Feb2018.pdf, which

13  speaks for itself, and so no response is required for those allegations. To the extent

14  a response is required, Defendants deny any allegations that are inconsistent with

15  the referenced documents and Plaintiff's characterizations of those documents.

16        188.   Defendants deny the allegations in the first sentence of paragraph 188.

17  The allegations in the remainder of this paragraph merely characterize or quote the

18  following, which speak for themselves: Office of Inspector General, U.S. Dep't of

19  Homeland Sec., *OIG Freedom of Information Act Request No. 2018-IGFO-00059*

20  *Final Response* (April 25, 2018), https://www.wabe.org/wp-

21  content/uploads/2018/05/2018-IGFO-00059_Final-Response_watermark-4.pdf;

22  Public Radio International, *Investigation finds ICE detention center cut corners*

23  *and skirted federal detention rules* (March 15, 2018*),*

24  https://www.pri.org/stories/2018-03-15/investigation-finds-icedetention- center-

25  cuts-corners-and-skirted-federal; and Katherine Hawkins, Project on Government

26  Oversight, *Outsourced Oversight* (March 12, 2019),

27  https://www.pogo.org/investigation/2019/03/outsourced-oversight. No response,

28  therefore, is required for those allegations. To the extent a response is required,

1  Defendants deny any allegations that are inconsistent with the referenced

2  documents and Plaintiff's characterizations of those documents.

3      189.    The allegations in this paragraph merely characterize or quote the

4  following, which speak for themselves: Letter from Lead Compliance Inspector,

5  The Nakamoto Grp., to Assistant Dir. for Detention Mgmt. (May 3, 2018),

6  https://www.icfe.gov/doclib/facilityInspections/stewartDetCtrGA_CL_05_03_201

7  8.pdf; Letter from Lead Compliance Inspector, The Nakamoto Grp., to Assistant

8  Dir. for Detention Mgmt. (Oct. 11, 2018),

9  https://www.ice.gov/doclib/facilityInspections/adelantoWestCa_CL_10_11_2018.p

10  df; Office of Inspector Gen., U.S. Dep't of Homeland Sec., *OIG-18-86:*

11  *Management Alert – Issues Requiring Action at the Adelanto ICE Processing*

12  *Center in Adelanto, California* (Sep.27, 2018),

13  https://www.oig.dhs.gov/sites/default/files/assets/2018-10/OIG-18-86-Sep18.pdf;

14  and Disability Rights Cal., *There Is No Safety Here* (Mar. 2019),

15  https://www.disabilityrightsca.org/system/files/fileattachments/DRC_REPORT_A

16  DELANTOIMMIG_DETENTION_MARCH2019.pdf. No response, therefore, is

17  required for those allegations. To the extent a response is required, Defendants

18  deny any allegations that are inconsistent with the referenced documents and

19  Plaintiff's characterizations of those documents.

20      190.    Defendants deny the allegations in the first sentence of paragraph 190.

21  Defendants admit that they continue to contract with Nakamoto for inspection

22  services but deny the remaining allegations in the fourth sentence of paragraph 190

23  The allegations in this paragraph merely characterize or quote the following, which

24  speak for themselves: Katherine Hawkins, *Outsourced Oversight*, Project on

25  Government Oversight (March 12, 2019),

26  https://www.pogo.org/investigation/2019/03/outsourcedoversight; and Letter from

27  Senator Elizabeth Warren *et al.* to Jennifer H. Nakamoto, President Nakamoto

28  Grp., (Apr. 15, 2018), https://www.warren.senate.gov/imo/media/doc/2018-11-

16%20Letter%20to%20Nakamoto%20Group%20re%20ICE%20Detention%20Fac ility%20Inspections.pdf. No response, therefore, is required for those allegations. To the extent a response is required, Defendants deny any allegations that are inconsistent with the referenced documents and Plaintiff's characterizations of those documents.

191.    Defendants deny the allegations in the first sentence of paragraph 191. The remaining allegations in this paragraph merely characterize or quote the following, which speak for themselves: Office of Detention Oversight, U.S. Dep't of Homeland Sec., *Enforcement and Removal Operations ERO Denver Field Office Denver Contract Detention Facility Aurora, CO* (April 2016), https://www.ice.gov/doclib/foia/odo-complianceinspections/ denverContractDetentionFacilityAuroraCoApr_12_14_2016.pdf; Office of Professional Responsibility, *Detainee Death Review – Kamyar Samimi* https://bento.cdn.pbs.org/hostedbentoprod/ filer_public/RMPBS%20PDFs/RMPBS%20News/2018-ICFO-47347.pdf; and Office of Inspector Gen., U.S. Dep't of Homeland Sec., *OIG-18-47: ICE's Inspections and Monitoring of Detention Facilities Do Not Lead to Sustained Compliance or Systemic Improvements* (Jun. 26, 2018), https://www.oig.dhs.gov/sites/default/files/assets/2018-06/OIG-18-67-Jun18.pdf. No response, therefore, is required for those allegations. To the extent a response is required, Defendants deny any allegations that are inconsistent with the referenced documents and Plaintiff's characterizations of those documents.

192.    Defendants deny the allegations in the first sentence of paragraph 192. Defendants admit that in trying to comply with approximately 4,000 specific requirements, some deficiencies may take longer than other to come into compliance.  Defendants deny the remaining allegations in paragraph 192.

193.    Defendants deny the allegations in the first sentence of paragraph 193. Defendants deny the fifth sentence of paragraph 193 because it consists of

1   statements or conclusions of law. The remaining allegations in this paragraph

2   merely characterize or quote Office for Civil Rights & Civil Liberties, U.S. Dep't

3   of Homeland Sec., *Fiscal Year 2015 Annual Report to Congress* (Jun. 10, 2016),

4   https://www.hsdl.org/?view&did=801456, which speaks for itself, and so no

5   response is required for those allegations. To the extent a response is required,

6   Defendants deny any allegations that are inconsistent with the referenced

7   documents and Plaintiff's characterizations of those documents. To the extent a

8   response is required, Defendants deny any allegations that are inconsistent with the

9   referenced documents and Plaintiff's characterizations of those documents.

10      194.    Defendants deny the allegations in paragraph 194.

11      195.    Defendants admit that Johana Medina was diagnosed with HIV while

12   in ICE custody and that she died after ICE released to her a hospital and that José

13   Luis Ibarra Bucio died after ICE released him to a hospital. Defendants deny the

14   remaining allegations in paragraph 195.

15      196.    Defendants deny the allegations in the first sentence of paragraph 196.

16   The allegations in the second sentence of this paragraph merely characterize or

17   quote Office of Inspector Gen., U.S. Dep't of Homeland Sec., *OIG-19-18: ICE*

18   *Does Not Fully Use Contracting Tools to Hold Detention Facility*

19   *ContractorsAccountable for Failing to Meet Performance Standards*, (Jan. 29,

20   2019), https://www.oig.dhs.gov/sites/default/files/assets/2019-02/OIG-19-18-

21   Jan19.pdf, which speaks for itself, and so no response is required for those

22   allegations. To the extent a response is required, Defendants deny any allegations

23   that are inconsistent with the referenced documents and Plaintiff's

24   characterizations of those documents.

25      197.    Defendants deny the allegations in the third sentence of paragraph

26   197. The remaining allegations in paragraph 197 merely characterize or quote

27   Office of Inspector Gen., U.S. Dep't of Homeland Sec., *OIG-19-18: ICE Does Not*

28   *Fully Use Contracting Tools to Hold Detention Facility Contractors Accountable*

1   *for Failing to Meet Performance Standards*, (Jan. 29, 2019),

2   https://www.oig.dhs.gov/sites/default/files/assets/2019-02/OIG-19-18-Jan19.pdf,

3   which speaks for itself, and so no response is required for those allegations. To the

4   extent a response is required, Defendants deny any allegations that are inconsistent

5   with the referenced documents and Plaintiff's characterizations of those

6   documents.

7        198.    Defendants admit the allegations in the fourth, fifth, and sixth

8   sentences of paragraph 198.  The remaining allegations in this paragraph merely

9   characterize or quote Office of Inspector Gen., U.S. Dep't of Homeland Sec., *OIG-*

10  *19-18: ICE Does Not Fully Use Contracting Tools to Hold Detention Facility*

11  *Contractors Accountable for Failing to Meet Performance Standards*, (Jan. 29,

12  2019), https://www.oig.dhs.gov/sites/default/files/assets/2019-02/OIG-19-18-

13  Jan19.pdf, which speaks for itself, and so no response is required for those

14  allegations. To the extent a response is required, Defendants deny any allegations

15  that are inconsistent with the referenced documents and Plaintiff's

16  characterizations of those documents.

17       199.    The allegations of this paragraph merely characterize or quote Office

18  of Inspector Gen., U.S. Dep't of Homeland Sec., *OIG-19-18: ICE Does Not Fully*

19  *Use Contracting Tools to Hold Detention Facility Contractors Accountable for*

20  *Failing to Meet Performance Standards* (Jan. 29, 2019),

21  https://www.oig.dhs.gov/sites/default/files/assets/2019-02/OIG-19-18-Jan19.pdf,

22  which speaks for itself, and so no response is required for those allegations. To the

23  extent a response is required, Defendants deny any allegations that are inconsistent

24  with the referenced documents and Plaintiff's characterizations of those

25  documents.

26       200.    The allegations of this paragraph merely characterize or quote Office

27  of Inspector Gen., U.S. Dep't of Homeland Sec., *OIG-19-18: ICE Does Not Fully*

28  *Use Contracting Tools to Hold Detention Facility Contractors Accountable for*

1   *Failing to Meet Performance Standards*, (Jan. 29, 2019),

2   https://www.oig.dhs.gov/sites/default/files/assets/2019-02/OIG-19-18-Jan19.pdf,

3   which speaks for itself, and so no response is required for those allegations. To the

4   extent a response is required, Defendants deny any allegations that are inconsistent

5   with the referenced documents and Plaintiff's characterizations of those

6   documents.

7          201.   This allegations of this paragraph merely characterize Office of

8   Inspector Gen., U.S. Dep't of Homeland Sec., *OIG-19-18: ICE Does Not Fully*

9   *Use Contracting Tools to Hold Detention Facility Contractors Accountable for*

10  *Failing to Meet Performance Standards* (Jan. 29, 2019),

11  https://www.oig.dhs.gov/sites/default/files/assets/2019-02/OIG-19-18-Jan19.pdf,

12  which speaks for itself, and so no response is required for those allegations. To the

13  extent a response is required, Defendants deny any allegations that are inconsistent

14  with the referenced documents and Plaintiff's characterizations of those

15  documents.

16         202.   The allegations in the first sentence of paragraph 202 merely

17  characterize or quote Office of Inspector Gen., U.S. Dep't of Homeland Sec., *OIG-*

18  *19-18: ICE Does Not Fully Use Contracting Tools to Hold Detention Facility*

19  *Contractors Accountable for Failing to Meet Performance Standards* (Jan. 29,

20  2019), https://www.oig.dhs.gov/sites/default/files/assets/2019-02/OIG-19-18-

21  Jan19.pdf, which speaks for itself, and so no response is required for those

22  allegations. To the extent that a response is required for those allegations,

23  Defendants deny the allegations. Defendants deny the allegations in the second

24  sentence of paragraph 202.

25

26

27

28

**VI.** **As a Result of Defendants' Failure to Monitor and Oversee Medical and Mental Health Care at Detention Facilities, Conditions in Those Facilities Constitute Punishment and Expose Plaintiffs and Class Members to Substantial Risk of Serious Harm.**

203. This paragraph merely characterizes Plaintiff's claims and allegations in the Complaint, and so no response is required for those allegations. To the extent the statements in this paragraph require an answer, Defendants deny them.

204. This paragraph merely characterizes Plaintiff's claims and allegations in the Complaint, and so no response is required for those allegations. To the extent the statements in this paragraph require an answer, Defendants deny them.

205. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny those allegations.

206. Defendants deny the allegations in paragraph 206.

207. Defendants deny paragraph 207 because it consists of statements or conclusions of law.

208. Defendants deny the allegations in paragraph 208.

**A. Defendants Systemically Fail to Ensure That Detained Individuals Receive Timely Medical and Mental Health Care.**

209. Defendants deny the allegations in paragraph 209.

210. Defendants deny the allegations in paragraph 210.

211. Defendants deny the allegations in the first sentence of paragraph 211. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of this paragraph and therefore deny those allegations.

212. Defendants deny the allegations in paragraph 212.

213. Defendants deny the allegations in paragraph 213.

214.    Defendants admit that plaintiff Jimmy Sudney had surgeries in 2015 and 2016 for conditions related to his vision, that he was transferred to Eloy on December 8, 2016, and that Mr. Sudney required off-site medical care on at least three occasions. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of this paragraph and therefore deny those allegations. Defendants deny the remaining allegations in this paragraph.

215.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third and fourth sentences of this paragraph and therefore deny those allegations. Defendants deny the remaining allegations in paragraph 215.

216.    Defendants admit that plaintiff Melvin Murillo required off-site emergency care but deny he had any hospitalizations to the extent that term means he was admitted overnight for treatment.  Defendants deny the remaining allegations in paragraph 216.

217.    Defendants admit the allegations in the first and second sentences of paragraph 217. Defendants deny the remaining allegations in paragraph 217 and aver that Mr. Murillo Hernandez was already being monitored in the medical when the events alleged in paragraph 217 allegedly occurred.  Defendants deny any allegation that Mr. Murillo Hernandez was not being monitored at any time during the events alleged in this paragraph.

218.    Defendants admit the allegations in the third sentence of paragraph 218.  Defendants admit that a nurse conducted a vision test for plaintiff Alex Hernandez and told him he did not meet ICE's requirements to see an optometrist. Defendants admit that Mr. Hernandez had a torn rotator cuff, has reported a history of Barrett's esophagus, and has reported pain in his legs, feet, and hips. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of this paragraph, and therefore deny

those allegations. Defendants lack knowledge or information sufficient to form a
belief as to the truth of the allegations in the fourth sentence that the findings of
Mr. Hernandez's vision test are not noted in his records, and therefore deny those
allegations. Defendants lack knowledge or information sufficient to form a belief
as to the truth of the allegations that Mr. Hernandez has experienced blurry vision
and cannot read his legal papers or other documents without borrowing another
detainee's glasses and therefore deny those allegations. Defendants deny the
remaining allegations in this paragraph.

219.     Defendants deny the allegations of paragraph 219.

220.     Defendants lack knowledge or information sufficient to form a belief
as to the truth of the allegations in the first sentence of paragraph 220 and therefore
deny those allegations. Defendants deny the allegations in the second sentence of
paragraph 220.

221.     The allegations of this paragraph merely characterize or quote Office
of Inspector Gen., U.S. Dep't of Homeland Sec., *OIG-18-86: Management Alert –
Issues Requiring Action at the Adelanto ICE Processing Center in Adelanto*,
*California* (Sept. 27, 2018),
https://www.oig.dhs.gov/sites/default/files/assets/2018-10/OIG-18-86-Sep18.pdf,
which speaks for itself, and so no response is required for those allegations. To the
extent a response is required, Defendants deny any allegations that are inconsistent
with the referenced documents and Plaintiff's characterizations of those
documents.

222.     The allegations of this paragraph merely characterize or quote Office
of Inspector Gen., Office of Homeland Sec., *OIG-18-32: Concerns About ICE
Detainee Treatment and Care at Detention Facilities* (2017),
https://www.oig.dhs.gov/sites/default/files/assets/2017-12/OIG-18-32-Dec17.pdf,
which speaks for itself, and so no response is required for those allegations. To the
extent a response is required, Defendants deny any allegations that are inconsistent

1    with the referenced documents and Plaintiff's characterizations of those

2    documents.

3        223.    The allegations of this paragraph merely characterize or quote

4    documents that speak for themselves, and so no response is required for those

5    allegations. To the extent a response is required, Defendants deny any allegations

6    that are inconsistent with the referenced documents and Plaintiff's

7    characterizations of those documents.

8        224.    The allegations in this paragraph merely characterize or quote Human

9    Rights Watch, Am. Civil Liberties Union, National Immigrant Justice Center &

10   Detention Watch Network, *Code Red: The Fatal Consequences of Dangerously*

11   *Substandard Medical Care in Immigration Detention* (June 2018),

12   https://www.hrw.org/sites/default/files/report_pdf/us0618_immigration_web2.pdf,

13   which speaks for itself, and so no response is required for those allegations. To the

14   extent a response is required, Defendants deny any allegations that are inconsistent

15   with the referenced documents and Plaintiff's characterizations of those

16   documents.

17       225.    Defendants deny the allegations in paragraph 225.

18       226.    Defendants admit that on April 13, 2017, Sergio Alonso Lopez died

19   from an upper gastrointestinal bleed. Defendants aver that Mr. Lopez died at the

20   Victor Valley Global Medical Center in Victorville, California. The remaining

21   allegations in paragraph 226 merely characterize or quote Office of Professional

22   Responsibility, *Detainee Death Review – Sergio Alonso Lopez*,

23   https://www.ice.gov/doclib/foia/reports/ddrLopez.pdf which speaks for itself, and

24   so no response is required for those allegations. To the extent a response is

25   required, Defendants deny any allegations that are inconsistent with the referenced

26   documents and Plaintiff's characterizations of those documents.

27       227.    Defendants admit that on April 6, 2015 Raul Ernesto Morales-Ramos

28   died of organ failure. Defendants aver that Mr. Morales-Ramos died at the

41

1  Palmdale Regional Medical Center in Palmdale, California. Defendants deny the

2  remaining allegations in paragraph 227.

3      228.    Defendants admit that on October 24, 2016, Olubunmi Toyin Joshua

4  died of hypertensive cardiovascular disease. Defendants aver that Ms. Joshua died

5  at the Haskill Memorial Hospital in Haskell, Texas.  The remaining allegations in

6  paragraph 228 merely characterize or quote Office of Professional Responsibility,

7  *Detainee Death Review – Olubunmi Toyin Joshua* (2016),

8  https://www.ice.gov/doclib/foia/reports/ddr-Joshua.pdf; and Human Rights Watch,

9  Am. Civil Liberties Union, National Immigrant Justice Center & Detention Watch

10  Network, *Code Red: The Fatal Consequences of Dangerously Substandard*

11  *Medical Care in Immigration Detention* (June 2018),

12  https://www.hrw.org/sites/default/files/report_pdf/us0618_immigration_web2.pdf,

13  which speak for themselves, and so no response is required for those allegations.

14  To the extent a response is required, Defendants deny any allegations that are

15  inconsistent with the referenced documents and Plaintiff's characterizations of

16  those documents.

17      229.    Defendants lack knowledge or information sufficient to form a belief

18  as to the truth of the allegations in the first sentence and therefore deny those

19  allegations. The allegations in the second sentence of this paragraph merely

20  characterize or quote Disability Rights Cal., *There Is No Safety Here* (Mar. 2019),

21  https://www.disabilityrightsca.org/system/files/fileattachments/DRC_REPORT_A

22  DELANTOIMMIG_DETENTION_MARCH2019.pdf, which speaks for itself, and

23  so no response is required for those allegations. To the extent a response is

24  required, Defendants deny any allegations that are inconsistent with the referenced

25  documents and Plaintiff's characterizations of those documents.

26      230.    Defendants lack knowledge or information sufficient to form a belief

27  as to the truth of the allegations in this paragraph and therefore deny those

28  allegations.

231.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny those allegations.

232.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny those allegations.

233.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny those allegations.

234.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny those allegations.

235.    The allegations in the first sentence of this paragraph merely characterize or quote Ken Silverstein, *Death Valley: Profit and Despair Inside California's Largest Immigration Detention Camp*, Project on Government Oversight (Dec. 22, 2018), https://www.pogo.org/investigation/2018/12/death-valley-profit-and-despair-insidecalifornias-largest-immigration-detention-camp/, which speaks for itself, and so no response is required for those allegations. To the extent that a response is required for those allegations, Defendants deny the allegations. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore deny those allegations.

236.    Defendants deny the allegations in paragraph 236.

**B. Defendants Systemically Fail to Ensure Timely Access to Medically Necessary Specialty and Chronic Care.**

237.    Defendants deny the allegations in paragraph 237.

238.    Defendants admit the allegations in the first sentence of paragraph 238. Defendants deny the allegations in the second sentence of paragraph 238. The

1   allegations in the third sentence of this paragraph merely characterize or quote U.S.

2   Gov't Accountability Office, *GAO-16-231*: *Immigration Detention-Additional*

3   *Actions Needed to Strengthen Management and Oversight of Detainee Medical*

4   *Care* (Feb. 2016), https://www.gao.gov/assets/680/675758.pdf, which speaks for

5   itself, and so no response is required for those allegations. To the extent that a

6   response is required for those allegations, Defendants deny the allegations.

7   239.    Defendants lack knowledge or information sufficient to form a belief

8   as to the truth of the allegation in this paragraph that appointments are particularly

9   difficult to reschedule in many Detention Facilities in rural areas and therefore

10  deny those allegations. Defendants deny the remaining allegations in paragraph

11  239.

12  240.    Defendants admit that timelines for approval exist and that IHSC is

13  involved in medical treatment decisions. The allegations in the second, third and

14  fourth sentences of this paragraph merely characterize or quote Human Rights

15  Watch & CIVIC, *Systemic Indifference: Dangerous and Substandard Medical*

16  *Care in U.S. Immigration Detention* (May 2017),

17  https://www.hrw.org/sites/default/files/report_pdf/usimmigration0517_web_0.pdf,

18  which speaks for itself, and so no response is required for those allegations. To the

19  extent a response is required, Defendants deny any allegations that are inconsistent

20  with the referenced documents and Plaintiff's characterizations of those

21  documents. Defendants deny the allegations in the fifth and sixth sentences of

22  paragraph 240.  Defendants deny the allegations in this paragraph to the extent

23  they allege anything other than elective treatment is denied.

24  241.    The allegations of this paragraph merely characterize or quote Xavier

25  Becerra, Cal. Att'y Gen., *Immigration Detention in California,* Cal. Dep't of

26  Justice (Feb. 2019),

27  https://oag.ca.gov/sites/all/files/agweb/pdfs/publications/immigration-detention-

28  2019.pdf, and New York Lawyers for the Public Interest, *Detained and Denied:*

*Healthcare Access in Immigration Detention* (February 2017),
https://www.nylpi.org/wp-content/uploads/2017/02/HJ-Health-in-Immigration-
Detention-Report_2017.pdf, which speak for themselves, and so no response is
required for those allegations. To the extent a response is required, Defendants
deny any allegations that are inconsistent with the referenced documents and
Plaintiff's characterizations of those documents.

242.    Defendants deny the allegations of paragraph 242.

243.    Defendants deny the allegations in the first and third sentences of
paragraph 243. The remaining allegations in this paragraph merely characterize or
quote documents that speak for themselves, and so no response is required for
those allegations. To the extent a response is required, Defendants deny any
allegations that are inconsistent with the referenced documents and Plaintiff's
characterizations of those documents.

244.    Defendants deny the allegations in paragraph 244.

245.    Defendants deny the allegations in paragraph 245.

246.    Defendants deny the allegations in the first sentence of paragraph 246.
Defendants lack knowledge or information sufficient to form a belief as to the truth
of the allegations relating to the risks of untreated neurocysticercosis and therefore
deny those allegations. Defendants deny the remaining allegations in paragraph
246.

247.    Defendants deny the allegation of paragraph 247.

248.    Defendants deny the allegations in paragraph 248.

249.    Defendants admit that plaintiff Salazar Artaga made multiple requests
related to medical needs, including on or about March 21, March 29, and April 7,
and April 16, 2019.  Defendants lack knowledge or information sufficient to form a
belief as to the truth of the allegations of this paragraph relating to the usual
regimen of plaintiff's dosing of Gabapentin and therefore deny those allegations.
Defendants deny the remaining allegations in paragraph 249.

250.    Defendants admit that plaintiff Edilberto García Guerrero filed a medical request for treatment of a "headache" claiming it caused blurred vision. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Mr. García Guerrero's chronic migraines and therefore deny those allegations. Defendants deny the remaining allegations in this paragraph.

251.    Defendants admit that Mr. García Guerrero suffers from vision problems, that he received vision examination/treatment, and that he saw an optometrist in June 2019. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph relating to the condition of Mr. García Guerrero's vision and to the value of vision acuity tests and therefore deny those allegations. Defendants deny the remaining allegations in this paragraph.

252.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 252 and therefore deny those allegations. Defendants deny the remaining allegations in this paragraph.

253.    Defendants admit that Mr. García Guerrero complained of decreased hearing as a result of being hit by a bat many years ago. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation relating to the current state of plaintiff's hearing and persistent pain in his left ear and therefore deny those allegations. Defendants deny the remaining allegations in this paragraph.

254.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, and fourth sentences in this paragraph and therefore deny those allegations. Defendants admit that plaintiff Guerrero was treated by a specialist for ankle pain that resulted in surgery, and that

1  he was provided with an ankle brace. Defendants deny the remaining allegations in
2  this paragraph.

3      255.    Defendants admit that plaintiff Alex Hernandez has a torn rotator cuff.
4  Defendants lack knowledge or information sufficient to form a belief as to the truth
5  of the allegations regarding the cause of that injury or the persistence and severity
6  of pain related to that injury and therefore deny those allegations. Defendants
7  admit that surgery was recommended for Mr. Hernandez, but deny the remaining
8  allegations in this paragraph and aver that Mr. Hernandez had surgery on
9  November 24, 2019.

10     256.    Defendants deny the allegations in the second sentence of paragraph
11 256. Defendants lack knowledge or information sufficient to form a belief as to the
12 truth of the allegations relating to effect of cortisone shots Mr. Hernandez received,
13 the degree and relating to the persistence of his pain or limitations in his range of
14 motion and therefore deny those allegations. Defendants admit the remaining
15 allegations in paragraph 256.

16     257.    Defendants admit that Mr. Hernandez was transferred in December
17 2018. Defendants lack knowledge or information sufficient to form a belief as to
18 the truth of the allegations in the seventh and eighth sentences of this paragraph
19 and therefore deny those allegations. Defendants deny the remaining allegations in
20 paragraph 257.

21     258.    Defendants admit that plaintiff suffers from medical issues related to
22 his hips, feet, and legs, and that he has received medical evaluation/treatment for
23 these issues. Defendants lack knowledge or information sufficient to form a belief
24 as to the truth of the allegations in the first and third sentences of this paragraph
25 regarding plaintiff's degree of pain or discomfort and therefore deny those
26 allegations. Defendants deny the remaining allegations in this paragraph.

27     259.    Defendants deny that Mr. Hernandez was diagnosed with Barrett's
28 Esophagus. Defendants lack knowledge or information sufficient to form a belief

1  as to the truth of the allegations regarding plaintiff's medical diagnoses,

2  examinations, and treatments prior to ICE custody and regarding risk factors for

3  esophageal cancer and therefore deny these allegations.

4       260.    Defendants admit that plaintiff Aristoteles Sanchez Martinez has

5  diabetes. Defendants lack knowledge or information sufficient to form a belief as

6  to the truth of the allegations regarding medical care provided to Mr. Sanchez

7  Martinez prior to his ICE detention and therefore deny such allegations.

8  Defendants deny the allegations in the second sentence. Defendants deny the

9  allegations in the third sentence that Mr. Sanchez Martinez's diabetes has

10  progressively worsened since being in ICE custody. Defendants deny the

11  remaining allegations in paragraph 260.

12       261.    Defendants deny the allegations of paragraph 261.

13       262.    Defendants deny the allegations of paragraph 262.

14       263.    Defendants lack knowledge or information sufficient to form a belief

15  as to the truth of the allegations in the first and fourth sentences of paragraph 263

16  and therefore deny those allegations. Defendants deny the remaining allegations in

17  paragraph 263.

18       264.    Defendants lack knowledge or information sufficient to form a belief

19  as to the truth of the allegations in the first sentence and the allegations in the third

20  sentence relating to the need for annual eye examinations and therefore deny those

21  allegations. Defendants deny the remaining allegations in paragraph 264.

22       265.    Defendants admit that plaintiff Ruben Darío Mencías Soto was

23  diagnosed with herniated disks of the vertebrae. Defendants admit that Mr.

24  Mencías Soto received x-rays and an MRI scan. Defendants lack knowledge or

25  information sufficient to form a belief as to the truth of the remaining allegations in

26  paragraph 265 and therefore deny them.

27       266.    Defendants lack knowledge or information sufficient to form a belief

28  as to the truth of the allegations in the first and second sentences of paragraph 266

and therefore deny those allegations.  Defendants admit that Mr. Mencías Soto reported pain but deny the remaining allegations in paragraph 266.

267.    Defendants deny the allegations in the first four sentences of paragraph 267. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the fifth sentence of paragraph 267 and therefore deny them.

268.    Defendants deny the allegations of paragraph 268.

269.    Defendants deny the allegations in the first sentence of paragraph 269. The allegations in the second sentence of this paragraph merely characterize or quote Office of Inspector General, U.S. Dep't of Homeland Sec., *OIG Freedom of Information Act Request No. 2018-IGFO-00059 Final Response* (April 25, 2018), https://www.wabe.org/wp-content/uploads/2018/05/2018-IGFO-00059_Final-Response_watermark-4.pdf, which speaks for itself, and so no response is required for those allegations. To the extent a response is required, Defendants deny any allegations that are inconsistent with the referenced documents and Plaintiff's characterizations of those documents. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of this paragraph relating to a Health Services Administrator at Stewart making statements to an OIG inspector and therefore deny those allegations. Defendants admit that Stewart is approximately two hours and fifteen minutes from Atlanta, and 45 minutes from Columbus, Georgia.  Defendants admit that LaSalle, Rolling Plains, Pine Prairie ICE Processing Center, and Irwin are outside major population areas. Defendants deny there is insufficient medical care provided to detainees.

270.    The allegations of this paragraph merely characterize or quote Office of Inspector General, U.S. Dep't of Homeland Sec., *OIG Freedom of Information Act Request No. 2018-IGFO-00059 Final Response* (April 25, 2018), https://www.wabe.org/wp-content/uploads/2018/05/2018-IGFO-00059_Final-Response_watermark-4.pdf, which speaks for itself, and so no response is required

49

1 | for those allegations. To the extent a response is required, Defendants deny any
2 | allegations that are inconsistent with the referenced documents and Plaintiff's
3 | characterizations of those documents.

4 |      271.    The allegations of this paragraph merely characterize or quote Office
5 | of Inspector General, U.S. Dep't of Homeland Sec., *OIG Freedom of Information*
6 | *Act Request No. 2018-IGFO-00059 Final Response* (April 25, 2018),
7 | ttps://www.wabe.org/wp-content/uploads/2018/05/2018-IGFO-00059_Final-
8 | Response_watermark-4.pdf, which speaks for itself, and so no response is required
9 | for those allegations. To the extent a response is required, Defendants deny any
10 | allegations that are inconsistent with the referenced documents and Plaintiff's
11 | characterizations of those documents.

12 |      272.    Defendants deny the allegations of paragraph 272.

13 |      273.    The allegations of this paragraph merely characterize or quote DDRs
14 | that speak for themselves, and so no response is required for those allegations. To
15 | the extent a response is required, Defendants deny any allegations that are
16 | inconsistent with the referenced documents and Plaintiff's characterizations of
17 | those documents.

18 |      274.    Defendants admit that Sergio Alonso Lopez died in April 2017.
19 | Defendants lack knowledge or information sufficient to form a belief as to the truth
20 | of the remaining allegations in the first sentence of this paragraph. The remaining
21 | allegations in this paragraph merely characterize or quote Office of Professional
22 | Responsibility, *Detainee Death Review – Sergio Alonso Lopez*,
23 | https://www.ice.gov/doclib/foia/reports/ddrLopez.pdf, which speaks for itself, and
24 | so no response is required for those allegations. To the extent a response is
25 | required, Defendants deny any allegations that are inconsistent with the referenced
26 | documents and Plaintiff's characterizations of those documents.

27 |      275.    The allegations of this paragraph merely characterize or quote Office
28 | of Professional Responsibility, *Detainee Death Review – Sergio Alonso Lopez*,

1   https://www.ice.gov/doclib/foia/reports/ddrLopez.pdf, which speaks for itself, and
2   so no response is required for those allegations. To the extent a response is
3   required, Defendants deny any allegations that are inconsistent with the referenced
4   documents and Plaintiff's characterizations of those documents.

5        276.    Defendants admit that on June 13, 2016, Luis Alonso Fino Martinez
6   died while in ICE custody at Essex County. Defendants aver that Mr. Fino
7   Martinez died at Rutgers Hospital in Newark, NJ. The remaining allegations in this
8   paragraph merely characterize or quote Office of Professional Responsibility,
9   *Detainee Death Review – Moises Tino-Lopez*,
10  https://www.ice.gov/doclib/foia/reports/ddr-Tino.pdf, which speaks for itself, and
11  so no response is required for those allegations. To the extent a response is
12  required, Defendants deny any allegations that are inconsistent with the referenced
13  documents and Plaintiff's characterizations of those documents.

14       277.    Defendants admit that on March 17, 2016, Thongchay Saengsiri died
15  while detained at the LaSalle Detention Center in Jena, Louisiana. Defendants aver
16  that Mr. Saengsiri died at the LaSalle Hospital in Jena, LA. Defendants lack
17  knowledge or information sufficient to form a belief as to the truth of the
18  allegations relating to the independent medical experts in this paragraph and
19  therefore deny those allegations. The remaining allegations in this paragraph
20  merely characterize or quote Office of Professional Responsibility, *Detainee Death*
21  *Review – Thongchay Saengsiri*, https://www.ice.gov/doclib/foia/reports/ddr-
22  Saengsiri.pdf, which speaks for itself, and so no response is required for those
23  allegations. To the extent a response is required, Defendants deny any allegations
24  that are inconsistent with the referenced documents and Plaintiff's
25  characterizations of those documents.

26       278.    Defendants admit that Raul Ernesto Morales Ramos died in April
27  2015 while detained at Adelanto but deny the remaining allegations in the first
28  sentence of paragraph 278. Defendants aver that Mr. Morales Ramos died at the

1  Palmdale Regional Medical Center in Palmdale, California. The remaining
2  allegations in this paragraph merely characterize or quote Office of Professional
3  Responsibility, Office of Detention Oversight, *Detainee Death Review – Raul*
4  *Ernesto Morales-Ramos*, https://www.ice.gov/doclib/foia/reports/ddr-morales.pdf,
5  which speaks for itself, and so no response is required for those allegations. To the
6  extent a response is required, Defendants deny any allegations that are inconsistent
7  with the referenced documents and Plaintiff's characterizations of those
8  documents.

9      279.    The allegations of this paragraph merely characterize or quote Office
10 of Professional Responsibility, Office of Detention Oversight, *Detainee Death*
11 *Review – Raul Ernesto Morales-Ramos*,
12 https://www.ice.gov/doclib/foia/reports/ddr-morales.pdf, which speaks for itself,
13 and so no response is required for those allegations. To the extent a response is
14 required, Defendants deny any allegations that are inconsistent with the referenced
15 documents and Plaintiff's characterizations of those documents.

16     280.    Defendants deny the allegations of paragraph 280.

17 **C. Defendants Systemically Fail to Ensure That Care is Provided By**
18     **Trained or Qualified Personnel.**

19     281.    Defendants deny the allegations of paragraph 281.

20     282.    Defendants deny the allegations of paragraph 282.

21     283.    The allegations of this paragraph merely characterize or quote Email
22 to Matthew Albence, Acting Deputy Dir., U.S. Immigration and Customs
23 Enforcement (Dec. 3, 2018),
24 https://tyt.com/stories/4vZLCHuQrYE4uKagy0oyMA/688s1LbTKvQKNCv2E9bu
25 7h, which speaks for itself, and so no response is required for those allegations. To
26 the extent a response is required, Defendants deny any allegations that are
27 inconsistent with the referenced documents and Plaintiff's characterizations of
28 those documents.

284.    The allegations of this paragraph merely characterize or quote Office of Inspector Gen., Office of Homeland Sec., *OIG-11-61: Management of Mental Health Cases in Immigration Detention* (2011), https://www.hsdl.org/?view&did=6985, which speaks for itself, and so no response is required for those allegations. To the extent a response is required, Defendants deny any allegations that are inconsistent with the referenced documents and Plaintiff's characterizations of those documents.

285.    Defendants deny the allegations of paragraph 285.

286.    Defendants deny the allegations of paragraph 286.

287.    The allegations of this paragraph merely characterize or quote Human Rights Watch & CIVIC, *Systemic Indifference: Dangerous and Substandard Medical Care in U.S. Immigration Detention* (May 2017), https://www.hrw.org/sites/default/files/report_pdf/usimmigration0517_web_0.pdf, which speaks for itself, and so no response is required for those allegations. To the extent a response is required, Defendants deny any allegations that are inconsistent with the referenced documents and Plaintiff's characterizations of those documents.

288.    Defendants deny the allegations of paragraph 288.

289.    Defendants admit the allegations in the first sentence of this paragraph.  Defendants admit the allegations in the fourth sentence of paragraph 289, but only to the extent that hospitalization refers to Plaintiff Melvin Murillo Hernandez's examination or treatment in an emergency room followed by release the same day. Defendants deny that medical staff was not monitoring Mr. Murillo Hernandez's condition. Defendants deny the remaining allegations in this paragraph.

290.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of paragraph 290 and

therefore deny those allegations. Defendants deny the remaining allegations in this paragraph.

291. Defendants admit that plaintiff Salazar Artaga requested medication and that he was placed on suicide watch. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph that Mr. Salazar Artaga had taken Risperidone previously and needed it for a long-standing condition and therefore deny those allegations. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth and fifth sentences in this paragraph and therefore deny those allegations. Defendants deny the remaining allegations in this paragraph.

292. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the risk of coma and death from insulin overdoses and therefore deny those allegations. Defendants deny the remaining allegations in this paragraph.

293. Defendants deny the allegations of paragraph 293.

294. The allegations of this paragraph merely characterize or quote DDRs that speak for themselves, and so no response is required for those allegations. To the extent a response is required, Defendants deny any allegations that are inconsistent with the referenced documents and Plaintiff's characterizations of those documents.

295. The allegations in the first sentence of paragraph 295 merely characterize or quote DDRs that speak for themselves, and so no response is required for those allegations. To the extent a response is required, Defendants deny any allegations that are inconsistent with the referenced documents and Plaintiff's characterizations of those documents.  Defendants deny the remaining allegations in this paragraph.

296.    The allegations of this paragraph merely characterize or quote Office
of Professional Responsibility, *Detainee Death Review- Kamyar Samimi* (2017),
https://bento.cdn.pbs.org/hostedbentoprod/filer_public/RMPBS%20PDFs/RMPBS
%20News/2018-ICFO-47347.pdf and Memorandum from Jennifer M. Fenton,
Assistant Dir., U.S. Immigration And Customs Enforcement, to Matthew Albence,
Exec. Assoc. Dir., Enforcement and Removal Operations (May 22, 2018),
https://bento.cdn.pbs.org/hostedbentoprod/
filer_public/RMPBS%20PDFs/RMPBS%20News/2018-ICFO-47347.pdf, which
speak for themselves, and so no response is required for those allegations. To the
extent a response is required, Defendants deny any allegations that are inconsistent
with the referenced documents and Plaintiff's characterizations of those
documents.

297.    The allegations of this paragraph merely characterize or quote Office
of Professional Responsibility, *Detainee Death Review- Kamyar Samimi* (2017),
https://bento.cdn.pbs.org/hostedbentoprod/.

298.    The allegations of this paragraph merely characterize or quote Office
of Professional Responsibility, *Detainee Death Review- Kamyar Samimi* (2017),
https://bento.cdn.pbs.org/hostedbentoprod/filer_public/RMPBS%20PDFs/RMPBS
%20News/2018-ICFO-47347.pdf , which speaks for itself, and so no response is
required for those allegations. To the extent a response is required, Defendants
deny any allegations that are inconsistent with the referenced documents and
Plaintiff's characterizations of those documents.

299.    Defendants admit that Olubunmi Toyin Joshua died in October 2016
while detained at Rolling Plains. Defendants aver that Ms. Joshua died at the
Haskill Memorial Hospital in Haskill, Texas. The remaining allegations in this
paragraph merely characterize or quote Office of Professional Responsibility,
*Detainee Death Review – Olubunmi Toyin Joshua* (2016),
https://www.ice.gov/doclib/foia/reports/ddr-Joshua.pdf, which speaks for itself,

1   and so no response is required for those allegations. To the extent a response is

2   required, Defendants deny any allegations that are inconsistent with the referenced

3   documents and Plaintiff's characterizations of those documents.

4       300.    Defendants admit that on September 27, 2016, Moises Tino Lopez

5   died while in ICE custody at Hall County. Defendants aver that Mr. Tino died at

6   the St. Francis Medical Center in Grand Isle, Nebraska. The allegations in the

7   second and third sentences of this paragraph merely characterize or quote Office of

8   Professional Responsibility, *Detainee Death Review – Moises Tino-Lopez,*

9   https://d1zbh0am38bx6v.cloudfront.net/wpcontent/uploads/2018/07/17044550/ddr

10  -Tino.pdf, which speaks for itself, and so no response is required for those

11  allegations. To the extent a response is required, Defendants deny any allegations

12  that are inconsistent with the referenced documents and Plaintiff's

13  characterizations of those documents. Defendants lack knowledge or information

14  sufficient to form a belief as to the truth of the allegations in this paragraph relating

15  to the independent medical experts and therefore deny those allegations.

16      301.    Defendants admit that Raul Ernesto Morales Ramos died on April 6,

17  2015 while detained at Adelanto. Defendants lack knowledge or information

18  sufficient to form a belief as to the truth of the remaining allegations in the first

19  sentence of paragraph 301 and thus deny them. Defendants deny the allegation that

20  Adelanto medical staff neglected to treat Mr. Morales' gastrointestinal cancer. The

21  allegations in the second and third sentences of this paragraph merely characterize

22  or quote Office of Professional Responsibility, Office of Detention Oversight,

23  *Detainee Death Review – Raul Ernesto Morales-Ramos*,

24  https://www.ice.gov/doclib/foia/reports/ddr-morales.pdf, which speaks for itself,

25  and so no response is required for those allegations. To the extent a response is

26  required, Defendants deny any allegations that are inconsistent with the referenced

27  documents and Plaintiff's characterizations of those documents.

28

302.    Defendants admit that on May 1, 2016, Igor Zyazin died while detained at Otay Mesa. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 302 and thus deny them. Defendants admit that Mr. Zyazin was previously detained at the San Luis Regional Detention Center. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations relating to the independent medical experts in this paragraph and therefore deny those allegations. The allegations in the third sentence of this paragraph merely characterize or quote Office of Professional Responsibility, *Detainee Death Review – Igor Zyazin,* https://www.ice.gov/doclib/foia/reports/ddr-Zyazin.pdf, which speaks for itself, and so no response is required for those allegations. To the extent a response is required, Defendants deny any allegations that are inconsistent with the referenced documents and Plaintiff's characterizations of those documents.

303.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first seven sentences of paragraph 303 and therefore deny those allegations. The remaining allegations in this paragraph merely characterize or quote Human Rights Watch & CIVIC, *Systemic Indifference: Dangerous and Substandard Medical Care in U.S. Immigration Detention* (May 2017), https://www.hrw.org/sites/default/files/report_pdf/usimmigration0517_web_0.pdf, which speaks for itself, and so no response is required for those allegations. To the extent a response is required, Defendants deny any allegations that are inconsistent with the referenced documents and Plaintiff's characterizations of those documents.

304.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph and therefore deny those allegations. The remaining allegations in this paragraph merely

characterize or quote Human Rights Watch & CIVIC, *Systemic Indifference: Dangerous and Substandard Medical Care in U.S. Immigration Detention* (May 2017), https://www.hrw.org/sites/default/files/report_pdf/usimmigration0517_web_0.pdf, which speaks for itself, and so no response is required for those allegations. To the extent a response is required, Defendants deny any allegations that are inconsistent with the referenced documents and Plaintiff's characterizations of those documents.

305.    Defendants admit that Marjorie Annmarie Bell died of a heart attack in February 2014 and that Ms. Bell complained of heart pain. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations relating to the independent medical experts in this paragraph and therefore deny those allegations. The remaining allegations in this paragraph merely characterize or quote Office of Professional Responsibility, *Detainee Death Review – Marjorie Annmarie Bell,* https://www.ice.gov/doclib/foia/reports/ddr-bell.pdf, which speaks for itself, and so no response is required for those allegations. To the extent a response is required, Defendants deny any allegations that are inconsistent with the referenced documents and Plaintiff's characterizations of those documents.

306.    Defendants deny the allegations of paragraph 306.

**D. Defendants Systemically Fail to Ensure Detained Individuals Receive Timely Emergency Health Care.**

307.    Defendants deny the allegations in paragraph 307.

308.    Defendants deny the allegations in paragraph 308.

309.    Defendants deny the allegations in paragraph 309.

310.    Defendants deny the allegations in paragraph 310.

311.    Defendants deny the allegations in the first sentence of paragraph 311. The remaining allegations in this paragraph merely characterize or quote a

document that speaks for itself, and so no response is required for those allegations. To the extent a response is required, Defendants deny any allegations that are inconsistent with the referenced documents and Plaintiff's characterizations of those documents.

312. Defendants deny the allegations of paragraph 312.

313. Defendants admit the allegations in the first sentence of paragraph 313. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 313 and therefore deny those allegations.

314. Defendants admit the allegations in the first sentence of paragraph 314. Defendants lack knowledge sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 314 and therefore deny those allegations. Defendants deny the remaining allegations in paragraph 314.

315. Defendants deny the allegations of paragraph 315.

316. Defendants deny the allegations of paragraph 316.

317. Defendants deny the allegations in the first and third sentences of paragraph 317. The remaining allegations in this paragraph merely characterize or quote documents that speak for themselves, and so no response is required for those allegations. To the extent a response is required, Defendants deny any allegations that are inconsistent with the referenced documents and Plaintiff's characterizations of those documents.

318. Defendants deny the allegations of paragraph 318.

319. Defendants admit that Mr. De la Rosa died while detained at Stewart. The remaining allegations this paragraph merely characterize or quote documents that speak for themselves. To the extent a response is required, Defendants deny any allegations that are inconsistent with the referenced documents and Plaintiffs' characterizations of those documents.

1      320.   Defendants admit that Mr. Samimi died while in custody at Aurora.

2  The remaining allegations in paragraph 320 merely characterize or quote Mr.

3  Samimi's DDR, Office of Professional Responsibility, *Detainee Death Review-*

4  *Kamyar Samimi* (2017),

5  https://bento.cdn.pbs.org/hostedbentoprod/filer_public/RMPBS%20PDFs/RMPBS

6  %20News/2018-ICFO-47347.pdf, which speaks for itself, and so no response is

7  required for those allegations. To the extent a response is required, Defendants

8  deny any allegations that are inconsistent with the referenced document and

9  Plaintiffs' characterizations of that document.

10      321.   The allegations in paragraph 321 merely characterize or quote Mr.

11  Samimi's DDR, which speaks for itself, and so no response is required for those

12  allegations. To the extent a response is required, Defendants deny any allegations

13  that are inconsistent with the referenced document and Plaintiffs' characterizations

14  of that document.

15      322.   The allegations in paragraph 322 merely characterize or quote Mr.

16  Samimi's DDR, which speaks for itself, and so no response is required for those

17  allegations. To the extent a response is required, Defendants deny any allegations

18  that are inconsistent with the referenced document and Plaintiffs' characterizations

19  of that document.

20      323.   The allegations in paragraph 323 merely characterize or quote Mr.

21  Samimi's DDR, which speaks for itself, and so no response is required for those

22  allegations. To the extent a response is required, Defendants deny any allegations

23  that are inconsistent with the referenced document and Plaintiffs' characterizations

24  of that document.

25      324.   The allegations in paragraph 324 merely characterize or quote Mr.

26  Samimi's DDR, which speaks for itself, and so no response is required for those

27  allegations. To the extent a response is required, Defendants deny any allegations

28

1   that are inconsistent with the referenced document and Plaintiffs' characterizations
2   of that document.

3        325.   The allegations in paragraph 325 merely characterize or quote Mr.
4   Samimi's DDR, which speaks for itself, and so no response is required for those
5   allegations. To the extent a response is required, Defendants deny any allegations
6   that are inconsistent with the referenced document and Plaintiffs' characterizations
7   of that document.

8        326.   The allegations in paragraph 326 merely characterize or quote Mr.
9   Samimi's DDR, which speaks for itself, and so no response is required for those
10   allegations. To the extent a response is required, Defendants deny any allegations
11   that are inconsistent with the referenced document and Plaintiffs' characterizations
12   of that document.

13        327.   Defendants admit that Mr. Campos died. Defendants admit that Mr.
14   Campos was detained at the South Texas Facility. The remaining allegations in
15   paragraph 327 merely characterize or quote Mr. Campos's DDR, Office of
16   Professional Responsibility, Office of Detention Oversight, *Detainee Death*
17   *Review – Wenesclau Esmerio Campos*,
18   https://www.ice.gov/doclib/foia/reports/ddr-Campos.pdf, which speaks for itself,
19   and so no response is required for those allegations. To the extent a response is
20   required, Defendants deny any allegations that are inconsistent with the referenced
21   document and Plaintiffs' characterizations of that document.

22        328.   The allegations in paragraph 328 merely characterize or quote Mr.
23   Campos's DDR, Office of Professional Responsibility, Office of Detention
24   Oversight, *Detainee Death Review – Wenesclau Esmerio Campos*,
25   https://www.ice.gov/doclib/foia/reports/ddr-Campos.pdf, which speaks for itself,
26   and so no response is required for those allegations. To the extent a response is
27   required, Defendants deny any allegations that are inconsistent with the referenced
28   document and Plaintiffs' characterizations of that document.

329.   Defendants admit that Mr. Zyazin died while detained at Otay Mesa. The remaining allegations in paragraph 329 merely characterize or quote Mr. Zyazin's DDR, Office of Professional Responsibility, *Detainee Death Review – Igor Zyazin*, https://www.ice.gov/doclib/foia/reports/ddr-Zyazin.pdf, which speaks for itself, and so no response is required for those allegations. To the extent a response is required, Defendants deny any allegations that are inconsistent with the referenced document and Plaintiffs' characterizations of that document.

330.   The allegations in paragraph 330 merely characterize or quote Mr. Igor Zyazin's DDR, Office of Professional Responsibility, *Detainee Death Review – Igor Zyazin*, https://www.ice.gov/doclib/foia/reports/ddr-Zyazin.pdf, which speaks for itself, and so no response is required for those allegations. To the extent a response is required, Defendants deny any allegations that are inconsistent with the referenced document and Plaintiffs' characterizations of that document.

331.   Defendants admit that Mr. Padilla died while in ICE custody at Otero County. The remaining allegations in paragraph 331 merely characterize or quote Mr. Padilla's DDR, which speaks for itself, and so no response is required for those allegations. To the extent a response is required, Defendants deny any allegations that are inconsistent with the referenced document and Plaintiffs' characterizations of that document.

332.   The allegations in the first, third, and fourth sentences of paragraph 332 merely characterize or quote Mr. Barcena's DDR, which speaks for itself, and so no response is required for those allegations. To the extent a response is required, Defendants deny any allegations that are inconsistent with the referenced document and Plaintiffs' characterizations of that document. The second sentence of paragraph 332 merely characterize or quote Human Rights Watch, Am. Civil Liberties Union, National Immigrant Justice Center & Detention Watch Network, *Code Red: The Fatal Consequences of Dangerously Substandard Medical Care in Immigration Detention*, (June 2018),

1  https://www.hrw.org/sites/default/files/report_pdf/us0618_immigration_web2.pdf,

2  which speaks for itself, and so no response is required for those allegations. To the

3  extent a response is required, Defendants deny any allegations that are inconsistent

4  with the referenced document and Plaintiffs' characterizations of that document.

5  333.  Defendants admit that Mr. Azurdia-Hernandez died while detained at

6  Adelanto. The remaining allegations in paragraph 333 merely characterize or quote

7  Mr. Jose Manuel Azurdia-Hernandez's DDR, Professional Responsibility, Office

8  of Detention Oversight, *Detainee Death Review- Jose Manuel Azurdia-Hernandez*,

9  (2016), https://www.ice.gov/doclib/foia/reports/ddr-Azurdia.pdf, which speaks for

10  itself, and so no response is required for those allegations. To the extent a response

11  is required, Defendants deny any allegations that are inconsistent with the

12  referenced document and Plaintiffs' characterizations of that document.

13  334.  The allegations in paragraph 333 merely characterize or quote Human

14  Rights Watch, Am. Civil Liberties Union, National Immigrant Justice Center &

15  Detention Watch Network, *Code Red: The Fatal Consequences of Dangerously*

16  *Substandard Medical Care in Immigration Detention*, (June 2018),

17  https://www.hrw.org/sites/default/files/report_pdf/us0618_immigration_web2.pdf,

18  which speaks for itself, and so no response is required for those allegations. To the

19  extent a response is required, Defendants deny any allegations that are inconsistent

20  with the referenced document and Plaintiffs' characterizations of that document.

21  335.  Defendants deny the allegations in paragraph 335.

22  **E. Defendants Systemically Fail to Ensure Adequate Physical and Mental**

23  **Health Intake Screening**

24  336.  Defendants deny the allegations in paragraph 336.

25  337.  Defendants deny the allegations in paragraph 337.

26  338.  Defendants deny the allegations in the first, second, and third

27  sentences of paragraph 338. Defendants admit that Mr. Rodriguez Delgadillo has

28

1   had multiple acute psychiatric episodes but deny the remaining allegations in the

2   fourth sentence of paragraph 338.

3       339.   Defendants admit the allegations in the first and second sentences of

4   paragraph 339. Defendants admit that Mr. Murillo Hernandez went into life-

5   threatening anaphylactic shock, but deny that he was hospitalized three times.

6   Defendants admit the allegations in the fourth sentence. Defendants admit that he

7   was hospitalized on May 5 and 6, 2019, in response to anaphylaxis from his food

8   allergies but deny the remaining allegations in the fifth sentence of paragraph 339.

9   Defendants deny the allegations in the sixth sentence of paragraph 339.

10      340.   Defendants deny the allegations in the first sentence of paragraph 340.

11  Defendants admit that Aurora never requested Mr. García Guerrero's previous

12  medical records regarding his right ankle but aver that he nevertheless received an

13  x-ray and orthopedic consultation after he was admitted to Aurora. Defendants lack

14  knowledge or information sufficient to form a belief as to the truth of the

15  allegations that he received orthopedic surgery about six years ago, and therefore

16  deny that allegation.  Defendants deny the allegation that Mr. García Guerrero

17  experienced a new injury to this ankle while in ICE custody.

18      341.   Defendants deny the allegations in the first, third, and fifth sentences

19  of paragraph 341. Defendants admit the allegations in the second and fourth

20  sentences of paragraph 341.

21      342.   Defendants deny the allegations in paragraph 342.

22      343.   The allegations in paragraph 344 merely characterize or quote that

23  U.S. Immigration & Customs Enforcement, Dep't of Homeland Sec., *Immigration*

24  *Detention Overview and Recommendations* (Oct. 6, 2009),

25  https://www.ice.gov/doclib/about/offices/odpp/pdf/ice-detention-rpt.pdf, which

26  speaks for itself, and so no response is required for those allegations. To the extent

27  a response is required, Defendants deny any allegations that are inconsistent with

28  the referenced documents and Plaintiff's characterizations of those documents.

344.   The allegations in paragraph 344 merely characterize or quote U.S. Immigration & Customs Enforcement, Dep't of Homeland Sec., *Immigration Detention Overview and Recommendations* (Oct. 6, 2009), https://www.ice.gov/doclib/about/offices/odpp/pdf/ice-detention-rpt.pdf, which speaks for itself, and so no response is required for those allegations. To the extent a response is required, Defendants deny any allegations that are inconsistent with the referenced document and Plaintiffs' characterizations of that document.

345.   The allegations in paragraph 345 merely characterize or quote Office of Inspector Gen., Dep't of Homeland Sec., *OIG-11-62: Management of Mental Health Cases in Immigration Detention* (Mar. 2011), https://www.hsdl.org/?abstract&did=6985, which speaks for itself, and so no response is required for those allegations. To the extent a response is required, Defendants deny any allegations that are inconsistent with the referenced document and Plaintiffs' characterizations of that document.

346.   The allegations in paragraph 346 merely characterize or quote U.S. Gov't Accountability Office, GAO-16-231, *Additional Actions Needed to Strengthen Management and Oversight of Detainee Medical Care* (Feb. 2016), https://www.gao.gov/assets/680/675484.pdf, which speaks for itself, and so no response is required for those allegations. To the extent a response is required, Defendants deny any allegations that are inconsistent with the referenced document and Plaintiffs' characterizations of that document.

347.   The allegations in paragraph 347 merely characterize or quote Office of Inspector Gen., Office of Homeland Sec., *OIG-18-32: Concerns About ICE Detainee Treatment and Care at Detention Facilities* (2017), https://www.oig.dhs.gov/sites/default/files/assets/2017-12/OIG-18-32-Dec17.pdf, and Office of Inspector, Gen., U.S. Dep't of Homeland Sec., *Adult Detention Oversight 16-047-ISP-ICE*, https://www.oig.dhs.gov/sites/default/files/assets/FOIA/OIG_FOIA_Stewart-

Detention-Center-Work-Papers.pdf, which speak for themselves. To the extent a response is required, Defendants deny any allegations that are inconsistent with the referenced documents and Plaintiffs' characterizations of those documents.

348.   Defendants deny the allegations in paragraph 348.

349.   Defendants deny the allegations in paragraph 349.

350.   Defendants admit that Mr. Lopez died. The remaining allegations in paragraph 350 consists of Plaintiffs' characterization and quotation of Mr. Lopez's DDR, which speaks for itself, and so no response is required for those allegations. To the extent a response is required, Defendants deny any allegations that are inconsistent with the referenced document and Plaintiffs' characterizations of that document.

351.   Defendants admit that Mr. Boch-Paniagua died while detained at LaSalle. The remaining allegations in paragraph 351 merely characterize or quote Office of Professional Responsibility, Office of Detention Oversight, *Detainee Death Review – Juan Luis Boch-Paniagua* (2016), which speaks for itself, and so no response is required for those allegations. To the extent a response is required, Defendants deny any allegations that are inconsistent with the referenced document and Plaintiffs' characterizations of that document.

352.   Defendants admit that Mr. Rajo died while detained at Krome. The remaining allegations in paragraph 352 merely characterize or quote Office of Professional Responsibility, Office of Detention Oversight, *Detainee Death Review-José Leonardo Lemus Rajo* (2016), https://www.ice.gov/doclib/foia/reports/ddr-Lemus.pdf, which speaks for itself, and so no response is required for those allegations. To the extent a response is required, Defendants deny any allegations that are inconsistent with the referenced document and Plaintiffs' characterizations of that document.

353.   The allegations in paragraph 353 merely characterize or quote Office of Professional Responsibility, Office of Detention Oversight, *Detainee Death*

*Review-José Leonardo Lemus Rajo* (2016), https://www.ice.gov/doclib/foia/reports/ddr-Lemus.pdf, which speaks for itself, and so no response is required for those allegations. To the extent a response is required, Defendants deny any allegations that are inconsistent with the referenced document and Plaintiffs' characterizations of that document.

354.   The allegations in paragraph 354 merely characterize or quote Human Rights Watch, Am. Civil Liberties Union, National Immigrant Justice Center & Detention Watch Network, *Code Red: The Fatal Consequences of Dangerously Substandard Medical Care in Immigration Detention*, (June 2018), https://www.hrw.org/sites/default/files/report_pdf/us0618_immigration_web2.pdf, which speaks for itself, and so no response is required for those allegations. To the extent a response is required, Defendants deny any allegations that are inconsistent with the referenced document and Plaintiffs' characterizations of that document.

355.   Defendants admit that Mr. Deniz-Sahagun died while detained at Eloy. The remaining allegations in paragraph 355 merely characterize or quote Office of Professional Responsibility, Office of Detention Oversight, *Detainee Death Review – Jose de Jesus Deniz-Sahagun* (2016), which speaks for itself, and so no response is required for those allegations. To the extent a response is required, Defendants deny any allegations that are inconsistent with the referenced document and Plaintiffs' characterizations of that document.

356.   Defendants deny the allegations in paragraph 356.

**F. Defendants Systemically Fail to Ensure Adequate Staffing of Medical and Mental Health Care.**

357.   Defendants deny the allegations in paragraph 357.

358.   Defendants deny the allegations in the first and third sentences of paragraph 358. The remaining allegations in this paragraph merely characterize or quote Office of Professional Responsibility, *Detainee Death Review – Lelis Rodriguez*, https://www.ice.gov/doclib/foia/reports/ddr-rodriguez.pdf, which

speaks for itself, and so no response is required for those allegations. To the extent a response is required, Defendants deny any allegations that are inconsistent with the referenced documents and Plaintiff's characterizations of those documents.

359.   Defendants deny the allegations in the first and second sentences of paragraph 359. Defendants admit the allegations in the third sentence of paragraph 359. Defendants admit that Mr. Fraihat was admitted to the hospital, but deny that he was admitted for several weeks.

360.   Defendants admit the allegations in the first sentence of paragraph 360. Defendants deny the allegations in the second sentence of paragraph 360.

361.   Defendants deny the allegations in the first sentence of paragraph 361. Defendants lack knowledge or information sufficient to form a belief as to the allegations in the second sentence of paragraph 361 and therefore deny those allegations.

362.   Defendants admit that a contract made in January increased the number of beds at Aurora to 1,400 beds but deny the remaining allegations in the first sentence of paragraph 362. Defendants deny the allegations in the second sentence of paragraph 362.

363.   Defendants deny the allegations in paragraph 363.

364.   The allegations in paragraph 355 merely characterize or quote Blair Miller & Russell Haythorn, *Colorado's Congressional Democrats Tour Aurora ICE Facility, Call for Changes*, The Denver Channel (July 22, 2019) https://www.thedenverchannel.com/news/politics/colorados-congressionaldemocrats-tour-aurora-ice-facility-call-for-changes-and-its-closure, which speaks for itself, and so no response is required for those allegations. To the extent a response is required, Defendants deny any allegations that are inconsistent with the referenced document and Plaintiffs' characterizations of that document.

365.   Defendants admit that Ms. Calderon de Hildago died while in custody in Eloy in Arizona. The remaining allegations in paragraph 365 merely

characterize or quote several reports, which speak for themselves. To the extent a response is required, Defendants deny any allegations that are inconsistent with the referenced documents and Plaintiffs' characterizations of those documents.

366.   The allegations in paragraph 366 merely characterize or quote documents that speak for themselves. To the extent a response is required, Defendants deny any allegations that are inconsistent with the referenced documents and Plaintiffs' characterizations of those documents.

367.   The allegations in paragraph 367 merely characterize or quote an email on file with Plaintiffs' counsel, which speaks for itself, and so no response is required for those allegations. To the extent a response is required, Defendants deny any allegations that are inconsistent with the referenced document and Plaintiffs' characterizations of that document.

368.   The allegations in paragraph 368 merely characterize or quote a complaint filed in *Project South v. U.S. Immigration and Customs Enforcement*, No. 1:19-cv-895-APM (D.C. Mar. 29, 2019) ECF No. 3-1, which speaks for itself, and so no response is required for those allegations. To the extent a response is required, Defendants deny any allegations that are inconsistent with the referenced document and Plaintiffs' characterizations of that document.

369.   The allegations in paragraph 369 merely characterize or quote an exhibit to a complaint filed in *Project South v. U.S. Immigration and Customs Enforcement*, No. 1:19-cv-895-APM (D.C. Mar. 29, 2019) ECF No. 3-1, which speaks for itself, and so no response is required for those allegations. To the extent a response is required, Defendants deny any allegations that are inconsistent with the referenced document and Plaintiffs' characterizations of that document.

370.   The allegations in paragraph 370 merely characterize or quote Women's Refugee Comm'n, *Prison for Survivors, the Detention of Women Seeking Asylum in the United States* (Oct. 2017), which speaks for itself, and so no response is required for those allegations. To the extent a response is required,

Defendants deny any allegations that are inconsistent with the referenced document and Plaintiffs' characterizations of that document.

371. The allegations in paragraph 371 merely characterize or quote Office of Inspector Gen., Office of Homeland Sec., *OIG-11-62: Management of Mental Health Cases in Immigration Detention* (2011), https://www.oig.dhs.gov/assets/Mgmt/OIG_11-62_Mar11.pdf, which speaks for itself, and so no response is required for those allegations. To the extent a response is required, Defendants deny any allegations that are inconsistent with the referenced document and Plaintiffs' characterizations of that document.

372. The allegations in paragraph 372 merely characterize or quote Office of Inspector Gen., Office of Homeland Sec., *OIG-11-62: Management of Mental Health Cases in Immigration Detention* (2011), https://www.oig.dhs.gov/assets/Mgmt/OIG_11-62_Mar11.pdf, which speaks for itself, and so no response is required for those allegations. To the extent a response is required, Defendants deny any allegations that are inconsistent with the referenced document and Plaintiffs' characterizations of that document.

373. The allegations in paragraph 373 merely characterize or quote Office of Inspector Gen., Office of Homeland Sec., *OIG-16-113-VR: ICE Still Struggles to Hire and Retain Staff for Mental Health Cases in Immigration Detention* (2016), https://www.oig.dhs.gov/assets/VR/FY16/OIG-16-113-VRJul16.pdf, which speaks for itself, and so no response is required for those allegations. To the extent a response is required, Defendants deny any allegations that are inconsistent with the referenced document and Plaintiffs' characterizations of that document.

374. The allegations in paragraph 374 merely characterize or quote Office of Inspector Gen., Office of Homeland Sec., *FOIA Response No. 2018-IGFO-00059*, which speaks for itself, and so no response is required for those allegations. To the extent a response is required, Defendants deny any allegations that are

1  inconsistent with the referenced document and Plaintiffs' characterizations of that
2  document.

3       375.   The allegations in paragraph 375 merely characterize or quote *Human*
4  *Rights Watch & CIVIC, Systemic Indifference: Dangerous and Substandard*
5  *Medical Care in U.S. Immigration Detention* (May 2017),
6  https://www.hrw.org/sites/default/files/report_pdf/usimmigration0517_web_0.pdf,
7  which speaks for itself, and so no response is required for those allegations. To the
8  extent a response is required, Defendants deny any allegations that are inconsistent
9  with the referenced document and Plaintiffs' characterizations of that document.

10      376.   The allegations in paragraph 376 merely characterize or quote several
11 reports, a news article and a deposition transcript, which speak for themselves, and
12 so no response is required for those allegations. To the extent a response is
13 required, Defendants deny any allegations that are inconsistent with the referenced
14 documents and Plaintiffs' characterizations of those documents.

15      377.   Defendants deny the allegations in paragraph 377.

16      378.   Defendants admit that Mr. Samimi died while detained at Aurora. The
17 remaining allegations in paragraph 378 merely characterize or quote Mr. Kamyar
18 Samimi's DDR, *Office of Professional Responsibility, Detainee Death Review-*
19 *Kamyar Samimi* (2017),
20 https://bento.cdn.pbs.org/hostedbentoprod/filer_public/RMPBS%20PDFs/RMPBS
21 %20News/2018-ICFO-47347.pdf, which speaks for itself, and so no response is
22 required for those allegations. To the extent a response is required, Defendants
23 deny any allegations that are inconsistent with the referenced document and
24 Plaintiffs' characterizations of that document.

25      379.   The allegations in paragraph 379 merely characterize or quote Mr.
26 Kamyar Samimi's DDR, Office of Professional Responsibility, *Detainee Death*
27 *Review – Kamyar Samimi* (2017),
28 https://bento.cdn.pbs.org/hostedbentoprod/filer_public/RMPBS%20PDFs/RMPBS

%20News/2018-ICFO-47347.pdf, which speaks for itself, and so no response is required for those allegations. To the extent a response is required, Defendants deny any allegations that are inconsistent with the referenced document and Plaintiffs' characterizations of that document.

380. Defendants admit that Mr. Lopez died while detained at Hall County Jail in Nebraska. The remaining allegations in paragraph 380 merely characterize or quote Mr. Lopez's DDR, Office of Professional Responsibility, *Detainee Death Review – Moises Tino-Lopez*, https://d1zbh0am38bx6v.cloudfront.net/wpcontent/uploads/2018/07/17044550/ddr-Tino.pdf, and a report from Human Rights Watch, Am. Civil Liberties Union, National Immigrant Justice Center & Detention Watch Network, which speak for themselves. To the extent a response is required, Defendants deny any allegations that are inconsistent with the referenced documents and Plaintiffs' characterizations of those documents.

381. Defendants admit that Mr. Zyazin died while detained at Otay Mesa and that he was previously detained at the San Luis Detention Center. The remaining allegations in paragraph 381 merely characterize or quote Mr. Igor Zyazin's DDR, Office of Professional Responsibility, *Detainee Death Review – Igor Zyazin*, https://www.ice.gov/doclib/foia/reports/ddr-Zyazin.pdf, which speaks for itself, and so no response is required for those allegations. To the extent a response is required, Defendants deny any allegations that are inconsistent with the referenced document and Plaintiffs' characterizations of that document.

382. Defendants admit that Mr. Azurdia-Hernandez died while detained at Adelanto in California. The remaining allegations in paragraph 382 merely characterize or quote Mr. Jose Manuel Azurdia-Hernandez's DDR, Professional Responsibility, Office of Detention Oversight, *Detainee Death Review- Jose Manuel Azurdia-Hernandez* (2016), https://www.ice.gov/doclib/foia/reports/ddr-Azurdia.pdf, which speaks for itself, and so no response is required for those

1   allegations. To the extent a response is required, Defendants deny any allegations

2   that are inconsistent with the referenced document and Plaintiffs' characterizations

3   of that document.

4       383.   Defendants admit that Mr. Morales-Ramos died while detained at

5   Adelanto. The remaining allegations in paragraph 383 merely characterize or quote

6   Mr. Raul Ernesto Morales-Ramos's DDR, Office of Professional Responsibility,

7   Office of Detention Oversight, *Detainee Death Review – Raul Ernesto Morales-*

8   *Ramos*, https://www.ice.gov/doclib/foia/reports/ddr-morales.pdf, which speaks for

9   itself, and so no response is required for those allegations. To the extent a response

10  is required, Defendants deny any allegations that are inconsistent with the

11  referenced document and Plaintiffs' characterizations of that document.

12      384.   Defendants admit that Mr. Rodriguez died while detained at the Rio

13  Grande Detention Facility in Texas. Defendants admit that Mr. Rodriguez had

14  previously been detained at the Brooks County Detention Facility in Texas. The

15  remaining allegations in paragraph 384 merely characterize or quote Mr.

16  Rodriguez's DDR, Office of Professional Responsibility, *Detainee Death Review –*

17  *Lelis Rodriguez*, https://www.ice.gov/doclib/foia/reports/ddr-rodriguez.pdf, which

18  speaks for itself, and so no response is required for those allegations. To the extent

19  a response is required, Defendants deny any allegations that are inconsistent with

20  the referenced document and Plaintiffs' characterizations of that document.

21      385.   Defendants admit that Mr. Hernandez died while detained at the Rio

22  Grande Detention Facility. The remaining allegations in paragraph 385 merely

23  characterize or quote Mr. Hernandez's DDR, Office of Professional Responsibility,

24  *Detainee Death Review – Federico Mendez-Hernandez*,

25  https://www.ice.gov/doclib/foia/reports/ddrmendezhernandez.pdf, which speaks

26  for itself, and so no response is required for those allegations. To the extent a

27  response is required, Defendants deny any allegations that are inconsistent with the

28  referenced document and Plaintiffs' characterizations of that document.

386.   Defendants admit that Mr. Gracida-Conte died while detained at Eloy in Arizona. The remaining allegations in paragraph 386 merely characterize or quote Mr. Raul Ernesto Morales-Ramos's DDR, Office of Professional Responsibility, *Detainee Death Review – Pablo Gracida-Conte*, https://www.documentcloud.org/documents/2695513-Gracida-Conte-Pablo.html#document/p1/a272669, which speaks for itself, and so no response is required for those allegations. To the extent a response is required, Defendants deny any allegations that are inconsistent with the referenced document and Plaintiffs' characterizations of that document.

387.   Defendants deny the allegations in paragraph 387.

**G. Defendants Systemically Fail to Ensure Adequate Mental Health Care.**

388.   Defendants deny the allegations in paragraph 388.

389.   Defendants deny the allegations in paragraph 389.

390.   Defendants admit that Mr. Sudney has PTSD, but Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 390 and therefore deny those allegations. Defendants admit that Mr. Sudney arrived at Eloy with medication, but Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the second sentence of paragraph 390 and therefore deny those allegations. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third and fourth sentences of paragraph 390 and therefore deny those allegations. Defendants admit that Mr. Sudney has difficulty sleeping and regularly experiences flashbacks, but Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the fourth sentence of paragraph 390 and therefore deny those allegations.

391.   Defendants deny that plaintiff Hamida Ali was housed in Aurora alone in a dormitory designed for dozens of people, leaving her completely isolated

for approximately nine months. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 391 and therefore deny those allegations. Defendants deny the allegations in the second sentence of paragraph 391. Defendants admit the allegations in the third and fourth sentences of paragraph 391.

392.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 392 and therefore deny those allegations.

393.    Defendants admit the allegations in the first and second sentences of paragraph 393. Defendants deny the allegations in the third sentence of paragraph 393. Defendants admit that Mr. Hernandez complained of irritability, difficulty sleeping, and aggressive behavior. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the fourth sentence of paragraph 393.

394.    Defendants admit the allegations in the first sentence of paragraph 394. Defendants admit that Mr. Hernandez was diagnosed with anti-social personality disorder, but deny the remaining allegations in the second sentence of paragraph 394. Defendants admit that Mr. Hernandez was not prescribed any medication to treat his mental health needs until on or around July 9, 2019, but deny the remaining allegations in the third sentence of paragraph 394. Defendants deny the allegations in the fourth sentence of paragraph 394.

395.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in the first sentence of paragraph 395, and therefore deny those allegations. Defendants deny the allegations in the second sentence of paragraph 395.

396.    Defendants deny the allegations in the first and third sentences of paragraph 396. Defendants admit the allegations in the second sentence of paragraph 396.

1    397.   Defendants lack knowledge or information sufficient to form a belief

2 as to the truth of the allegations in the first sentence of paragraph 397 and therefore

3 deny those allegations. Defendants admit the allegations in the second sentence of

4 paragraph 397. Defendants deny the allegations in the third, fourth, and sixth

5 sentences of paragraph 397. Defendants admit that the psychologist Mr. Artaga

6 saw did not refer him to a psychiatric provider until weeks later but deny the

7 remaining allegations in the fifth sentence of paragraph 397.

8    398.   Defendants deny the allegations in paragraph 398.

9    399.   The allegations in paragraph 399 merely characterize or quote

10 Disability Rights Cal., *There Is No Safety Here* (Mar. 2019),

11 https://www.disabilityrightsca.org/system/files/file-

12 attachments/DRC_REPORT_ADELANTO-

13 IMMIG_DETENTION_MARCH2019.pdf, which speaks for itself, and so no

14 response is required for those allegations. To the extent a response is required,

15 Defendants deny any allegations that are inconsistent with the referenced

16 document and Plaintiffs' characterizations of that document.

17    400.   The allegations in paragraph 400 merely characterize or quote

18 Disability Rights Cal., *There Is No Safety Here* (Mar. 2019),

19 https://www.disabilityrightsca.org/system/files/file-

20 attachments/DRC_REPORT_ADELANTO-

21 IMMIG_DETENTION_MARCH2019.pdf, which speaks for itself, and so no

22 response is required for those allegations. To the extent a response is required,

23 Defendants deny any allegations that are inconsistent with the referenced

24 document and Plaintiffs' characterizations of that document.

25    401.   The allegations in paragraph 401 merely characterize or quote

26 Disability Rights Cal., *There Is No Safety Here* (Mar. 2019),

27 https://www.disabilityrightsca.org/system/files/file-

28 attachments/DRC_REPORT_ADELANTO-

1  IMMIG_DETENTION_MARCH2019.pdf, which speaks for itself, and so no
2  response is required for those allegations. To the extent a response is required,
3  Defendants deny any allegations that are inconsistent with the referenced
4  document and Plaintiffs' characterizations of that document.

5       402.   The allegations in the first sentence of paragraph 402 merely
6  characterize or quote Disability Rights Cal., *There Is No Safety Here* (Mar. 2019),
7  https://www.disabilityrightsca.org/system/files/file-
8  attachments/DRC_REPORT_ADELANTO-
9  IMMIG_DETENTION_MARCH2019.pdf, which speaks for itself, and so no
10 response is required for those allegations. To the extent a response is required,
11 Defendants deny any allegations that are inconsistent with the referenced
12 document and Plaintiffs' characterizations of that document. The allegations in the
13 second sentence of paragraph 402 merely characterize or quote documents that
14 speak for themselves, and so no response is required for those allegations. To the
15 extent a response is required, Defendants deny any allegations that are inconsistent
16 with the referenced document and Plaintiffs' characterizations of that document.

17      403.   The allegations paragraph 403 merely characterize or quote
18 documents that speak for themselves, and so no response is required for those
19 allegations. To the extent a response is required, Defendants deny any allegations
20 that are inconsistent with the referenced document and Plaintiffs' characterizations
21 of that document.

22      404.   Defendants admit that Osmar Epifanio Gonzalez-Gadba died while
23 detained at Adelanto. The remaining allegations in paragraph 404 merely
24 characterize or quote Office of Professional Responsibility, *Detainee Death*
25 *Review – Osmar Epifanio Gonzalez-Gadba*,
26 https://www.ice.gov/doclib/foia/reports/ddrGonzalez.pdf, which speaks for itself,
27 and so no response is required for those allegations. To the extent a response is
28

1   required, Defendants deny any allegations that are inconsistent with the referenced

2   document and Plaintiffs' characterizations of that document.

3       405.   Defendants admit that Jean Carlos Jimenez-Joseph died while

4   detained at Stewart. The remaining allegations in paragraph 405 merely

5   characterize or quote a report by Human Rights Watch, Am. Civil Liberties Union,

6   National Immigrant Justice Center & Detention Watch Network, which speaks for

7   itself, and so no response is required for those allegations. To the extent a response

8   is required, Defendants deny any allegations that are inconsistent with the

9   referenced document and Plaintiffs' characterizations of that document.

10      406.   Defendants admit that Jose de Jesus Deniz-Sahagun died. The

11  remaining allegations in paragraph 406 merely characterize or quote Office of

12  Professional Responsibility, *Detainee Death Review – Jose De Jesus Deniz-*

13  *Sahagun*, https://www.ice.gov/doclib/foia/reports/ddr-denizshagun.pdf, which

14  speaks for itself, and so no response is required for those allegations. To the extent

15  a response is required, Defendants deny any allegations that are inconsistent with

16  the referenced document and Plaintiffs' characterizations of that document.

17      407.   The allegations in paragraph 407 merely characterize or quote Office

18  of Professional Responsibility, *Detainee Death Review – Jose De Jesus Deniz-*

19  *Sahagun*, https://www.ice.gov/doclib/foia/reports/ddr-denizshagun.pdf, which

20  speaks for itself, and so no response is required for those allegations. To the extent

21  a response is required, Defendants deny any allegations that are inconsistent with

22  the referenced document and Plaintiffs' characterizations of that document.

23      408.   The allegations in paragraph 408 merely characterize or quote Office

24  of Professional Responsibility, *Detainee Death Review – Jose De Jesus Deniz-*

25  *Sahagun*, https://www.ice.gov/doclib/foia/reports/ddr-denizshagun.pdf, which

26  speaks for itself, and so no response is required for those allegations. To the extent

27  a response is required, Defendants deny any allegations that are inconsistent with

28  the referenced document and Plaintiffs' characterizations of that document.

409.   The allegations of paragraph 409 characterize or quote a report by Human Rights Watch and CIVIC, which speaks for itself, and so no response is required for those allegations. To the extent a response is required, Defendants deny any allegations that are inconsistent with the referenced document and Plaintiffs' characterizations of that document.

410.   Defendants admit that Mr. Carlos died while detained York County Prison in Pennsylvania. The remaining allegations in paragraph 410 merely characterize or quote Office of Professional Responsibility, *Detainee Death Review – Tiombe Kimana Carlos*, ice.gov/doclib/foia/reports/ddr-carlos.pdf, which speaks for itself, and so no response is required for those allegations. To the extent a response is required, Defendants deny any allegations that are inconsistent with the referenced document and Plaintiffs' characterizations of that document.

411.   The allegations in paragraph 411 merely characterize or quote Office of Professional Responsibility, *Detainee Death Review – Tiombe Kimana Carlos*, ice.gov/doclib/foia/reports/ddr-carlos.pdf, which speaks for itself, and so no response is required for those allegations. To the extent a response is required, Defendants deny any allegations that are inconsistent with the referenced document and Plaintiffs' characterizations of that document.

412.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 412 and so deny them. The allegations in the second sentence of paragraph 412 merely characterize or quote a report by Human Rights Watch and CIVIC, which speaks for itself, and so no response is required for those allegations. To the extent a response is required, Defendants deny any allegations that are inconsistent with the referenced document and Plaintiffs' characterizations of that document

413.   Defendants deny the allegations in paragraph 413.

**H. Defendants Systemically Fail to Ensure the Adequacy of Medical Records and Documentation.**

414.   Defendants deny the allegations in paragraph 414.

415.   Defendants deny the allegations in paragraph 415.

416.   Defendants deny the allegations in paragraph 416.

417.   Defendants deny the allegations in paragraph 417.

418.   Defendants deny the allegations in paragraph 418.

419.   Defendants admit the allegations in the first sentence of paragraph 419. Defendants deny the remaining allegations in paragraph 419.

420.   Defendants admit the allegations in the first sentence of paragraph 420. Defendants deny the remaining allegations in the paragraph.

421.   Defendants deny the allegations in paragraph 421.

422.   Defendants admit the allegations in paragraph 422.

423.   Defendants deny the allegations in paragraph 423.

424.   Defendants deny the allegations in paragraph 424.

425.   Defendants deny the allegations in paragraph 425.

426.   Defendants admit that Jose de Jesus Deniz-Sahagun died at Eloy. The remaining allegations in paragraph 426 merely characterize or quote Office of Professional Responsibility, *Detainee Death Review – Jose De Jesus Deniz-Sahagun*, https://www.ice.gov/doclib/foia/reports/ddr-denizshagun.pdf, which speaks for itself, and so no response is required for those allegations. To the extent a response is required, Defendants deny any allegations that are inconsistent with the referenced document and Plaintiffs' characterizations of that document.

427.   The allegations in paragraph 427 merely characterize or quote CIVIC & Detention Watch Network, *Abuse in Adelanto: An Investigation Into a California Town's Immigration Jail* (Oct. 2015), http://www.endisolation.org/wp-content/uploads/2015/11/CIVIC_DWN-Adelanto-Report_old.pdf, which speaks for itself, and so no response is required for those allegations. To the extent a

1  response is required, Defendants deny any allegations that are inconsistent with the
2  referenced document and Plaintiffs' characterizations of that document.

3      428.   The allegations in paragraph 428 merely characterize or quote a report
4  by Human Rights Watch and CIVIC, which speaks for itself, and so no response is
5  required for those allegations. To the extent a response is required, Defendants
6  deny any allegations that are inconsistent with the referenced document and
7  Plaintiffs' characterizations of that document.

8      429.   Defendants deny the allegations in paragraph 429.

9  **VII. As a Result of Defendants' Failure to Monitor and Oversee Segregation**
10      **Practices at Detention Facilities, Conditions in Those Facilities Constitute**
11      **Punishment and Subject Plaintiffs in Segregation and Members of the**
12      **Segregation Subclass to Violations of the Fifth Amendment.**

13      430.   This paragraph merely characterizes Plaintiffs' claims and allegations
14  in the Complaint, and so no response is required for those allegations. To the
15  extent the statements in this paragraph require an answer, Defendants deny them.

16      431.   Defendants deny the third sentence of paragraph 431 because it
17  consists of statements or conclusions of law.  Defendants deny the remaining
18  allegations in paragraph 431.

19      432.   Defendants deny the allegations in paragraph 432.

20      433.   Defendants deny the allegations in paragraph 433.

21      434.   Defendants deny the allegations in paragraph 434.

22  **A. Defendants Violate the Fifth Amendment by Failing to Ensure That**
23      **Civil Detainees in Segregation Are Not Subjected to Punitive Conditions**
24      **of Confinement.**

25      435.   Defendants deny this paragraph because it consists of statements or
26  conclusions of law.

27      436.   Defendants deny the allegations in paragraph 436.

28      437.   Defendants deny the allegations in paragraph 437.

1    438.   Defendants deny this paragraph because it consists of statements and

2    characterizes of law or quotes legal decisions that speak for themselves and so no

3    response is required for those allegations.

4    439.   Defendants deny the allegations in paragraph 439.

5    440.   Defendants admit the allegations in paragraph 440.

6    441.   Defendants deny the allegations in paragraph 441.

7    442.   The allegations in paragraph 442 merely characterize or quote Penn

8    State Law, *Imprisoned Justice: Inside Two Georgia Immigrant Detention Centers*,

9    (May 2017)

10   https://projectsouth.org/wpcontent/uploads/2017/06/Imprisoned_Justice_Report-

11   1.pdf, which speaks for itself, and so no response is required for those allegations.

12   To the extent a response is required, Defendants deny any allegations that are

13   inconsistent with the referenced document and Plaintiffs' characterizations of that

14   document.

15   443.   The allegations in paragraph 443 merely characterize or quote Human

16   Rights First, *Ailing Justice: New Jersey Inadequate Healthcare, Indifference, and

17   Indefinite Confinement in Immigration Detention* (Feb. 2018),

18   https://www.humanrightsfirst.org/sites/default/files/Ailing-Justice-NJ.pdf, which

19   speaks for itself, and so no response is required for those allegations. To the extent

20   a response is required, Defendants deny any allegations that are inconsistent with

21   the referenced document and Plaintiffs' characterizations of that document.

22   444.   The allegations in paragraph 444 merely characterize or quote

23   Disability Rights Cal., *There Is No Safety Here* (Mar. 2019),

24   https://www.disabilityrightsca.org/system/files/fileattachments/DRC_REPORT_A

25   DELANTOIMMIG_DETENTION_MARCH2019.pdf, which speaks for itself, and

26   so no response is required for those allegations. To the extent a response is

27   required, Defendants deny any allegations that are inconsistent with the referenced

28   documents and Plaintiff's characterizations of those documents.

445.   The allegations of paragraph 445 merely characterize or quote Office of Inspector Gen., Office of Homeland Sec., *OIG-18-32: Concerns About ICE Detainee Treatment and Care at Detention Facilities* (2017), https://www.oig.dhs.gov/sites/default/files/assets/2017-12/OIG-18-32-Dec17.pdf, which speaks for itself, and so no response is required for those allegations. To the extent a response is required, Defendants deny any allegations that are inconsistent with the referenced document and Plaintiffs' characterizations of that document.

446.   Defendants admit that plaintiff Alex Hernandez was placed in a Restricted Housing Unit for over two weeks for safety reasons while he was detained at Mesa Verde. Defendants deny the allegations in the second and fourth sentences of paragraph 446. Defendants deny that Mr. Hernandez did not receive an opportunity to visit the law library. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the third sentence of paragraph 446 and therefore deny those allegations. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the fifth and sixth sentences of paragraph 446 and therefore deny those allegations.

447.   Defendants admit that Ms. Ali has schizophrenia and a documented history of suicidal ideation and attempts. Defendants deny the remaining allegations in paragraph 447.

448.   The allegations of paragraph 448 merely characterize or quote Office of Inspector General, U.S. Dep't of Homeland Sec., *OIG-19-47: Concerns About ICE Detainee Treatment and Care at Four Detention Facilities* (Jun. 3, 2019), https://www.oig.dhs.gov/sites/default/files/assets/2019-06/OIG-19-47-Jun19.pdf, which speaks for itself, and so no response is required for those allegations. To the extent a response is required, Defendants deny any allegations that are inconsistent with the referenced document and Plaintiffs' characterizations of that document.

449.    The allegations of paragraph 449 merely characterize or quote Office of Inspector General, U.S. Dep't of Homeland Sec., *OIG-19-47: Concerns About ICE Detainee Treatment and Care at Four Detention Facilities* (Jun. 3, 2019), https://www.oig.dhs.gov/sites/default/files/assets/2019-06/OIG-19-47-Jun19.pdf, which speaks for itself, and so no response is required for those allegations. To the extent a response is required, Defendants deny any allegations that are inconsistent with the referenced document and Plaintiffs' characterizations of that document.

450.    The allegations of paragraph 450 merely characterize or quote Disability Rights Cal., *There Is No Safety Here* (Mar. 2019), https://www.disabilityrightsca.org/system/files/file-attachments/DRC_REPORT_ADELANTO-IMMIG_DETENTION_MARCH2019.pdf, which speaks for itself, and so no response is required for those allegations. To the extent a response is required, Defendants deny any allegations that are inconsistent with the referenced document and Plaintiffs' characterizations of that document.

451.    Defendants deny the allegations in paragraph 451.

452.    The allegations of paragraph 452 merely characterize or quote Penn State Law, *Imprisoned Justice: Inside Two Georgia Immigrant Detention Centers* (May 2017), https://projectsouth.org/wpcontent/uploads/2017/06/Imprisoned_Justice_Report-1.pdf, which speaks for itself, and so no response is required for those allegations. To the extent a response is required, Defendants deny any allegations that are inconsistent with the referenced document and Plaintiffs' characterizations of that document.

453.    The allegations of this paragraph merely characterize or quote Office of Inspector Gen., Office of Homeland Sec., *OIG-17-43-MA: Management Alert on Issues Requiring Immediate Action at the Theo Lacy Facility in Orange, California* (2017), https://www.oig.dhs.gov/sites/default/files/assets/2017/OIG-

1  mga-030617.pdf, which speaks for itself, and so no response is required for those

2  allegations. To the extent a response is required, Defendants deny any allegations

3  that are inconsistent with the referenced documents and Plaintiff's

4  characterizations of those documents.

5       454.   The allegations of this paragraph merely characterize or quote Xavier

6  Becerra, Cal. Att'y Gen., *Immigration Detention in California*, Cal. Dep't of

7  Justice (Feb. 2019),

8  https://oag.ca.gov/sites/all/files/agweb/pdfs/publications/immigration-detention-

9  2019.pdf, which speaks for itself, and so no response is required for those

10 allegations. To the extent a response is required, Defendants deny any allegations

11 that are inconsistent with the referenced documents and Plaintiff's

12 characterizations of those documents.

13      455.   Defendants deny the allegations in paragraph 455.

14      456.   Defendants deny the third sentence of paragraph 456 because it

15 consists of statements or conclusions of law. Defendants deny the remaining

16 allegations in paragraph 456.

17      **1. Defendants Subject Plaintiffs to a Substantial Risk of Serious Harm**

18         **Through Their Failure to Monitor and Prevent Needless and Arbitrary**

19         **Segregation.**

20      457.   Defendants deny the allegations in paragraph 457.

21      458.   The allegations in the fifth sentence of this paragraph merely

22 characterize or quote Homer Venters et al., *Solitary Confinement and Risk of Self-*

23 *Harm Among Jail Inmates*, 104 Am. J. Pub. Health 442, 444–46 (2014),

24 https://ajph.aphapublications.org/doi/10.2105/AJPH.2013.301742, which speaks

25 for itself, and so no response is required for those allegations. To the extent a

26 response is required, Defendants deny any allegations that are inconsistent with the

27 referenced documents and Plaintiff's characterizations of those documents.

28 Defendants deny the remaining allegations in paragraph 458.

1    459.   Defendants deny the allegations in paragraph 459.

2    460.   The allegations of this paragraph merely characterize or quote Office

3    of Inspector Gen., Dep't of Homeland Sec., *OIG-11-62: Management of Mental*

4    *Health Cases in Immigration Detention* (March 2011),

5    https://www.hsdl.org/?abstract&did=6985, which speaks for itself, and so no

6    response is required for those allegations. To the extent a response is required,

7    Defendants deny any allegations that are inconsistent with the referenced

8    documents and Plaintiff's characterizations of those documents.

9    461.   Defendants deny the allegations in paragraph 461.

10    462.   The allegations of this paragraph merely characterize or quote U.S.

11    Immigration & Customs Enforcement, *Directive No. 11065.1: Review of the Use of*

12    *Segregation for ICE Detainees* (Sept. 4, 2013),

13    https://www.ice.gov/doclib/detention-reform/pdf/segregation_directive.pdf, which

14    speaks for itself, and so no response is required for those allegations. To the extent

15    a response is required, Defendants deny any allegations that are inconsistent with

16    the referenced documents and Plaintiff's characterizations of those documents.

17    463.   The allegations of paragraph 463 merely characterize or quote

18    Antonio Cucho & Karrie Kehoe, *Solitary Voices: How US Immigration Authorities*

19    *Use Solitary Confinement* (May 20, 2019),

20    https://www.icij.org/investigations/solitary-voices/how-us-immigration-

21    authoritiesuse-solitary-confinement/, which speaks for itself, and so no response is

22    required for those allegations. To the extent a response is required, Defendants

23    deny any allegations that are inconsistent with the referenced document and

24    Plaintiffs' characterizations of that document.

25    464.   The allegations in paragraph 464 merely characterize or quote

26    documents that speak for themselves. To the extent a response is required,

27    Defendants deny any allegations that are inconsistent with the referenced

28    documents and Plaintiffs' characterizations of those documents.

465.   Paragraph 465 consists of Plaintiffs' citation to and characterization of several news articles, which speak for themselves. To the extent a response is required, Defendants deny any allegations that are inconsistent with the referenced documents and Plaintiffs' characterizations of those documents.

466.   The allegations in paragraph 466 merely characterize or quote a letter from American Immigration Council & American Immigration Lawyers Association to Thomas Homan, Acting Dir., Immigration & Customs Enforcement, Dep't of Homeland Sec. et al. (June 4, 2018), http://www.americanimmigrationcouncil.org/sites/default/files/general_litigation/complaint_demands_investigation_into_inadequate_medical_and_mental_health_care_condition_in_immigration_detention_center.pdf, which speaks for itself, and so no response is required for those allegations. To the extent a response is required, Defendants deny any allegations that are inconsistent with the referenced document and Plaintiffs' characterizations of that document

467.   Defendants deny the allegations in paragraph 467.

468.   Defendants admit that plaintiff Jimmy Sudney was placed in segregation for about a week after a verbal altercation with officers but deny the remaining allegations in the first sentence of paragraph 468. Defendants admit the allegations in the second sentence of paragraph 468. Defendants deny the allegations in the third and fourth sentences of paragraph 468. Defendants lack knowledge or information sufficient to form a belief as to truth of the allegations in the fifth sentence of paragraph 468 and therefore deny those allegations.

469.   Defendants admit that Ms. Ali has a history of suicidal ideation and attempts but deny the remaining allegations in the first sentence of paragraph 469. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of paragraph 469 and therefore deny those allegations.

470.   Defendants admit that Ms. Ali experienced several episodes of psychological distress and suicidal ideation, but deny the remaining allegations in the first sentence of paragraph 470. Defendants deny the allegations in the second and third sentences. Defendants admit the allegations in the fourth and fifth sentences of paragraph 470. Defendants deny the allegations in the sixth sentence of paragraph 470.

471.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first and sixth sentences of paragraph 471 and therefore deny those allegations. Defendants deny the remaining allegations in paragraph 471.

472.   Defendants deny the allegations in paragraph 472.

473.   Defendants admit that Mr. De la Rosa died at Stewart. The remaining allegations in paragraph 473 merely characterize or quote documents that speak for themselves. To the extent a response is required, Defendants deny any allegations that are inconsistent with the referenced documents and Plaintiffs' characterizations of those documents.

474.   Defendants admit that Mr. Carlos died while detained at York County in Pennsylvania. The remaining allegations in paragraph 474 merely characterize or quote Office of Professional Responsibility, Office of Detention Oversight, *Detainee Death Review – Tiombe Kimana Carlos*, https://www.ice.gov/doclib/foia/reports/ddr-carlos.pdf, which speaks for itself, and so no response is required for those allegations. To the extent a response is required, Defendants deny any allegations that are inconsistent with the referenced document and Plaintiffs' characterizations of that document.

475.   The allegations in paragraph 475 merely characterize or quote Office of Professional Responsibility, Office of Detention Oversight, *Detainee Death Review – Tiombe Kimana Carlos*, https://www.ice.gov/doclib/foia/reports/ddr-carlos.pdf, which speaks for itself, and so no response is required for those

allegations. To the extent a response is required, Defendants deny any allegations that are inconsistent with the referenced document and Plaintiffs' characterizations of that document.

476.   The allegations in paragraph 476 merely characterize or quote a report from Human Rights Watch and CIVIC, which speaks for itself, and so no response is required for those allegations. To the extent a response is required, Defendants deny any allegations that are inconsistent with the referenced document and Plaintiffs' characterizations of that document.

477.   Defendants admit that Mr. Mponda died while at the Houston Contract Detention Center in Texas. The remaining allegations in paragraph 477 merely characterize or quote Office of Professional Responsibility, Office of Detention Oversight, *Detainee Death Review – Clemente Ntangola Mponda*, https://www.ice.gov/doclib/foia/reports/ddr-mponda.pdf, which speaks for itself, and so no response is required for those allegations. To the extent a response is required, Defendants deny any allegations that are inconsistent with the referenced document and Plaintiffs' characterizations of that document.

478.   The allegations in paragraph 478 merely characterize or quote documents that speak for themselves. To the extent a response is required, Defendants deny any allegations that are inconsistent with the referenced documents and Plaintiffs' characterizations of those documents.

479.   Defendants deny the allegations in paragraph 479.

480.   Defendants deny the allegations in the first sentence of paragraph 480. The remaining allegations in paragraph 480 merely characterize or quote hearing testimony and a report, which speak for themselves. To the extent a response is required, Defendants deny any allegations that are inconsistent with the referenced documents and Plaintiffs' characterizations of those documents.

481. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 481 and therefore deny those allegations.

482. Defendants deny the allegations in paragraph 482.

483. Defendants deny the allegations in the first and second sentences of paragraph 483. The remaining allegations in paragraph 483 merely characterize or quote a report and a news article, which speak for themselves. To the extent a response is required, Defendants deny any allegations that are inconsistent with the referenced documents and Plaintiffs' characterizations of those documents.

484. Defendants deny the allegations in the third sentence of paragraph 484. The remaining allegations in paragraph 484 merely characterize or quote an ICE directive and an OIG report, which speak for themselves. To the extent a response is required, Defendants deny any allegations that are inconsistent with the referenced documents and Plaintiffs' characterizations of those documents.

485. Defendants deny the allegations in paragraph 485.

**2. Defendants Fail to Monitor and Oversee Segregation Practices on a Systemic Scale.**

486. Defendants admit the allegations in the first sentence of paragraph 486. Defendants deny the allegation in the second and third sentences of paragraph 486.

487. The allegations in paragraph 487 merely characterize or quote Office of Inspector Gen., Office of Homeland Sec., *OIG-17-119: ICE Field Offices Need to Improve Compliance with Oversight Requirements for Segregation of Detainees with Mental Health Conditions* (Sept. 29, 2017), https://www.oig.dhs.gov/sites/default/files/assets/2017-11/OIG-17-119-Sep17.pdf, which speaks for itself, and so no response is required for those allegations. To the extent a response is required, Defendants deny any allegations that are inconsistent with the referenced document and Plaintiffs' characterizations of that document.

488.   Defendants deny the allegations in the first sentence of paragraph 488. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 488 and therefore deny those allegations.

489.   Defendants deny the allegations in paragraph 489.

490.   The allegations in paragraph 490 merely characterize or quote Office of Inspector General, U.S. Dep't of Homeland Sec., *OIG-19-47: Concerns About ICE Detainee Treatment and Care at Four Detention Facilities* (Jun. 3, 2019), https://www.oig.dhs.gov/sites/default/files/assets/2019-06/OIG-19-47-Jun19.pdf, which speaks for itself, and so no response is required for those allegations. To the extent a response is required, Defendants deny any allegations that are inconsistent with the referenced document and Plaintiffs' characterizations of that document.

491.   The allegations in paragraph 491 merely characterize or quote Hannah Rappleye et al., *Thousands of immigrants suffer in solitary confinement in U.S. detention centers*, NBC News (May 20, 2019), https://www.nbcnews.com/politics/immigration/thousands-immigrants-suffersolitary-confinement-u-s-detention-centers-n1007881, which speaks for itself, and so no response is required for those allegations. To the extent a response is required, Defendants deny any allegations that are inconsistent with the referenced document and Plaintiffs' characterizations of that document.

492.   The allegations in paragraph 492 merely characterize or quote Hannah Rappleye et al., *Thousands of immigrants suffer in solitary confinement in U.S. detention centers*, NBC News (May 20, 2019), https://www.nbcnews.com/politics/immigration/thousands-immigrants-suffersolitary-confinement-u-s-detention-centers-n1007881, which speaks for itself, and so no response is required for those allegations. To the extent a response is required, Defendants deny any allegations that are inconsistent with the referenced document and Plaintiffs' characterizations of that document.

493.   The allegations in paragraph 493 merely characterize or quote Disability Rights Cal., *There Is No Safety Here* (Mar. 2019), https://www.disabilityrightsca.org/system/files/file-attachments/DRC_REPORT_ADELANTO-IMMIG_DETENTION_MARCH2019.pdf, which speaks for itself, and so no response is required for those allegations. To the extent a response is required, Defendants deny any allegations that are inconsistent with the referenced document and Plaintiffs' characterizations of that document.

494.   The allegations in paragraph 494 merely characterize or quote documents that speak for themselves. To the extent a response is required, Defendants deny any allegations that are inconsistent with the referenced documents and Plaintiffs' characterizations of those documents.

495.   Defendants deny the allegations in paragraph 495.

496.   Defendants admit that Mr. Samimi died. The remaining allegations in paragraph 496 merely characterize or quote Mr. Samimi's DDR, Office of Professional Responsibility, *Detainee Death Review- Kamyar Samimi* (2017), https://bento.cdn.pbs.org/hostedbentoprod/filer_public/RMPBS%20PDFs/RMPBS%20News/2018-ICFO-47347.pdf, which speaks for itself, and so no response is required for those allegations. To the extent a response is required, Defendants deny any allegations that are inconsistent with the referenced document and Plaintiffs' characterizations of that document.

497.   Defendants admit that Mr. Gonzalez-Gadba died. The remaining allegations in paragraph 497 merely characterize or quote Mr. Gonzalez-Gadba's DDR, Office of Professional Responsibility, Office of Detention Oversight, *Detainee Death Review – Osmar Epifanio Gonzalez-Gadba*, https://www.ice.gov/doclib/foia/reports/ddrGonzalez.pdf, which speaks for itself, and so no response is required for those allegations. To the extent a response is

1   required, Defendants deny any allegations that are inconsistent with the referenced
2   document and Plaintiffs' characterizations of that document.

3        498.   The allegations in paragraph 498 merely characterize or quote a report
4   by Human Rights Watch, Am. Civil Liberties Union, National Immigrant Justice
5   Center & Detention Watch Network, which speaks for itself, and so no response is
6   required for those allegations. To the extent a response is required, Defendants
7   deny any allegations that are inconsistent with the referenced document and
8   Plaintiffs' characterizations of that document.

9        499.   Defendants admit that Mr. Jimenez-Joseph died. The remaining
10  allegations in paragraph 499 merely characterize or quote several reports, which
11  speak for themselves. To the extent a response is required, Defendants deny any
12  allegations that are inconsistent with the referenced documents and Plaintiffs'
13  characterizations of those documents.

14       500.   The allegations in paragraph 500 merely characterize or quote a report
15  by Human Rights Watch, Am. Civil Liberties Union, National Immigrant Justice
16  Center & Detention Watch Network, which speaks for itself, and so no response is
17  required for those allegations. To the extent a response is required, Defendants
18  deny any allegations that are inconsistent with the referenced document and
19  Plaintiffs' characterizations of that document.

20       501.   Defendants deny the allegations in paragraph 501.

21
22
23
24
25
26
27
28

**VIII.** **As a Result of Defendants' Failure to Monitor and Oversee Disability-Related Practices in Detention Facilities, Plaintiffs with Disabilities and Members of the Disability Subclass Are Subjected to Violations of the Fifth Amendment and Section 504 of the Rehabilitation Act.**

   **A. Section 504 of the Rehabilitation Act Prohibits Discrimination on the Basis of Disability by Executive Agencies.**

502.   This paragraph merely characterizes Plaintiffs' claims and allegations in the Complaint, and so no response is required for those allegations. To the extent the statements in this paragraph require an answer, Defendants deny them.

503.   Defendants deny paragraph 503 because it consists of statements or conclusions of law.

504.   Defendants deny paragraph 504 because it consists of statements or conclusions of law.

505.   Defendants deny the allegations in paragraph 505.

506.   Defendants deny the allegations in paragraph 506.

507.   Defendants deny the allegations in paragraph 507.

   **1. Defendants Exercise Centralized Control Regarding Conditions Impacting Persons with Disabilities at Detention Facilities Nationwide.**

508.   Defendants admit the allegations in the first and third sentences of paragraph 508. Defendants deny the allegations in the second sentence of paragraph 508.

509.   Defendants admit the allegations in paragraph 509.

510.   Defendants admit the allegations in paragraph 510.

511.   Defendants admit the allegations in paragraph 511.

512.   Defendants deny the allegations in paragraph 512.

   **2. Defendants Systemically Fail to Ensure Access to ICE Programs and Services for Detained Individuals with Disabilities.**

513.   Defendants deny the allegations in paragraph 513.

514.   Defendants deny the allegations in paragraph 514.

515.   Defendants deny the allegations in paragraph 515.

516.   Defendants deny the allegations in paragraph 516.

517.   Defendants deny the allegations in paragraph 517.

518.   Defendants deny the allegations in the first, third, and fifth sentences of paragraph 518. Defendants admit the allegations in the second sentence of paragraph 518. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the fourth sentence of paragraph 518 and therefore deny those allegations.

519.   Defendants deny the allegations in paragraph 519.

520.   Defendants deny the allegations in paragraph 520.

521.   Defendants lack knowledge or information sufficient to form a belief as to the treatment or medication Mr. Rodriguez Delgadillo received prior to his time in ICE detention, and therefore deny that allegation. Defendants deny the remaining allegations in paragraph 521.

**3. Defendants Systemically Fail to Ensure Adequate Screening to Identify, Track, and Accommodate Detained Individuals with Disabilities.**

522.   Defendants deny the allegations in paragraph 522.

523.   Defendants deny the allegations in paragraph 523.

524.   Defendants admit the allegations in the first sentence of paragraph 524. Defendants deny the allegations in the second sentence of paragraph 524.

525.   Defendants deny the allegations in paragraph 525.

526.   Defendants deny the allegations in paragraph 526.

527.   Defendants admit the allegations that Mr. Baca Hernández is blind and has been detained at Theo Lacy and Adelanto but deny the remaining allegations in paragraph 527.

528.   Defendants admit the allegations in the first sentence of paragraph 528. Defendants deny the allegations in the second sentence of paragraph 528.

1     529.   Defendants deny the allegations in paragraph 529.

2     530.   Defendants admit the allegations in the first sentence of paragraph

3 530. Defendants deny the remaining allegations in paragraph 530.

4     531.   Defendants deny the allegations in the first, second, and third

5 sentences of paragraph 531. Defendants lack knowledge or information sufficient

6 to form a belief as to the allegations in the fourth sentence of paragraph 531 and

7 therefore deny those allegations.

8     532.   Defendants deny the allegations in paragraph 532.

9     533.   Defendants deny the allegations in paragraph 533.

10     534.   The allegations in paragraph 534 merely characterize or quote

11 Disability Rights Cal., *There Is No Safety Here* (Mar. 2019),

12 https://www.disabilityrightsca.org/system/files/file-

13 attachments/DRC_REPORT_ADELANTO-

14 IMMIG_DETENTION_MARCH2019.pdf, which speaks for itself, and so no

15 response is required for those allegations. To the extent a response is required,

16 Defendants deny any allegations that are inconsistent with the referenced

17 document and Plaintiffs' characterizations of that document.

18     535.   The allegations in paragraph 535 merely characterize or quote

19 Disability Rights Cal., *There Is No Safety Here* (Mar. 2019),

20 https://www.disabilityrightsca.org/system/files/file-

21 attachments/DRC_REPORT_ADELANTO-

22 IMMIG_DETENTION_MARCH2019.pdf, which speaks for itself, and so no

23 response is required for those allegations. To the extent a response is required,

24 Defendants deny any allegations that are inconsistent with the referenced

25 document and Plaintiffs' characterizations of that document.

26     536.   The allegations in paragraph 536 merely characterize or quote

27 Disability Rights Cal., *There Is No Safety Here* (Mar. 2019),

28 https://www.disabilityrightsca.org/system/files/file-

attachments/DRC_REPORT_ADELANTO-
IMMIG_DETENTION_MARCH2019.pdf, which speaks for itself, and so no
response is required for those allegations. To the extent a response is required,
Defendants deny any allegations that are inconsistent with the referenced
document and Plaintiffs' characterizations of that document.

537. The allegations in paragraph 537 merely characterize or quote
Disability Rights Cal., *There Is No Safety Here* (Mar. 2019),
https://www.disabilityrightsca.org/system/files/file-
attachments/DRC_REPORT_ADELANTO-
IMMIG_DETENTION_MARCH2019.pdf, which speaks for itself, and so no
response is required for those allegations. To the extent a response is required,
Defendants deny any allegations that are inconsistent with the referenced
document and Plaintiffs' characterizations of that document.

**4. Defendants Systemically Fail to Prevent Improper Use of Segregation
for Detained Individuals with Disabilities.**

538. Defendants deny the allegations in paragraph 538.

539. Defendants admit the allegations in paragraph 539.

540. The allegations in paragraph 540 merely characterize or quote several
reports, which speak for themselves. To the extent a response is required,
Defendants deny any allegations that are inconsistent with the referenced
documents and Plaintiffs' characterizations of those documents.

541. The allegations in paragraph 541 merely characterize or quote Office
of Inspector Gen., Office of Homeland Sec., *OIG-17-119: ICE Field Offices Need
to Improve Compliance with Oversight Requirements for Segregation of Detainees
with Mental Health Conditions* (Sept. 29, 2017), available at
https://www.oig.dhs.gov/sites/default/files/assets/2017-11/OIG-17-119-Sep17.pdf,
which speaks for itself, and so no response is required for those allegations. To the

1  extent a response is required, Defendants deny any allegations that are inconsistent

2  with the referenced document and Plaintiffs' characterizations of that document.

3      542.   The allegations in paragraph 541 merely characterize or quote

4  Spencer Woodman, et al., *Solitary Voices: Thousands of Immigrants Suffer in*

5  *Solitary Confinement in ICE Detention*, The Intercept (May 20, 2019),

6  https://theintercept.com/2019/05/21/ice-solitary-confinement-

7  immigrationdetention/, which speaks for itself, and so no response is required for

8  those allegations. To the extent a response is required, Defendants deny any

9  allegations that are inconsistent with the referenced document and Plaintiffs'

10  characterizations of that document.

11      543.   Defendants lack knowledge or information sufficient to form a belief

12  as to the allegations in the first sentence of paragraph 543 and therefore deny those

13  allegations. Defendants deny the allegations in the second and third sentences of

14  paragraph 543. Defendants admit that there was no hearing before Adelanto put

15  Mr. Sudney in segregation, but deny that the mental health clearance was cursory.

16  Defendants lack knowledge or information sufficient to form a belief as to the truth

17  of the allegations in the fifth and sixth sentences of paragraph 543 and therefore

18  deny those allegations.

19      544.   Defendants deny the allegations of paragraph 544.

20      545.   Defendants admit that Plaintiff Marco Montoya Amaya has PTSD and

21  major depressive disorder but deny the remaining allegations in the first sentence

22  of paragraph 545. Defendants lack knowledge or information sufficient to form a

23  belief as to the truth of the allegations in the second sentence of paragraph 545 and

24  therefore deny those allegations. Defendants deny the remaining allegations in

25  paragraph 545.

26      546.   Defendants deny the allegations in the first and third sentences of

27  paragraph 546. Defendants admit the allegations in the second sentence of

28  paragraph 546.

547.    Defendants admit the allegations in the first sentence of paragraph 547. Defendants deny the allegations in the second sentence of paragraph 547. Defendants admit that facility staff now bring all of Plaintiff Melvin Murillo Hernandez's meals to his cell, but deny that his meals consist mostly of eggs and rice.

548.    Defendants admit that Ms. Ali has schizophrenia and was segregated and placed in a dorm by herself for approximately nine months. Defendants deny the allegation that this caused her to experience extreme psychological distress and suicidal ideation.

## 5.   Defendants Systemically Fail to Provide People with Disabilities with Reasonable Accommodations, Auxiliary Aids, and Effective Communication.

549.    Defendants deny the allegations in paragraph 549.

550.    Defendants deny the allegations in paragraph 550.

551.    Defendants deny the allegations in paragraph 551.

552.    Defendants deny the allegations in the first sentence of in paragraph 550. Defendants admit the allegations in the second sentence of paragraph 552.

553.    Defendants deny the allegations in paragraph 553.

554.    Defendants deny the allegations in paragraph 554.

555.    Defendants deny the allegations in paragraph 555.

556.    Defendants deny the allegations in paragraph 556.

557.    Defendants admit the allegations in the first, third, and fourth sentences of paragraph 557. Defendants deny the allegations in the second, fifth, and sixth sentences of paragraph 557.

558.    Defendants admit that Mr. Alcocer Chavez has requested a videophone at Adelanto. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third and fourth sentences of

paragraph 558 and therefore deny those allegations. Defendants deny the remaining allegations in paragraph 558.

559.   Defendants deny the allegations in paragraph 559.

560.   Defendants admit the allegations in the first sentence of paragraph 560. Defendants deny the remaining allegations in paragraph 560.

561.   Defendants deny the allegations in paragraph 561.

562.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 562 and therefore deny those allegations.

563.   Defendants deny the allegations in the first and fourth sentences of paragraph 563. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second and third sentences of paragraph 563 and therefore deny those allegations.

564.   Defendants admit the allegations in the first and second sentences of paragraph 564. Defendants deny the allegations in the third through seventh sentences of paragraph 564. Defendants deny the allegations that there is one accessible shower with a shower seat broken and not properly affixed. Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in the ninth sentence and of the tenth sentences of paragraph 564 and therefore deny those allegations.

565.   Defendants deny the allegations in the first sentence of paragraph 565. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations that Mr. Sanchez Martinez's relinquishing of his back brace was unwilling, but they admit that he relinquished it. Defendants deny the allegations in the third sentence of paragraph 565.

566.   Defendants deny the allegations in the first sentence of paragraph 566. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second and fourth sentences of paragraph 566 and

1 therefore deny those allegations. Defendants admit that at the beginning of June,

2 Adelanto took his wheelchair away, due to unauthorized modifications. Defendants

3 lack knowledge or information sufficient to form a belief as to the truth of the

4 remaining allegations in the third sentence of paragraph 566 and therefore deny

5 those allegations. Defendants deny the allegations in the fifth sentence of

6 paragraph 566. Defendants deny the allegations in the sixth sentence of paragraph

7 566.

8      567.   Defendants deny the allegations in the first and second sentences of

9 paragraph 567. Defendants lack knowledge or information sufficient to form a

10 belief as to truth of the allegations that plaintiff Jimmy Sudney had special shoes

11 for his flat feet in prison, and therefore deny those allegations. Defendants deny the

12 remaining allegations in the third sentence of paragraph 567. Defendants deny the

13 allegations in the fourth sentence of paragraph 567. Defendants lack knowledge or

14 information sufficient to form a belief as to truth of the allegations that in prison,

15 Mr. Sudney had prescription tinted glasses and therefore deny those allegations.

16 Defendants deny the remaining allegations in the fourth sentence of paragraph 567.

17 Defendants lack knowledge or information sufficient to form a belief as to truth of

18 the allegations in the fifth and sixth sentences of paragraph 567 and therefore deny

19 those allegations.

20      568.   Defendants admit the allegations in the first sentence of paragraph of

21 568. Defendants lack knowledge or information sufficient to form a belief as to

22 truth of the allegations in the second sentence of paragraph 568 and therefore deny

23 those allegations.

24      569.   Defendants admit the allegations in the first sentence of paragraph

25 569. Defendants deny the allegations in the second sentence of paragraph 569.

26 Defendants lack knowledge or information sufficient to form a belief as to the

27 allegations in the third sentence of paragraph 569 and therefore deny those

28 allegations. Defendants deny the remaining allegations in paragraph 569.

570. Defendants deny the allegations in the first sentence of paragraph 570. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 570 and therefore deny those allegations.

571. Defendants deny the allegations in paragraph 571.

572. Defendants deny the allegations in paragraph 572.

573. Defendants admit the allegations in the first and second sentences of paragraph 573. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations that after receiving his shoes, Salazar Artaga still had a third fall on his way to immigration court on April 23, 2019 and therefore deny those allegations. Defendants admit that Mr. Artaga was not provided with leg or knee braces. Defendants deny the allegations in the fourth sentence of paragraph 573. Defendants admit the allegations in the fifth sentence. Defendants admit the allegations that no authorization for braces has happened to date. Defendants lack knowledge or information sufficient to form a belief as to truth of the remaining allegations in the sixth sentence of paragraph 573 and therefore deny those allegations.

574. Defendants deny the allegations in paragraph 574.

575. Defendants deny the allegations in the first sentence of paragraph 575. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 575 and therefore deny those allegations. Defendants deny the allegations in the third sentence of paragraph 575.

576. Defendants deny the allegations in paragraph 576.

577. Defendants deny the allegations in paragraph 577.

578. Defendants admit that Mr. Alcocer Chavez is Deaf and communicates in ASL, but Defendants deny the remaining allegations in the first sentence of paragraph 578. Defendants deny the remaining allegations in this paragraph.

579.   Defendants admit the allegations in the first sentence of paragraph 579. Defendants deny the allegations in the second and third sentences of paragraph 579. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth and fifth sentences of paragraph 579 and therefore deny those allegations.

**6. Defendants Systemically Fail to Ensure Contractors do Not Subject Detained Individuals with Disabilities to Discrimination on the Basis of Their Disability.**

580.   Defendants deny the allegations in paragraph 581.

581.   Defendants deny the allegations in paragraph 581.

582.   Defendants deny the allegations in paragraph 582.

583.   The allegations in paragraph 583 merely characterize or quote Detainee Allies, *Testimony from Migrants and Refugees in the Otay Mesa Detention Center* (Jan. 2019), http://www.detaineeallies.org/wpcontent/uploads/2019/01/FINAL_Detainee-Allies-2019-0131b.pdf, which speaks for itself, and so no response is required for those allegations. To the extent a response is required, Defendants deny any allegations that are inconsistent with the referenced document and Plaintiffs' characterizations of that document.

584.   The allegations in paragraph 584 merely characterize or quote Disability Rights Cal., *There Is No Safety Here* (Mar. 2019), https://www.disabilityrightsca.org/system/files/file-attachments/DRC_REPORT_ADELANTO-IMMIG_DETENTION_MARCH2019.pdf, which speaks for itself, and so no response is required for those allegations. To the extent a response is required, Defendants deny any allegations that are inconsistent with the referenced document and Plaintiffs' characterizations of that document.

585.   The allegations in paragraph 585 merely characterize or quote Letter from American Immigration Council & American Immigration Lawyers Association to Thomas Homan, Acting Dir., Immigration & Customs Enforcement, Dep't of Homeland Sec. et al. (June 4, 2018), http://www.americanimmigrationcouncil.org/sites/default/files/general_litigation/complaint_demands_investigation_into_inadequate_medical_and_mental_health_care_condition_in_immigration_detention_center.pdf; and Human Rights First, *Ailing Justice: Texas* (June 2018), https://www.humanrightsfirst.org/sites/default/files/Ailing_Justice_Texas.pdf, which speak for themselves. To the extent a response is required, Defendants deny any allegations that are inconsistent with the referenced documents and Plaintiffs' characterizations of those documents.

586.   The allegations in paragraph 586 merely characterize or quote two news articles, which speak for themselves. To the extent a response is required, Defendants deny any allegations that are inconsistent with the referenced documents and Plaintiffs' characterizations of those documents.

587.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 587 and therefore deny those allegations.

588.   Defendants deny the allegations contained in paragraph 588.

589.   Defendants admit the allegations in the second sentence of paragraph 589. Defendants deny the remaining allegations in paragraph 589.

590.   Defendants deny the allegations in paragraph 590.

591.   Defendants deny the allegations in the first sentence of paragraph 591. Defendants deny the second sentence of this paragraph because it consists of statements or conclusions of law.

592.   Defendants deny the allegations in paragraph 592.

**B. The Fifth Amendment Prohibits the Federal Government from Subjecting Members of the Disability Subclass to Conditions That Rise to the Level of Punishment.**

593. This paragraph merely characterizes Plaintiffs' claims and allegations in the Complaint, and so no response is required for those allegations. To the extent the statements in this paragraph require an answer, Defendants deny them.

594. Defendants deny the allegations in paragraph 594.

595. Defendants deny the allegations in paragraph 595.

596. Defendants deny the first sentence of paragraph 596 because it consists of statements or conclusions of law or quotes legal decisions that speak for themselves and so no response is required for those allegations. Defendants deny the allegations in the second sentence of paragraph 596.

597. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations that Mr. Sudney had special shoes for his flat feet in prison, and therefore deny those allegations. Defendants deny the remaining allegations in paragraph 597.

598. Defendants admit that Mr. Chavez is Deaf. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations that he had access to a videophone while he was in Riverside County Jail and therefore deny that allegation. Defendants deny the remaining allegations in the first sentence of paragraph 598. Defendants deny the allegations in the second and third sentences of paragraph 598. Defendants lack knowledge or information sufficient to form a belief as to the allegations in the fourth sentence of paragraph 598 and therefore deny those allegations. Defendants admit the allegations in the fifth sentence of paragraph 598. Defendants lack knowledge or information sufficient to form a belief as to the allegations in the sixth sentence of paragraph 598 and therefore deny those allegations.

599.    Defendants admit that Mr. Baca Hernández is blind. Defendants lack knowledge or information sufficient to form a belief as to the remaining allegation in the first sentence of paragraph 599 and therefore deny those allegations. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 599 and therefore deny those allegations. Defendants deny the allegations in the third sentence of paragraph 599.

## CLASS ALLEGATIONS

**IX.  Class**

600.    Defendants admit the allegations in paragraph 600.

601.    Defendants deny the allegations in paragraph 601.

602.    Defendants deny the allegations in paragraph 602.

603.    Defendants admit the allegations in paragraph 603.

604.    Defendants deny the allegations in paragraph 604.

605.    Defendants deny the allegations in paragraph 605.

606.    Defendants deny the allegations in paragraph 606.

607.    Defendants deny the allegations in paragraph 607.

**X.    Segregation Subclass**

608.    This paragraph merely characterizes Plaintiffs' claims and allegations in the Complaint, and so no response is required for those allegations. To the extent the statements in this paragraph require an answer, Defendants deny them.

609.    Defendants deny the allegations in the first sentence of paragraph 609. The remaining allegations in paragraph 609 merely characterize or quote Office of Inspector Gen., Dep't of Homeland Sec., *OIG-17-119: ICE Field Offices Need to Improve Compliance with Oversight Requirements for Segregation of Detainees with Mental Health Conditions* (Sep. 29, 2017), https://www.oig.dhs.gov/sites/default/files/assets/2017-11/OIG-17-119-Sep17.pdf, which speaks for itself, and so no response is required for those allegations. To the

extent a response is required, Defendants deny any allegations that are inconsistent with the referenced document and Plaintiffs' characterizations of that document.

610.   Defendants deny the allegations in paragraph 610.

611.   Defendants deny the allegations in paragraph 611.

612.   Defendants deny the allegations in paragraph 612.

613.   Defendants deny the allegations in the first sentence of paragraph 613. Defendants admit the allegations in the second sentence. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence and therefore deny those allegations.

614.   Defendants deny the allegations in paragraph 614.

615.   Defendants deny the allegations in paragraph 615.

**XI.   Disability Subclass**

616.   Defendants admit the allegations in paragraph 616.

617.   Defendants deny the allegations in the first sentence of paragraph 617. The remaining allegations in paragraph 617 merely characterize or quote Dana Priest et al., *Suicides Point to Gaps in Treatment: Errors in Psychiatric Diagnoses and Drugs Plague Strained Immigration System*, Washington Post (May 13, 2008), https://www.washingtonpost.com/wpsrv/nation/specials/immigration/cwc_d3p1.html?noredirect=on, which speaks for itself, and so no response is required for those allegations. To the extent a response is required, Defendants deny any allegations that are inconsistent with the referenced document and Plaintiffs' characterizations of that document.

618.   Defendants deny the allegations in paragraph 618.

619.   Defendants deny the allegations in paragraph 619.

620.   Defendants deny the allegations in paragraph 620.

621.   Defendants deny the allegations in the first sentence of paragraph 621. Defendants admit the allegations in the second sentence. Defendants lack knowledge or information sufficient to form a belief as to the truth of the

allegations in the third sentence. To the extent a response is required, Defendants admit the allegations in the third sentence.

622.   Defendants deny the allegations in paragraph 622.

623.   Defendants deny the allegations in paragraph 623.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

**XII.  Violation of the Due Process Clause of the Fifth Amendment: Failing to Monitor and Prevent the Challenged Practices (All Plaintiffs and the Class Against All Defendants).**

624.   Defendants incorporate by reference each and every preceding response to Plaintiff's allegations as if fully set forth herein.

625.   Defendants deny the allegations in paragraph 625.

626.   Defendants deny the allegations in paragraph 626.

627.   Defendants deny the allegations in paragraph 627.

628.   Defendants deny paragraph 628 because it consists of statements or conclusions of law.

629.   Defendants deny the allegations in paragraph 629.

630.   Defendants deny the allegations in paragraph 630.

## SECOND CLAIM FOR RELIEF

**XIII.  Violation of the Due Process Clause of the Fifth Amendment: Failing to Monitor and Prevent the Segregation Practices (Organizational Plaintiffs, Segregation Plaintiffs, and the Segregation Subclass Against All Defendants).**

631.   Defendants incorporate by reference each and every preceding response to Plaintiff's allegations as if fully set forth herein.

632.   Defendants deny the allegations in paragraph 632.

633.   Defendants deny the allegations in paragraph 633.

634.   Defendants deny the allegations in paragraph 634.

1    635.   Defendants deny paragraph 635 because it consists of statements or
2    conclusions of law.

3    636.   Defendants deny the allegations in paragraph 636.

4    **THIRD CLAIM FOR RELIEF**

5    **XIV.  Violation of Due Process Clause of the Fifth Amendment: Failing to**
6    **Monitor and Prevent Disability-Related Practices That Constitute**
7    **Punishment (Organizational Plaintiffs, Disability Plaintiffs, and**
8    **Members of the Disability Subclass Against All Defendants).**

9    637.   Defendants incorporate by reference each and every preceding
10   response to Plaintiff's allegations as if fully set forth herein.

11   638.   Defendants deny the allegations in paragraph 638.

12   639.   Defendants deny the allegations in paragraph 639.

13   640.   Defendants deny the allegations in paragraph 640.

14   641.   Defendants deny paragraph 641 because it consists of statements or
15   conclusions of law.

16   642.   Defendants deny the allegations in paragraph 642.

17   643.   Defendants deny the allegations in paragraph 643.

18   **FOURTH CLAIM FOR RELIEF**

19   **XV.  Violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794**
20   **(Organizational Plaintiffs, Disability Plaintiffs, and the Disability**
21   **Subclass Against Defendants DHS, ICE, and IHSC).**

22   644.   Defendants incorporate by reference each and every preceding
23   response to Plaintiff's allegations as if fully set forth herein.

24   645.   Defendants admit the allegations in paragraph 645.

25   646.   Defendants deny paragraph 646 because it consists of statements or
26   conclusions of law.

27   647.   Defendants admit the allegations in paragraph 647.

28   648.   Defendants admit the allegations in paragraph 648.

1   649.   Defendants deny the allegations in paragraph 649.

2   650.   Defendants admit the allegations in the first sentence of paragraph

3   650. Defendants deny the remaining allegations in this paragraph because they

4   consist of statements or conclusions of law. To the extent a response is required,

5   Defendants deny any allegations that are inconsistent with the referenced

6   regulations and Plaintiffs' characterizations and legal conclusions concerning those

7   regulations.

8   651.   Defendants deny the allegations in paragraph 651.

9   652.   Defendants deny the allegations in paragraph 652.

10   653.   Defendants deny the allegations in paragraph 653.

11   654.   Defendants deny the allegations in paragraph 654.

12   655.   Defendants deny the allegations in paragraph 655.

13   **PRAYER FOR RELIEF**

14   656.   Defendants deny the allegations in paragraph 656 and deny that

15   Plaintiffs are entitled to the relief sought.

16   657.   This paragraph merely characterizes Plaintiffs' claims and allegations

17   in the Complaint, and so no response is required for those allegations. To the

18   extent the statements in this paragraph require an answer, Defendants deny them.

19   **GENERAL DENIAL**

20   Unless expressly and unequivocally admitted above, Defendants deny all of

21   the allegations set forth in the Complaint.

22   **DEFENDANTS' DEFENSES**

23   As for their defenses, Defendants alleges as follows:

24   **FIRST DEFENSE**

25   The Complaint fails in whole or in part to state a claim upon which relief

26   may be granted.

27

28

1

## SECOND DEFENSE

2        The Court lacks subject matter jurisdiction to consider Plaintiffs' claims or

3 to grant the relief sought in the Complaint.

4

## THIRD DEFENSE

5        Plaintiffs have failed to allege a cognizable cause of action for their claims.

6

## FOURTH DEFENSE

7        To the extent this Court determines that administrative exhaustion is

8 required, Defendants contend that Plaintiffs did not comply with administrative

9 exhaustion requirements.

10

11 DATED: May 29, 2020             Respectfully Submitted,

12                               JOSEPH H. HUNT
Assistant Attorney General

13                               WILLIAM C. PEACHEY
Director

14                               JEFFREY S. ROBINS
Deputy Director

15                               ANNA DICHTER
LINDSAY M. VICK

16                               Trial Attorneys

17                               */s/ Hans H. Chen*
HANS H. CHEN

18                               Trial Attorney
United States Department of Justice

19                               Civil Division
Office of Immigration Litigation

20                               Washington, D.C. 20044
Tel.: (202) 305-0190

21                               Fax: (202) 305-7000
Email: hans.h.chen@usdoj.gov

22

23                               *Counsel for Defendants*

24

25

26

27

28