1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION – RIVERSIDE**

| | |
|---|---|
| FAOUR ABDALLAH FRAIHAT, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. IMMIGRATION AND CUSTOMS<br>ENFORCEMENT, *et al.*,<br><br>Defendants. | Case No.: ED19-cv-01546-JGB(SHKx)<br><br>DISCOVERY MATTER<br><br>STIPULATED PROTECTIVE ORDER |

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

## 1. A.   PURPOSES AND LIMITATIONS

2

3       Discovery in this action is likely to involve production of confidential,

4  sensitive, proprietary or private information for which special protection from

5  public disclosure and from use for any purpose other than prosecuting or

6  defending this litigation may be warranted. No one subject to this Protective Order

7  shall use Confidential Information obtained from the opposing party in this

8  litigation in any other proceedings, including in federal or state proceedings and

9  enforcement actions. Nothing in this Order shall prevent any party from using

10  independently obtained information for legitimate law enforcement purposes. .

11  Accordingly, the parties hereby stipulate to and petition the Court to enter the

12  following Stipulated Protective Order. The parties acknowledge that this Order

13  does not confer blanket protections on, or allow blanket designations of, all

14  disclosures or responses to discovery and that the protection it affords from public

15  disclosure and use extends only to the limited information or items that are

16  entitled to confidential treatment under the applicable legal principles. The parties

17  further acknowledge, as set forth in Section 14.4, below, that this Stipulated

18  Protective Order does not entitle them to file confidential information under seal;

19  Civil Local Rule 79-5 sets forth the procedures that must be followed and the

20  standards that will be applied when a party seeks permission from the court to file

21  material under seal. This Protective Order is an order of the Court pursuant to 5

22  U.S.C. § 552a(b)(11) that allows for the disclosure of documents or information

23  whose disclosure would otherwise be prohibited by the Privacy Act of 1974. As

24  described herein, these documents shall be marked as Confidential.

## 1. B.   GOOD CAUSE STATEMENT

25       This action is likely to involve private, personally identifiable information

26  ("PII"), business information, law enforcement sensitive information ("LES")

27  (defined as sensitive information, disclosure of which could cause harm to law

28

2

enforcement activities or jeopardize investigations or operations), as well as governmental information that is sensitive, for which special protection from public disclosure and from use for any purpose other than prosecution or defense of this action is warranted. No one subject to this Protective Order shall use Confidential Information obtained from the opposing party in this litigation in any other proceedings, including in federal or state proceedings and enforcement actions. Nothing in this Order shall prevent any party from using independently obtained information for legitimate law enforcement purposes. Such confidential, sensitive, and proprietary materials and information consist of, among other things, information protected by the Privacy Act of 1974, 5 U.S.C. § 552a, LES information, investigatory information, and other Government official information, as well as names, other PII, financial and/or tax records, criminal record information, health information, which includes, but is not limited to, protected health information ("PHI"), and other sensitive private information pertaining to individuals that is otherwise generally unavailable to the public, or which may be privileged or otherwise protected or prohibited from disclosure under state or federal constitutions, statutes, court rules, case decisions, or common law. Defendants also note that disclosure in discovery in this action may involve information covered by various statutory and regulatory confidentiality provisions that may limit or prohibit their disclosure in this action.

2.   DEFINITIONS

2.1   Action: this pending federal lawsuit.

2.2   Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3   "Confidential" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c). Confidential Information includes,

3

but is not limited to, personally identifiable information, including, but not limited to, the first and last names, date of birth, place of birth, immigration status, citizenship, travel to and from the United States, phone number, work, home, and/or email address, medical and disability-related information, Social Security numbers, alien numbers, driver's license information, financial information, name of employer, professional license numbers, photograph of any person, LES information, non-public information that is For Official Use Only (FOUO),[1] information protected by the provisions of the Privacy Act of 1974, 5 U.S.C § 552a, information contained in individual detainee files (e.g., "A files") subject to disclosure conditions under the Privacy Act, 5 U.S.C. § 552a, or any other information or documents that would be covered by the Privacy Act if the subject of the information had been a U.S. citizen or a person lawfully admitted for permanent  residence, and information that is protected or restricted from disclosure under the terms of any statute or regulation, but which the Court may order to be produced.

     2.4    Counsel: Counsel of Record for a Party or Non-Party, as well as their support staff.

     2.5    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL".

     2.6    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

---

[1] The term used within DHS to identify unclassified information of a sensitive nature, not otherwise categorized by statute or regulation, the unauthorized disclosure of which could adversely impact a person's privacy or welfare, the conduct of Federal programs, or other programs or operations essential to the national interest.

*Fraihat v. ICE*, Case No. 19-cv-01546-JGB(SHKx)
**Stipulated Protective Order**

2.7     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8     Non-Party: any natural person, partnership, corporation, association, governmental agency, or other legal entity not named as a Party to this action.

2.9     Party: any party to this Action, including all of its officers, directors, employees, consultants, retained Experts, and Counsel.

2.10    Privacy Standards: the Standards for Privacy of Individually Identifiable Health Information. *See* 45 C.F.R. §§ 160 & 164 (2003).

2.11    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.12    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL".

2.14    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.15    Signatories: all parties to this litigation, their counsel, and all  Non-Parties that a court may subsequently recognize as a signatory of this qualified protective order.

3.      SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or

5

presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial or purport to restrict the parties' ability to enter a separate agreement governing the use of protected material at trial.

4.      DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.      DESIGNATING PROTECTED MATERIAL

5.1      Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

Mass, indiscriminate or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable

6

1  designation.

2      5.2    Manner and Timing of Designations. Except as otherwise provided in

3  this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material

4  that qualifies for protection under this Order must be clearly so designated before

5  the material is disclosed or produced.

6      Designation in conformity with this Order requires:

7      (a)    For information in documentary form (*e.g.*, paper or electronic

8  documents, but excluding transcripts of depositions or other pretrial or trial

9  proceedings), that the Producing Party affix at a minimum, the legend

10  "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that

11  contains Protected Material.

12      (b)    If a Party initially produces documents for inspection (*e.g.*, because

13  of the volume of materials and to reduce unnecessary copying), in lieu of marking

14  the original of a document which contains Confidential Information prior to such

15  an inspection, Counsel for the Producing Party may in writing designate

16  documents or things being produced for inspection as containing Confidential

17  Information, thereby making them subject to this Order. Any copies of such

18  documents thereafter provided, however, must be marked by the Designating

19  Party, if appropriate, in accordance with this Order at the time copies are formally

20  produced. Tangible objects constituting or containing Confidential Information

21  may be designated Confidential Information by affixing to the object or its

22  container, a label or tag marked "Confidential - Subject to Confidentiality Order."

23      (c)    For testimony given in depositions that the Designating Party

24  identifies on the record as Disclosure or Discovery Material that qualifies for

25  protection under this Order, the testimony should be identified on the record as

26  Confidential Information wherever possible. A party may later designate portions

27  of depositions as Confidential Information after transcription, provided written

28                                          7

*Fraihat v. ICE*, Case No. 19-cv-01546-JGB(SHKx)
**Stipulated Protective Order**

notice of the designation is promptly given to all counsel of record within thirty (30) days after the court reporter has notified counsel that the deposition transcript has been completed. Those portions of the original transcripts that contain Confidential Information shall bear the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" at the beginning of the text which has been designated Confidential Information and the cover page of the transcripts that contain Confidential Information shall bear the legend, "CONTAINS CONFIDENTIAL PORTIONS."

(d)     For Confidential Information produced in some form other than documentary and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

(e)     With respect to documents containing Protected Material produced in Native Format, the designating party shall include the appropriate confidentiality designation in the filename.

(f)     A Designating Party may designate as CONFIDENTIAL information or items produced in this litigation by another Party or Non- Party that contains or is derived from the Designating Party's own such Designations, subject to the restrictions set forth in the Order. Each Party that designates such information or items as CONFIDENTIAL will be treated as the Designating Party for purposes of this Order.

5.3     Inadvertent Failures to Designate. If timely corrected by written notice to the Receiving Party, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of

8

a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. The Receiving Party shall treat such documents, things, information, responses and testimony as Protected Material from the date such notice is received in accordance with the provisions of this Order. The Receiving Party shall reasonably cooperate to correct any disclosure to maintain the confidentiality of the previously undesignated information, without prejudice. Within ten (10) days of providing written notice that a document or documents was not designated Protected Material under this provision, the Designating Party must provide the Receiving Party with replacement copies of such documents containing the proper designation. Upon receipt of such replacement copies, the Receiving Party shall immediately destroy any copies of the unmarked or incorrectly marked documents, things, information, responses, or testimony; except that the Receiving Party shall not be obligated to destroy any mis-designated material that has become part of the record of this litigation or of a deposition taken pursuant to this litigation.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1   Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2   Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties), may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in

*Fraihat v. ICE*, Case No. 19-cv-01546-JGB(SHKx)
**Stipulated Protective Order**

question the protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 7.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1   Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action. A Receiving Party may not use Protected Material in any other legal proceeding, except as permitted by order of court, or as agreed by the parties. As noted in this agreement, no one subject to this Protective Order shall use Confidential Information obtained from the opposing party in this litigation in any other proceedings, including in federal or state proceedings and enforcement actions. Nothing in this Order shall prevent any party from using independently obtained information for legitimate law enforcement purposes. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2   Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)   the Receiving Party's Counsel in this Action, as well as employees and any legal, investigative, technical, administrative, and other support staff of said Counsel to whom it is reasonably necessary to disclose the information for this Action;

(b)     the Receiving Party itself, including the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)     Experts (as defined in this Order) or independent consultants (and their staff) retained by Counsel for the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the court and its personnel;

(e)     court reporters and their staff;

(f)     professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)     during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the "Acknowledgment and Agreement to be Bound" (Exhibit A); and (2) they will not be permitted to keep any confidential information. Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other

11

*Fraihat v. ICE*, Case No. 19-cv-01546-JGB(SHKx)
**Stipulated Protective Order**

litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" that Party must:

(a)     promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.     <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION.</u>

(a)     The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections, including negotiating a separate protective order with any third party, provided that all parties to this litigation are included in the negotiation of such agreement

12

1    and ultimately agree to the terms of such agreement.

2         (b)    In the event that a Party is required, by a valid discovery request, to

3    produce a Non-Party's Protected Material in its possession, and the Party is

4    subject to an agreement with the Non-Party not to produce the Non-Party's

5    Protected Material, then the Party shall:

6            (1) promptly notify in writing the Requesting Party and the Non-

7         Party that some or all of the information requested is subject to a

8         confidentiality agreement with a Non-Party;

9            (2) promptly provide the Non-Party with a copy of the Stipulated

10        Protective Order in this Action, the relevant discovery request(s), and a

11        reasonably specific description of the information requested; and

12           (3) make the information requested available for inspection by the

13        Non- Party, if requested.

14        (c)    If the Non-Party fails to seek a protective order from this court within

15   14 days of receiving the notice and accompanying information, the Producing

16   Party may produce the Non-Party's Protected Material responsive to the discovery

17   request. If the Non-Party timely seeks a protective order, the Producing Party shall

18   not produce any information in its possession or control that is subject to the

19   confidentiality agreement with the Non-Party before a determination by the court.

20   Absent a court order to the contrary, the Non-Party shall bear the burden and

21   expense of seeking protection in this court of its Protected Material.

22        (d)    Nothing contained herein shall be construed to restrict the ability of a

23   Non-Party from objecting to disclosure of information within its possession,

24   custody, and control pursuant to any applicable federal or state law.    These

25   include, but are not limited to, information covered by the Department of

26   Homeland Security's ("DHS") *Touhy* regulations, 6 C.F.R. §§ 5.41 et seq.

27        10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

28

13

*Fraihat v. ICE*, Case No. 19-cv-01546-JGB(SHKx)
**Stipulated Protective Order**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.    SECURITY AND DATA BREACH

Any person in possession of another Party's Protected Material shall exercise the same care with regard to the storage, custody, or use of such Protected Material as they would apply to their own material of the same or comparable sensitivity, including complying with all applicable laws and regulations governing such Protected Material, and act in conformity with the purposes and limitations and good cause statement contained herein.

12.    MISCELLANEOUS

12.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2    Right to Assert Other Objections. By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

12.3    Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5.

14

*Fraihat v. ICE*, Case No. 19-cv-01546-JGB(SHKx)
**Stipulated Protective Order**

13.    FINAL DISPOSITION

13.1    <u>Return or Destroy Protected Materials</u>. Within 60 days after the Final Disposition of this Action, and upon a written request by the Designating Party, each Receiving Party must use commercially reasonable efforts to return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.

13.2    <u>Certification of Return or Destruction</u>. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) within 60 days after the Final Disposition of this Action that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

13.3    <u>Use of Archival or Backup Data</u>. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

Counsel also shall not be required to delete Protected Material that may reside on their respective parties' firms' or vendors' electronic disaster recovery systems that are overwritten in the normal course of business, or Protected Material that may reside in electronic files which are not reasonably accessible.

15

However, parties and their Counsel shall not retrieve, access, nor use any Protected Material from said electronic disaster recovery systems or other not-reasonably accessible data sources after the conclusion of the matter.

14.    VIOLATION

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

Dated: May 26, 2020

_____

Hon. Jesus Bernal

United States District Judge

16

*Fraihat v. ICE*, Case No. 19-cv-01546-JGB(SHKx)
**Stipulated Protective Order**

**EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Fraihat v. U.S. Immigration and Customs Enforcement*, Civil Action No. 19-cv-01546-JGB(SHKx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ _____ [print or type full name] of _____ _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

17

*Fraihat v. ICE*, Case No. 19-cv-01546-JGB(SHKx)
**Stipulated Protective Order**