Timothy P. Fox (CA Bar 157750)
*tfox@creeclaw.org*
Elizabeth Jordan*
*ejordan@creeclaw.org*
CIVIL RIGHTS EDUCATION
AND ENFORCEMENT CENTER
1245 E. Colfax Avenue, Suite 400
Denver, CO 80218
Tel:  (303) 757-7901
Fax: (303) 872-9072

Veronica Salama*
*veronica.salama@splcenter.org*
SOUTHERN POVERTY LAW
CENTER
P.O. Box 1287
Decatur, GA 30031
Tel: (404) 221-5825
Fax: (404) 221-5857

Stuart Seaborn (CA Bar 198590)
*sseaborn@dralegal.org*
Melissa Riess (CA Bar 295959)
*mriess@dralegal.org*
Rosa Lee V. Bichell (CA Bar 331530)
*rbichell@dralegal.org*
DISABILITY RIGHTS ADVOCATES
2001 Center Street, 4th Floor
Berkeley, CA 94704
Tel:  (510) 665-8644
Fax: (510) 665-8511

Attorneys for Plaintiffs (continued on next page)

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## EASTERN DIVISION – RIVERSIDE

| | |
|---|---|
| FAOUR ABDALLAH FRAIHAT, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*,<br><br>Defendants. | Case No. 19-cv-01546-JGB(SHKx)<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY**<br><br>Hearing Date:  October 19, 2020<br>Time:  9:00 A.M.<br>Honorable Jesus G. Bernal |

1   William F. Alderman (CA Bar 47381)
    *walderman@orrick.com*
2   Jake Routhier (CA Bar 324452)
    *jrouthier@orrick.com*
3   ORRICK, HERRINGTON &
    SUTCLIFFE LLP
4   405 Howard Street
    San Francisco, CA  94105
5   Tel.: (415) 773-5700
    Fax: (415) 773-5759
6
7   Michael W. Johnson*
    *mjohnson1@willkie.com*
8   Jessica Blanton*
    *jblanton@willkie.com*
9   Joseph Bretschneider*
    *jbretschneider@willkie.com*
10  WILLKIE FARR &
    GALLAGHER LLP
11  787 Seventh Avenue
    New York, NY 10019
12  Tel.:  (212) 728-8000
    Fax: (212) 728-8111
13
14  Benjamin Salk**
    *benjamin.salk@splcenter.org*
15  SOUTHERN POVERTY LAW
    CENTER
16  111 E. Capitol Street, Suite 280
    Jackson, MS 39201
17  Phone: 601-948-8882
    Fax: 601-948-8885
18
19  Christina Brandt-Young*
    *cbrandt-young@dralegal.org*
20  DISABILITY RIGHTS
    ADVOCATES
21  655 Third Avenue, 14th Floor
    New York, NY 10017
22  Tel.:  (212) 644-8644
    Fax: (212) 644-8636
23

Mark Mermelstein (CA Bar 208005)
*mmermelstein@orrick.com*
ORRICK, HERRINGTON &
SUTCLIFFE LLP
777 South Figueroa Street
Suite 3200
Los Angeles, CA 90017
Tel.: (213) 629-2020
Fax: (213) 612-2499

Leigh Coutoumanos*
*lcoutoumanos@willkie.com*
Timothy Ryan*
*tryan@willkie.com*
WILLKIE FARR &
GALLAGHER LLP
1875 K Street NW, Suite 100
Washington, DC 20006
Tel.:  (202) 303-1000
Fax: (202) 303-2000

Maria del Pilar Gonzalez Morales
(CA Bar 308550)
*pgonzalez@creeclaw.org*
CIVIL RIGHTS EDUCATION
AND ENFORCEMENT CENTER
1825 N. Vermont Avenue, #27916
Los Angeles, CA 90027
Tel.:  (805) 813-8896
Fax: (303) 872-9072

Lisa Graybill (CA Bar 254540)
*graybill@nilc.org*
NATIONAL IMMIGRATION LAW
CENTER
P.O. Box 40476
Austin, TX 78704

24  Attorneys for Plaintiffs (continued from previous page)
    *Admitted Pro Hac Vice
25  **Pro Hac Vice Application Forthcoming

26

27

28

# TABLE OF CONTENTS

Page

I.     Introduction .................................................................................. 1

II.    Background Facts and Proceedings.............................................. 1

III.   Legal Standard.............................................................................. 4

IV.    Argument ...................................................................................... 5

       A.    The Ninth Circuit Consistently Disfavors Stays of Trial
             Court Proceedings Pending Interlocutory Appeal from
             Preliminary Injunction Orders ............................................ 5

       B.    A Ruling on Defendants' Appeal Of The PI And Subclass
             Certification Orders Will Not Impact The Scope of
             Discovery ............................................................................ 6

       C.    Defendants Have Not Met Any Of The Requirements For
             A Stay Pending Appeal ........................................................ 8

       D.    The Looming Discovery Cut-Off and Defendants' Delays
             Require Denial of Their Motion for Further Delay ............ 10

V.     Conclusion.................................................................................. 11

# TABLE OF AUTHORITIES

Case _____ Page

*California v. Azar,*
    911 F.3d 558 (9th Cir. 2018).............................................................................. 5

*East Bay Sanctuary Covenant v. Trump,*
    932 F.3d 742 (9th Cir. 2018).............................................................................. 4

*Federal Trade Commission v. Qualcomm Inc.,*
    935 F.3d 752 (9th Cir. 2019).............................................................................. 4

*Fraihat v. ICE,*
    No. EDCV 19-1546 JGB, 2020 WL 1932570 (C.D. Cal. Apr. 20, 2020) ...... 2

*Global Horizons, Inc. v. U.S. Dept. of Labor,*
    510 F.3d 1054 (9th Cir. 2007)............................................................................ 5

*Gonzalez v. ICE,*
    Nos. 20-55175, 20-55252, 2020 WL 5494324 (9th Cir. Sept. 11, 2020) ....... 8

*Hernandez Roman v. Wolf,*
    No. 20-cv-00768, 2020 WL 5683233 (9th Cir. Sept. 23, 2020) .................... 9

*Melendres v. Arpaio,*
    695 F.3d 990 (9th Cir. 2012).............................................................................. 5

*Microsoft Corp. v. Baker,*
    137 S. Ct. 1702 (2017) ...................................................................................... 8

*Nutraceutical Corp. v. Lambert,*
    139 S. Ct. 710 (2019) ........................................................................................ 8

*Sierra Club v. Trump,*
    929 F.3d 670 (9th Cir. 2019).............................................................................. 4

***Fraihat, et al., v. ICE, et al.*, Case No. 19-cv-01546-JGB(SHKx)**
**Plaintiffs' Opposition to Defendants' Motion to Stay Discovery**

ii

## I.  INTRODUCTION

Defendants' belated move to stay all discovery in this case pending a ruling in their interlocutory appeal from the Court's preliminary injunction order ("PI Order") should be denied.  The Ninth Circuit has repeatedly admonished district courts not to issue such stays, since an appellate ruling on a preliminary injunction is unlikely to provide guidance on the merits of the ongoing case.  That is especially so here, where the PI Order deals only with COVID-19, and the discovery Defendants want to delay makes no mention of COVID-19 at all, instead focusing on the broader case Plaintiffs filed last year.

Moreover, staying discovery would thwart Plaintiffs' ability to meet the March 2021 discovery cut-off set by the Court's scheduling order.  With barely five months remaining for completion of discovery and related motions when this motion is heard, the case schedule cannot tolerate any delay beyond the relief already granted by Magistrate Judge Kewalramani on September 9.  To the extent Defendants want to make good on their threat to "oppose the discovery sought" by Plaintiffs, any blanket refusals to provide proper discovery should be asserted and dealt with promptly.  Defendants' delays in filing their appeal and in filing this motion betray their strategy of preventing Plaintiffs from obtaining in a timely manner the evidence they will need to try this case next August 3.  The baseless motion for a stay should be denied.

## II.  BACKGROUND FACTS AND PROCEEDINGS

This case was filed on August 19, 2019 by 15 individual plaintiffs in ICE custody in immigration detention facilities and two organizations that provide services to immigrants and asylum applicants (ECF 1).  Plaintiffs allege, on behalf of themselves and three classes of similarly-situated people in current or future ICE custody, that defendants have systematically failed to ensure minimum lawful conditions of confinement at the facilities they or their contractors operate, in

violation of the Due Process Clause and the Rehabilitation Act.  The Complaint details multiple "Challenged Practices," "Segregation Practices," and "Disability-Related Practices" that Defendants have failed to monitor and prevent, all to the detriment of the physical and mental health and well-being of Plaintiffs and the classes they represent.

Defendants moved to dismiss, sever or transfer venue on all claims on November 27, 2019 (ECF 54); the Court denied the motions on April 15, 2020 (ECF 126).  While Defendants' motions were pending, the COVID-19 pandemic hit the United States.  Plaintiffs quickly responded on March 25, 2020 by filing emergency motions for preliminary injunction and provisional class certification of two subclasses (ECF 81, 83).  After extensive briefing and hearings, the Court granted both motions on April 20, 2020 (ECF 132, *Fraihat v. ICE*, No. EDCV 19-1546 JGB, 2020 WL 1932570 (C.D. Cal. Apr. 20, 2020); ECF 133).

The April 20 orders (1) provisionally certified two subclasses, consisting of all people detained in ICE custody who have one or more of enumerated Risk Factors (subclass one) or one of more of enumerated disabilities (subclass two) that place them at heightened risk of severe illness and death upon contracting the COVID-19 virus (ECF 133); and (2) preliminarily enjoined Defendants to take seven specific steps to protect subclass members for "as long as COVID-19 poses a substantial threat of harm" (ECF 132 at 38-39).

Four days later, on April 24, Plaintiffs filed an ex parte application for issuance of notice of the PI Order to class members and to obtain information and documents from Defendants necessary to monitor compliance with that order (ECF 136).  After a hearing, the Court granted the application on May 15, 2020 (ECF 150).  Among other things, that order took Defendants to task for twice ambushing Plaintiffs and the Court by filing new policy documents or declarations just hours before a hearing (at 4); undertaking a "lethargic" response to the COVID-

*Fraihat, et al., v. ICE, et al.*, Case No. 19-cv-01546-JGB(SHKx)
Plaintiffs' Opposition to Defendants' Motion to Stay Discovery

2

19 pandemic (at 5); continuing to "slow walk" their system-wide pandemic response (*id.*); exhibiting a "cavalier approach" to the PI Order (at 6); and responding in a manner that "has been lackadaisical and likely objectively deliberately indifferent" (*id.*).

Then—again in no hurry—Defendants filed a notice of appeal 60 days after issuance of the PI and subclass certification orders, the very last day to do so (ECF 161). In the *three months* between then and their current motion for a stay of discovery, filed on September 17, 2020 (ECF 233), Defendants took no steps to stay any of the proceedings in this Court pending a determination of their appeal.

Despite the Court's April 20 and May 15 orders, Defendants failed to engage in a more robust response to the pandemic, and, on June 24, 2020, Plaintiffs filed a motion to enforce the PI Order (ECF 172-91). Following extensive briefing, multiple declarations, and two hearings, that motion remains under submission. In contrast to their belated motion to stay discovery, Defendants have not sought to stay enforcement of the PI Order, as they acknowledge at page 1 of their motion.

Meanwhile, Plaintiffs have taken seriously the Court's admonition that they proceed expeditiously with discovery. They served a first set of requests for production of documents ("RFPs") on December 16, 2019 (ECF 233 Ex. 1) and a second set on August 10, 2020 (*id.* Ex. 2). On August 19, 2020, the Court issued its civil trial scheduling order directing, among other things, that all discovery (including the hearing of discovery motions) be completed by March 29, 2021, barely seven months later.

On September 9, 2020, Magistrate Judge Kewalramani at Defendants' request held a telephonic conference with counsel regarding Plaintiffs' second set of 109 RFPs, at which he proposed—and all counsel agreed—that Defendants respond to at least 27 unique RFPs on each of the following four Wednesdays, completing them by October 7, and that they produce responsive, non-protected

documents on a rolling basis beginning on September 30.  He ordered compliance with that agreement on the same day (ECF 232).

### III.  LEGAL STANDARD

Defendants correctly note that the party moving for a stay of district court proceedings pending deposition of an interlocutory appeal "bears the burden of showing that the circumstances justify an exercise of that discretion" (ECF 233 at 4, citing *Sierra Club v. Trump*, 929 F.3d 670, 688 (9th Cir. 2019)).  But they ignore the Court's additional cautions in *Sierra Club* that (1) a stay is never available as a matter of right, *even if* irreparable injury might otherwise result; (2) a stay is an intrusion into the ordinary processes of administration and judicial review; (3) a stay is not to be issued reflexively, but rather based on the circumstances of the particular case; and (4) given the recent increase in emergency petitions asking for injunctive relief or stays of injunctive relief, it is "especially important" for courts to strive to follow the traditional process of judicial review rather than deciding "justice on the fly."  929 F.3d at 687-88 (citing *Nken v. Holder*, 556 U.S. 418, 427, 433-34 (2009)).[1]

Defendants' cases also make clear that the applicant for a stay pending appeal must make a "strong showing" that it is likely to succeed on the merits of the appeal and that irreparable injury is "likely" to occur absent a stay, rather than simply a "possibility."  *See, e.g.*, *East Bay Sanctuary Covenant v. Trump*, 932 F.3d 742, 770, 778 (9th Cir. 2018) (denying government's motion to stay a TRO against agency rule and presidential proclamation making asylum unavailable to any alien who entered U.S. from Mexico outside a lawful port of entry).

---

[1] Defendants also ignore that the Court in *Sierra Club* was dealing with a motion for stay of a final order of permanent injunction against redeploying congressionally-appropriated funds to construction of a border wall and that it denied the stay application.  Similarly, in *Federal Trade Commission v. Qualcomm Inc.*, 935 F.3d 752 (9th Cir. 2019), the Court was dealing with a motion for stay of a final order of permanent injunction pending appeal. In contrast, interlocutory review of a preliminary injunction implicates reasons not to stay district court proceedings that are discussed in Section A below.

# IV.  ARGUMENT

## A.   THE NINTH CIRCUIT CONSISTENTLY DISFAVORS STAYS OF TRIAL COURT PROCEEDINGS PENDING INTERLOCUTORY APPEAL FROM PRELIMINARY INJUNCTION ORDERS

The Ninth Circuit has "repeatedly admonished district courts not to delay trial preparation to await an interim ruling on a preliminary injunction." *California v. Azar,* 911 F.3d 558, 583 (9th Cir. 2018) (citing *Melendres v. Arpaio*, 695 F.3d 990, 1002-03 (9th Cir. 2012) and *Global Horizons, Inc. v. U.S. Dept. of Labor*, 510 F.3d 1054, 1058 (9th Cir. 2007)).  As the court said in *Melendres*, "[b]ecause of the limited scope of our review of the law applied by the district court and because the fully developed factual record may be materially different from that initially before the district court, our disposition of appeals from most preliminary injunctions may provide little guidance as to the appropriate disposition on the merits."  695 F.3d at 1003 (quoting *Sports Form, Inc. v. United Press Int'l, Inc.,* 686 F.2d 750, 753 (9th Cir. 1982)).[2]

The court in *Azar* noted that even though the parties had stipulated to a stay pending the outcome of the PI appeal, "this case could have well proceeded to a disposition on the merits without the delay in processing the interlocutory appeal." 911 F.3d at 584 and n.8.  And it cited its earlier opinion in *Global Horizons*, 510 F.3d at 1058, for the proposition that, given the urgency of the issue presented in the case, even the government agency defendants "might have been better served to pursue aggressively" their defense in the district court "rather than apparently awaiting the outcome of this appeal." *Azar,* 911 F.3d at 584 (internal quotations omitted).

The Ninth Circuit's repeated references to the lack of guidance an interim

---

[2] Further in *Melendres*, the Ninth Circuit applauded the district court for "heed[ing] our direction to proceed to trial and otherwise move towards a final judgment in this case without waiting for our interlocutory review." 695 F.3d at 1003.

ruling on appeal from a preliminary injunction provides on the merits of a case are even more apt in this case. The PI Order Defendants have appealed here relates uniquely to the COVID-19 crisis and the dangers it poses for people confined at ICE's immigration detention centers. But the broader case to which Plaintiffs' discovery relates was filed well before COVID-19 came to our shores and for that obvious reason makes no mention of the virus; discovery in the broader case will be entirely unaffected by an appellate ruling on the COVID-specific PI Order and certification of provisional subclasses of people at risk from the virus.

**B.     A RULING ON DEFENDANTS' APPEAL OF THE PI AND SUBCLASS CERTIFICATION ORDERS WILL NOT IMPACT THE SCOPE OF DISCOVERY**

Defendants claim that "[t]he Ninth Circuit's ruling on Defendants' appeal will likely impact the scope of discovery" (ECF 233 at 5), but their argument cites no such impact. Instead, it is an attempt to dispute the Court's provisional class certification and PI analysis (*Id.* at 5-7).

As demonstrated in Section C below, Defendants' attacks on the PI and subclass certification orders are baseless. Indeed, the certification order is not appealable at all. But even if Defendants could plausibly argue that either order should be reversed, the impact would be limited to the emergency relief the Court had ordered relating to the COVID-19 crisis. Defendants have not pointed to a single respect in which an appellate ruling regarding COVID-19 alone would impact resolution of the broader case that Plaintiffs filed prior to COVID-19.

Nor can Defendants show how an appellate ruling on the COVID-19 orders would impact the proper scope of discovery in the broader case. They decry Plaintiffs' second set of RFPs (ECF 233 Ex. 2) as "overly broad, largely duplicative, invasive and disproportionate to the needs of the case" (ECF 233 at 3). But they cannot deny that the RFPs do not mention COVID-19 at all, much less relate to issues that would disappear if either of the Court's COVID-specific orders

were reversed on appeal. This case would continue to implicate the conditions in which Defendants hold tens of thousands of people in approximately 158 detention facilities across the United States.  (*See, e.g.*, Compl., ECF 1 ¶ 7.).  Plaintiffs would continue to seek discovery relevant to those conditions. Fundamentally, nothing would change about either the proper scope of discovery or the appropriateness of Plaintiffs' RFPs.

If in fact any of the RFPs were overbroad or otherwise objectionable (although even a quick review of Ex. 2 makes clear that they are not), Defendants could object as in any other case.  Indeed, having begun the process of responding (as required by ECF 232) on September 16, Defendants served responses and objections to requests no. 77-105.  On September 23, they served responses and objections to requests no. 16-22 and 106-25.  By the time this motion is set to be heard on October 19, Defendants should have completed (by October 7) the process of serving responses to all of the RFPs in Plaintiffs' second set.  And they will have begun their rolling production of documents by September 30, again as they agreed and as Magistrate Judge Kewalramani ordered.

Defendants claim that a stay of discovery is in the public interest because they "will oppose the discovery sought, which will require briefing by the parties and decision by the Court on, among other things, the scope of discovery and the applicability of various privileges" (ECF 233 at 11).  Of course, Defendants' blanket threat to "oppose the discovery sought" is no reason to stay discovery entirely, thereby preventing unmeritorious objections from being scrutinized at all.  Moreover, because the resolution of the appeal will not narrow any issues in discovery, a stay would not preserve any judicial resources.  To the contrary, it would place the Court in a more difficult position by simply delaying inevitable discovery disputes and creating greater urgency to resolve them quickly in light of the scheduling order in this case.  Particularly where a ruling on the current appeal

1  will have no bearing on the scope of discovery, the proffered justification for a stay

2  that "we will oppose the discovery" turns the Court's interest in judicial economy

3  and the broader public interest on its head.

4
   **C.    DEFENDANTS HAVE NOT MET ANY OF THE REQUIREMENTS**
5  **FOR A STAY PENDING APPEAL**

6           As Defendants correctly note (ECF 233 at 4), they bear the burden of making

7  a strong showing that they are likely to succeed on the merits of their appeal and

8  will be irreparably injured absent a stay.  Their motion does not begin to carry their

9  burden on either requirement.

10          Regarding the propriety of the Court's order certifying two emergency

11 subclasses, Defendants say nothing beyond the failed arguments they made earlier.

12 And they ignore not only that the certification order is non-appealable,[3] but also

13 that the Ninth Circuit earlier this month reaffirmed in *Gonzalez v. ICE*, Nos. 20-

14 55175, 20-55252, 2020 WL 5494324, at *12 (9th Cir. Sept. 11, 2020), that

15 commonality in a civil rights suit is satisfied "where the lawsuit challenges a

16 system-wide practice or policy that affects all of the putative class members" and

17 where, as here, ICE's challenged policy was "the 'glue' that holds the class

18 together," *id.* at *12-13 (quoting *Parsons v. Ryan,* 754 F.3d 657, 678 (9th Cir.

19 2014)).  The Court in *Gonzalez* also rejected the same ICE challenges to typicality

20 and adequacy that it made unsuccessfully here, explaining that the typicality inquiry

21 focuses on the nature of the claim of the class representative, and not the specific

22 facts from which it arose. *Id.* at *14.

23          Regarding the PI Order, Defendants again re-hash the same arguments the

24 Court rejected in that order.  But even if those arguments sounded better the second

25

26 _____
   [3] *See, e.g., Microsoft Corp. v. Baker*, 137 S. Ct. 1702, 1709 (2017); *Nutraceutical*
27 *Corp. v. Lambert*, 139 S. Ct. 710, 713 (2019) (to take an immediate appeal from a
   district court's class certification order, a party must first seek permission from the
   court of appeals).
28

1 time around, they would not weigh in favor of a stay of discovery because a
2 reversal of the PI Order would not, as shown above, impact the scope of discovery
3 at all.[4]

4      For that same reason, Defendants cannot show that they will suffer
5 irreparable injury if discovery proceeds in the normal course toward the
6 March 2021 cut-off.  They will already have completed their written responses to
7 Plaintiffs' second set of RFPs when their stay motion is heard and will have begun
8 the rolling production of responsive documents.

9      Defendants falsely assert that "Plaintiffs claimed in the Rule 26(f) report that
10 these initial rounds of discovery would be limited to class certification.  ECF
11 No. 213 at 9" (ECF 233 at 9).  What Plaintiffs in fact said in the joint report
12 (ECF 213 at 8-9) was quite the opposite:

> Plaintiffs expect to serve interrogatories and document
> requests addressing Defendants' common policies and
> practices, including their oversight and enforcement
> mechanisms with respect to conditions in their network
> of detention facilities within the next month . . .  While
> much of these initial rounds of discovery will be relevant
> to class certification, Plaintiffs prefer not to bifurcate
> class and merits discovery, due to the overlap between
> the evidence at issue regarding liability for Defendants'
> oversight failures and the evidence relevant to class
> certification.

21      While denial of a discovery stay will not injure Defendants at all, granting
22 one would severely prejudice Plaintiffs' ability to complete discovery by the

---

[4] Defendants' appeal of the PI and subclass certification orders is further undermined by the Ninth Circuit's decision last week in *Hernandez Roman v. Wolf*, No. 20-cv-00768, 2020 WL 5683233 at *1, 4-7 (9th Cir. Sept. 23, 2020) (unpublished opinion, "published version . . . forthcoming") (holding that district court did not abuse discretion by provisionally certifying class of all people detained at Adelanto and entering preliminary injunction where conditions in April violated due process right to reasonable safety, remanding for consideration of specific injunctive measures necessitated by recent COVID-19 outbreak at Adelanto).

March 2021 cut-off, given that Defendants have far greater access to and control over relevant evidence in this case.  And, while both sides may ultimately have good reason to ask the Court for adjustments to the scheduling order, calling a halt to discovery pending the PI appeal is not one of them.  The only consequence of delaying discovery as Defendants request would be prejudice to the interests of the Court and Plaintiffs in reaching an efficient, timely, and fair resolution of the serious and urgent issues raised in this case.

Recent reports of healthcare abuses at detention centers (*see, e.g.*, Alderman Decl. Ex. A), as well as last week's majority staff report from the House Committee on Homeland Security, "ICE Detention Facilities – Failing to Meet Basic Standards of Care" (*Id.* Ex. B), and staff report from the House Committee on Oversight and Reform, "The Trump Administration's Mistreatment of Detained Immigrants: Deaths and Deficient Medical Care by For-Profit Detention Contractors" (*Id.* Ex. C), only amplify the urgency of addressing Defendants' failures to meet their obligations to people in their custody and care.

## D.   THE LOOMING DISCOVERY CUT-OFF AND DEFENDANTS' DELAYS REQUIRE DENIAL OF THEIR MOTION FOR FURTHER DELAY

In contrast to Plaintiffs' efforts to move discovery along quickly and efficiently, Defendants have delayed at every turn.  The March 2021 discovery cut-off, barely five months away at the time of hearing, cannot tolerate the further delay Defendants now seek.

Defendants waited a full two months before appealing the April 20 orders, filing their notice on the last day of their 60-day window.  As the Court has noted, they have slow-walked their response to the pandemic and now ask the Court to slow things down even more.  They waited 17 days after meeting and conferring with Plaintiffs to file the current motion to stay discovery.

In the meantime, Defendants' lackadaisical pursuit of proceedings in this

Court belies any sense of urgency in seeking to bring discovery to a halt. As they acknowledge, they have chosen not to seek a stay of the PI Order pending appeal. Although their compliance has been less than exemplary, they are producing every two weeks at least some of the documents required by the Court's May 15 order. Indeed, even as to the second set of RFPs that they say prompts their motion to stay, they agreed with Magistrate Judge Kewalramani's proposal to respond in four weekly tranches, and they have now served their first two sets of responses. The generous relief they obtained from his order (ECF 232) obviates entirely any need for a blanket stay.

Defendants' delay in appealing the PI Order, coupled with their delay in seeking to stay all discovery, strongly suggests that their strategy is simply to delay proceedings in this Court and prevent Plaintiffs from timely obtaining evidence needed for trial, rather than to genuinely challenge the PI Order on appeal. Neither their behavior nor their arguments justify the slow walk they ask the Court to grant them.

## V. CONCLUSION

For the reasons given above, the Court should deny Defendants' motion to stay discovery.

1      DATED: September 28, 2020

2

3      Respectfully submitted,

4

5      /s/ Benjamin Salk                    /s/ William F. Alderman
        Benjamin Salk                        William F. Alderman

6      Veronica Salama                     Mark Mermelstein
        SOUTHERN POVERTY LAW       Jake Routhier

7      CENTER                          ORRICK, HERRINGTON &
                                         SUTCLIFFE LLP

8      /s/ Timothy P. Fox
        Timothy P. Fox                     /s/ Michael W. Johnson

9      Elizabeth Jordan                   Michael W. Johnson
        Maria del Pilar Gonzalez Morales    Leigh Coutoumanos

10     CIVIL RIGHTS EDUCATION AND   Jessica Blanton
       ENFORCEMENT CENTER         Joseph Bretschneider

11                                      Timothy Ryan
        /s/ Stuart Seaborn                WILLKIE FARR &

12     Stuart Seaborn                    GALLAGHER LLP
        Christina Brandt-Young

13     Melissa Riess
        Rosa Lee V. Bichell              /s/ Lisa Graybill

14     DISABILITY RIGHTS           Lisa Graybill
        ADVOCATES                     NATIONAL IMMIGRATION

15                                     LAW CENTER

16     *Attorneys for Plaintiffs*

17

18

19

20

21

22

23

24

25

26

27

28