Timothy P. Fox (CA Bar 157750)
*tfox@creeclaw.org*
Elizabeth Jordan*
*ejordan@creeclaw.org*
CIVIL RIGHTS EDUCATION AND
ENFORCEMENT CENTER
1245 E. Colfax Avenue, Suite 400
Denver, CO 80218
Tel.: (303) 757-7901
Fax: (303) 872-9072

Veronica Salama*
*veronica.salama@splcenter.org*
SOUTHERN POVERTY LAW
CENTER
P.O. Box 1287 Decatur, GA, 30031
Tel: (404) 221-5825
Fax: (404) 221-5857

Stuart Seaborn (CA Bar 198590)
*sseaborn@dralegal.org*
Melissa Riess (CA Bar 295959)
*mriess@dralegal.org*
Rosa Lee V. Bichell (CA Bar 331530)
*rbichell@dralegal.org*
DISABILITY RIGHTS ADVOCATES
2001 Center Street, 4th Floor
Berkeley, California 94704
Tel.: (510) 665-8644
Fax: (510) 665-8511

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION – RIVERSIDE

| | |
|---|---|
| FAOUR ABDALLAH FRAIHAT, *et al.*, | Case No.: 5:19-cv-1546-JGB(SHKx) |
| Plaintiffs, | |
| v. | DISCOVERY MATTER |
| U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*, | STIPULATED ELECTRONIC DISCOVERY PROTOCOL |
| Defendants. | |

| | |
|---|---|
| 1 | William F. Alderman (CA Bar 47381) |
| 2 | *walderman@orrick.com* |
| | Jake Routhier (CA Bar 324452) |
| 3 | *jrouthier@orrick.com* |
| | ORRICK, HERRINGTON & |
| 4 | SUTCLIFFE LLP |
| | 405 Howard Street |
| 5 | San Francisco, CA  94105 |
| | Tel.:  (415) 773-5700 |
| 6 | Fax: (415) 773-5759 |

1 William F. Alderman (CA Bar 47381)
*walderman@orrick.com*
2 Jake Routhier (CA Bar 324452)
*jrouthier@orrick.com*
3 ORRICK, HERRINGTON &
SUTCLIFFE LLP
4 405 Howard Street
San Francisco, CA  94105
5 Tel.:  (415) 773-5700
Fax: (415) 773-5759
6

Mark Mermelstein (CA Bar 208005)
*mmermelstein@orrick.com*
ORRICK, HERRINGTON &
SUTCLIFFE LLP
777 South Figueroa Street
Suite 3200
Los Angeles, CA 90017
Tel.:  (213) 629-2020
Fax: (213) 612-2499

7 Michael W. Johnson*
*mjohnson1@willkie.com*
8 Jessica Blanton*
*jblanton@willkie.com*
9 Joseph Bretschneider*
*jbretschneider@willkie.com*
10 WILLKIE FARR &
GALLAGHER LLP
11 787 Seventh Avenue
New York, NY 10019
12 Tel.:  (212) 728-8000
Fax: (212) 728-8111
13

Leigh Coutoumanos*
*lcoutoumanos@willkie.com*
Timothy Ryan*
*tryan@willkie.com*
WILLKIE FARR &
GALLAGHER LLP
1875 K Street NW, Suite 100
Washington, DC 20006
Tel.:  (202) 303-1000
Fax: (202) 303-2000

14 Benjamin R. Salk**
*benjamin.salk@splcenter.org*
15 SOUTHERN POVERTY LAW
CENTER
16 111 E. Capitol Street, Suite 280
Jackson, MS 39201
17 Phone: 601-948-8882
Fax: 601-948-8885
18

Maria del Pilar Gonzalez Morales
(CA Bar 308550)
*pgonzalez@creeclaw.org*
CIVIL RIGHTS EDUCATION
AND ENFORCEMENT CENTER
1825 N. Vermont Avenue, #27916
Los Angeles, CA 90027
Tel.:  (805) 813-8896
Fax: (303) 872-9072

19 Christina Brandt-Young*
*cbrandt-young@dralegal.org*
20 DISABILITY RIGHTS
ADVOCATES
21 655 Third Avenue, 14th Floor
New York, NY 10017
22 Tel.:  (212) 644-8644
Fax: (212) 644-8636
23

Lisa Graybill (CA Bar 254540)
*graybill@nilc.org*
NATIONAL IMMIGRATION LAW
CENTER
P.O. Box 40476
Austin, TX 78704

24
25 Attorneys for Plaintiffs (continued from previous page)
*Admitted Pro Hac Vice
26 **Pro Hac Vice Application Forthcoming
27
28

Jeffrey Bossert Clark
Acting Assistant Attorney General
William C. Peachey
Director
Jeffrey S. Robins
Deputy Director
Lindsay M. Vick (MA 685569)
*lindsay.vick@usdoj.gov*
Anna L. Dichter (NJ 304442019)
*anna.l.dichter@usdoj.gov*
Hans H. Chen
*hans.h.chen@usdoj.gov*
Hayden Windrow**
*hayden.e.windrow@usdoj.gov*
UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION
OFFICE OF IMMIGRATION LITIGATION
DISTRICT COURT SECTION
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
Tel.: (202) 532-4023
Fax: (202) 305-7000

Attorneys for Defendants

The Parties propose to the Court the following terms, which are hereby adopted and entered as the Order governing production of electronic discovery.

**IT IS HEREBY ORDERED:**

**I.    DEFINITIONS:**

*i.*     The "Litigation" means the case captioned above.

*ii.*    "Electronically Stored Information" or "ESI" carries its broadest possible meaning consistent with Fed. R. Civ. P. 34(a) and Fed. R. Evid. 1001.

*iii.*   "Document" carries its broadest possible meaning consistent with Fed. R. Civ. P. 34 and Fed. R. Evid. 1001 and includes both ESI and Hard Copy Discovery.

*iv.*    "Format" means the internal structure of a file, which defines the way it is stored and used.

*v.*     "Native File(s)" or "Native Format" means ESI that is a file or datum created by a computer-based, cloud-based, or artificial intelligence-based application (including, by way of example, Microsoft Office, Microsoft Access, video and audio files, *.eml, *.pst, and *.pdf files).

*vi.*    "Non-Custodial Data Source" means a system or container that stores ESI, but over which an individual custodian does not organize, manage or maintain the ESI in the system or container, such as an enterprise system or database.

*vii.*   "Preservation" or "Preserved" shall mean taking reasonable steps to prevent the partial or full destruction, alteration, shredding, incineration, wiping or loss, due to any reason whatsoever, of information, including ESI and hard copy documents.

*viii.*  "Producing Party" means a Party that produces documents within its possession, custody and control.

*ix.*    "Receiving Party" means a Party to whom documents are produced.

*Fraihat v. ICE,* Case No. 19-cv-01546-JGB(SHKx)
**STIPULATED ELECTRONIC DISCOVERY PROTOCOL**

x.     "Metadata" means (i) information embedded in a Native File that is not ordinarily viewable or printable from the application that generated, edited, or modified such Native File; and (ii) information generated automatically by the operation of a computer or other information technology system when a Native File is created, modified, transmitted, deleted or otherwise manipulated by a user of such system.

xi.    "Static Image(s)" means a representation of ESI produced by converting a Native File into a standard image format capable of being viewed and printed on standard computer systems.  A Tagged Image File Format ("TIFF") image is an example of a Static Image.

xii.   "Tagged Image File Format" or "TIFF" refers to the CCITT Group IV graphic file format for storing bit-mapped images of ESI or paper documents.

xiii.  "Load/Utilization File" means an electronic file containing information identifying a set of paper-scanned images or processed ESI and indicating where individual pages or files belong together as documents, including attachments, and where each document begins and ends. A Load/Utilization File also contains data relevant to the individual Documents, including extracted and user-created Metadata, coded data, as well as OCR or Extracted Text.

xiv.   "OCR" means the optical character recognition file which is created by software used in conjunction with a scanner that is capable of reading text-based documents and making such documents searchable using appropriate software.

xv.    "Extracted Text" means the text extracted from a Native File and includes all header, footer, and document body information.

xvi.   "Structured Data" means data that has been organized into a tabular

*Fraihat v. ICE*, Case No. 19-cv-01546-JGB(SHKx)
STIPULATED ELECTRONIC DISCOVERY PROTOCOL

format with relationships between the different rows and columns, including, but not limited to, Excel spreadsheets, SQL databases, and other relational databases.

## II.   PURPOSE AND LIMITATIONS

i.   This Order supplements all other discovery rules and orders. It streamlines ESI production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.  Nothing in this order shall be construed (1) to prohibit the undersigned Parties from agreeing to modify any provision of this order or seeking relief from the Court; (2) as a waiver of any Party's rights under the Federal Rules of Civil Procedure; (3) to require disclosure of information that is not  relevant to the claims or defenses in this case or that is protected by applicable privilege; or (4) to waive any objections as to the production, discoverability, or confidentiality of ESI.

ii.   This Order may be modified by a Stipulated Order of the Parties or, for good cause, by the Court. Plaintiffs and Defendants (collectively, "the Parties") shall attempt to resolve any proposed modifications in good faith, and comply with the meet and confer process procedures laid out by the Court.  If the Parties cannot resolve this dispute, they may proceed under the Federal and Local Rules of Civil Procedure addressing discovery disputes.

## III.   CUSTODIANS AND ROLLING PRODUCTIONS

i.   **Initial Disclosure of Custodians.**

By October 7, 2020, each Party must provide the other Parties with a list of all custodians of responsive information within their possession, custody and control and will supplement this information as needed consistent with Rule 26(e).

1         *ii.*     **Production of Documents from Custodial Sources.**

2           The Parties shall meet and confer regarding the collection, search and

3    production of documents.  The documents will be collected, and the Parties shall

4    produce any relevant, non-privileged documents, consistent with the scope and

5    limits of discovery pursuant to Rule 26(b).  Productions may be made on a rolling

6    basis while the collection and review of documents are ongoing.

7         *iii.*     **Initial Disclosure of Non-Custodial Sources and Structured Data.**

8           By October 7, 2020, the Parties shall exchange lists identifying the location

9    and name of non-custodial sources, within their possession, custody and control

10   that each Party believes, in good faith, are most likely to contain relevant

11   documents pertaining to the claims and defenses in this action.  Each Party will

12   inform the other Party if additional non-custodial sources are located after this

13   date.

14        *iv.*     **Meet and Confer Regarding Production of Non-Custodial Sources**

15               **and Structured Data.**

16          If either Party requests to meet and confer regarding the production of

17   structured or other non-custodial data, such meeting shall occur on or before

18   October 15, 2020, unless otherwise agreed.  The Parties should be prepared to

19   discuss any responsive structured or non-custodial data sources that may be

20   searched, and must have available in person or on call an appropriate consultant to

21   discuss the technical details of structured or non-custodial data production.

22   Notwithstanding the above, at this time, the Parties do not agree regarding

23   production from databases.  Pending resolution of this dispute, the Parties will

24   meet and confer regarding terms of any production required from a database.  It

25   shall be understood that if a database or any portion thereof is to be produced, it

26   should be done in a mutually agreeable data exchange format and in a manner that

27   is feasible for the producing party.

28

*Fraihat v. ICE,* **Case No. 19-cv-01546-JGB(SHKx)**
**STIPULATED ELECTRONIC DISCOVERY PROTOCOL**

# IV.   SEQUENCE AND PROCEDURE OF ESI DISCOVERY

*i.*      **The Parties agree that discovery of ESI shall proceed as follows.**

To promote the proportionality of discovery as set forth in Fed. R. Civ. P. 26(b)(1), requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as practicable.  After receiving requests for document production, the Producing Party shall conduct a reasonable search for reasonably accessible sources of ESI that may contain documents or other information relevant to any party's claims or defenses in the Litigation. A Producing Party will disclose to a Requesting Party the existence of those sources of ESI that it believes contain responsive information and that are not reasonably accessible, and, to the extent necessary, the Parties will meet and confer concerning such information that has been identified as not reasonably accessible.

The Parties hereby agree, without prejudice to either Party's right to seek production of any specific ESI in accordance with the applicable law, that the sources of ESI enumerated below are inaccessible and will not be preserved or searched.  By agreement, this Order satisfies the motion for protective order requirements of Rule 26(b)(2)(B) relating to inaccessible sources.  Accordingly, the sources set forth below are hereby deemed to not be reasonably accessible without undue burden and cost:

i.      Voicemail, if any;

ii.     Residual, fragmented, damaged, permanently deleted, slack and unallocated data, if any;

iii.    Backup tapes or other long-term storage media that were created strictly for use as a data backup medium; and,

**7**

*Fraihat v. ICE,* **Case No. 19-cv-01546-JGB(SHKx)**
**STIPULATED ELECTRONIC DISCOVERY PROTOCOL**

iv.   Archives stored on computer servers, external hard drives,
notebooks or personal computer hard drives that are created for
disaster recovery purposes and not used as reference materials
in the ordinary course of business.

*ii.*   **ESI of Limited Accessibility.**

If a Producing Party contends that any responsive ESI is not reasonably accessible within the meaning of Fed. R. Civ. P. 26(b)(2)(B), that party shall timely identify such ESI with reasonable particularity and shall provide the Receiving Party with the basis for declining to produce such ESI.

*iii.*   **Preservation.**

The Parties have or will fulfill their duty to preserve information which is potentially relevant to the claims and defenses in this case.

*iv.*   **Privilege Logs.**

**A.** The Parties are to confer on the nature and scope of privilege logs for the case, including whether categories of information may be excluded from any logging requirements and whether alternatives to document-by-document logs can be exchanged.  Such alternatives include, but are not limited to: (i) "categorical" privilege logs; (ii) "metadata only" privilege logs; (iii) provisions to permit parties to omit logging redactions when the basis of the redaction is identified in the document; and (iv) logging an e-mail string as an individual document (without separately logging each included communication).

**B.** A Producing Party shall produce such privilege logs within thirty (30) days of each document production or at least thirty (30) calendar days before discovery closes, whichever occurs sooner.

**C.** Notwithstanding the paragraph immediately above, if a Custodian of documents is scheduled to be deposed, a party shall attempt to produce a

**8**

Privilege Log for that Custodian's documents at least seven (7) calendar days prior to that Custodian's deposition and shall notify the other party if such a production cannot be accomplished.  The Parties may meet and confer regarding the deposition schedule should a party believe the production of a Privilege Log is absolutely necessary prior to a specific deposition.  Should the Parties agree a privilege log is required prior to deposition, any such deposition shall not occur more than thirty days after documents from that custodian have been produced.

**D.** With respect to privileged information or attorney work product generated after the filing of the complaint, including activities undertaken in response to this litigation, that information is protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B), and the Parties are not required to include any such information in privilege logs.

**E.** Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B) and need not be logged.

**F.** On June 17, 2020, the Court separately entered the Protective Order, which includes the claw back provisions, ECF No. 160, to govern the standards and procedures for addressing claims of privilege over inadvertently disclosed materials in this litigation.

*v.* **Technology-Assisted Review**

If either party intends to utilize Technology-Assisted Review (including but not limited to predictive coding technologies), the Parties agree to disclose procedures including validation measures and meet and confer in good faith to discuss the Parties' internal review process.

*Fraihat v. ICE,* Case No. 19-cv-01546-JGB(SHKx)
**STIPULATED ELECTRONIC DISCOVERY PROTOCOL**

*vi.*   **Search Terms**

After the service of any request for production, the Requesting Party and the Producing Party shall meet and confer on search terms or other search methodology to be used.  The Parties shall have an initial exchange of search terms within a reasonable time of service of any request for production calling for the production of ESI, and may meet and confer within 7 calendar days of such exchange of search terms.

**V.   ESI FORMAT**

*i.*   For each ESI file produced, the Parties agree to include the extracted full text (or the OCR data, if extracted full text is unavailable), subject to the normal capabilities of each Party's document management and production software.

*ii.*   The Parties will produce electronic documents in the following format:

**A.** ESI should be produced in single-page TIFF format (one .tif file per page) only. The TIFF images should be produced in Standard Group IV Black and White single page TIFF images at a minimum of 300 dpi or in color at a minimum 150 dpi .jpg images. TIFF image files should be segmented into directories not to exceed 1,000 files per folder. Each TIFF will have the production number endorsed in the lower right hand corner of the document and any confidentiality designation endorsed on the lower left corner of the document. The Parties agree to respond in good faith to reasonable and specific requests for the production of higher resolution or color images.

**B.** The TIFF documents should be produced in a manner consistent with the way in which the original document was stored in the ordinary course of business, *i.e.*, in a manner that does not break up document families (such as email and attachments), and the original ESI shall be preserved including metadata.

**10**

**C.** The Parties will use the following specifications when converting ESI from its native format into its production format:

   i.    Tracked changes, if any, shall be revealed.

   ii.   Author comments, if any, shall be revealed.

   iii.  Hidden columns and rows, if any, shall be revealed.

   iv.   Presenter notes, if any, shall be revealed.

   v.    To the extent documents in a foreign language are produced, processing of such documents shall be Unicode-compliant.

   vi.   With respect to documents containing redacted text, new OCR text of the redacted image(s) will be provided for the documents.

   vii.  Processing vendors will normalize all ESI to (UTC-05:00) Eastern Time (US & Canada).

**D.** Where production in TIFF format has rendered the document unreadable or not reasonably usable, the Producing Party shall reproduce the document in its original, native format, to the extent practical. Documents with privileged information, however, will not be produced in native format.  The Parties shall confer in good faith to identify those documents that require reproduction in native format.  If a document is produced in native format, a corresponding placeholder TIFF image will be added to the production set, with the text indicating "FILE PRODUCED NATIVELY" displayed on the page, plus any endorsements described above.

**E.** Bates numbers should be endorsed on the face of the image.

**F.** The Parties will work in good faith to produce the following metadata fields as part of one data load file (.dat) per production, to the extent such metadata exists (and is relevant to the file type at issue), and can be automatically extracted and loaded into the Producing Party's ESI management software in

**11**

the ordinary course and operations of such software:

| Field Name | Description |
| --- | --- |
| BegBates | Unique ID (Bates Number) listed on the first page of a document |
| EndBates | Unique ID (Bates Number) listed on the last page of a document |
| BEGATTACH | Unique ID (Bates Number) for the first page of the Parent-Child Relationships for each document within the family |
| ENDATTACH | Unique ID (Bates Number) for the last page of a parent child relationship for each document within the family |
| ATTACH_NAMES | File names of attached documents |
| ATTACH_COUNT | Count of attachments  (any level child document) associated with a parent document. |
| CUSTODIAN | Name of the custodian from whom the document was collected |
| ALL CUSTODIANS | Name(s) of all custodians who had the document before de-duplication |
| AUTHOR | Name of the creator of an electronic document, where available |
| FROM | Email address and alias/display name of the Sender of an email. |

**12**

| TO | Email address and alias/display name of the Recipient of an email. |
|---|---|
| CC | Email address and alias/display name of the Carbon Copy Recipients of an email. |
| BCC | Email address and alias/display name of the Blind Carbon Copy Recipients of an email. |
| SUBJECT | Email Subject line |
| DATE TIME SENT | Email sent date and time (from time zone at place of collection) |
| DATE TIME RECEIVED | Email received date and time (from time zone at place of collection) |
| FILEEXTENSION | File extension |
| FILENAME | Filename of electronic document |
| FILESIZE | File size of electronic document |
| RECORDTYPE | Populated with Email, Attachment, or Loose File. |
| DATE TIME CREATED | Creation date and time of an electronic file. |
| DATE TIME MODIFIED | Date and time electronic file was last modified or edited |
| DOC TITLE | Title of an electronic document, where available |
| THREAD_ID | Email thread identification value (ConversationIndex or other identifier) |
| LAST_EDIT_BY | Identity of person/user who last modified or edited an electronic file, where available |

**13**

| CONFIDENTIALITY | Confidentiality designation for each document, if any |
|---|---|
| REDACTED | Indicates whether redactions have been applied to the document |
| NATIVE_PROD | Location of native file in production volume |
| FILEPATH | Starting with container name (PST or NSF) through mailbox folder name.  Format: Outlook.PST\Inbox\Important |
| TEXT_PATH | Path to document-level text files |
| MD5HASH | MD5HASH value for all file types |
| PARENTDATE | For parent emails, this field will be populated with the DateSent<br>For e-attachments, this field will be populated with the DateSent of their parent email<br>For other electronic documents, this field will be populated with the DateLastModified. |
| PARENTID | Contains the Begdoc# value of an attachment's parent |

*iii.*    **File Naming Conventions.**

Each placeholder image file shall be named with a unique Bates Number followed by the extension ".TIF".

*iv.*    **Document Unitization.**

If hard copy documents are scanned into an electronic form, the unitization of the document and any attachments shall be maintained as it existed in the original when creating the image file.  For documents that contain fixed notes, the

**14**

pages will be scanned both with and without the notes and those pages will be treated as part of the same document. The relationship of documents in a document collection (*e.g.*, cover letter and enclosures, e-mail and attachments, binder containing multiple documents, or other documents where a parent-child relationship exists between the documents) shall be maintained through the scanning or conversion process.

    *v.*    **Production of Native Files.**

All spreadsheet and presentation files (*e.g.*, Excel, PowerPoint) shall be produced in the unprocessed "as kept in the ordinary course of business" state (*i.e.*, in native format), with an associated placeholder image and endorsed with a unique Bates Number. *See* Paragraph V.*viii*. The file produced should maintain the integrity of all source, custodian, application, embedded and related file system metadata. Spreadsheets and presentation files that require redactions shall be produced in accordance to the specifications in Paragraph V.*vii* below.

To the extent a Party believes that specific documents or classes of documents, not already identified within this protocol, should be produced in native format, the Parties agree to meet and confer in good faith.

    *vi.*    **Duplicates.**

ESI may be deduplicated globally following industry-standard global deduplication algorithms. An acceptable method, such as the MD5 hash format, shall be used for any deduplication. All custodians who had a copy prior to deduplication, such as email recipients, CCs, or BCCs, will be populated in an ALL CUSTODIANS metadata field.

If email attachments are deemed duplicates, but the documents to which they are attached are not, neither they nor the documents to which they were attached shall be deduplicated. Similarly, email attachments that are deemed duplicates of non-email documents also shall not be deduplicated.

*Fraihat v. ICE,* Case No. 19-cv-01546-JGB(SHKx)
**STIPULATED ELECTRONIC DISCOVERY PROTOCOL**

*vii.*   **Redacted Documents.**

Documents that contain redactions, including spreadsheets and presentation files, will be produced in single-page TIFF format with corresponding OCR text and a Concordance-delimited DAT file containing the metadata fields outlined in Paragraph V.*ii*.F to the extent that such metadata fields are not part of the redaction.  Documents that require redaction will be noted as "Redacted" in the DAT file.  Documents that require redaction to any of the metadata fields will be produced with a Redaction Status "Metadata Redacted" indicating the metadata for that document has been redacted in the DAT file.  Redacted metadata fields will be withheld in full.

*viii.*   **Bates Numbering.**

Each TIFF/JPEG image shall have a legible, unique page identifier ("Bates Number") electronically "burned" onto the image.  No other legend or stamp will be placed on the document image other than a confidentiality legend where applicable.

The TIFF files shall be named with a unique production Bates number that matches the Bates number on the page, followed by the appropriate file extension, .tif.  The filename should not contain any blank spaces and should be zero padded (for example, ABC00000001).

*ix.*   **Production Media.**

A Producing Party shall produce the responsive documents in an encrypted electronic form via Secure File Transfer or on a CD-ROM, DVD, external hard drive, or such other readily accessible computer or electronic media as the Parties may hereafter agree upon (the "Production Media").  Information that shall be identified on the physical Production Media shall include: (1) a reference to this case number, (2) the Producing Party's name, and (3) the production date.  The Bates Number range(s) of the materials on the Production Media shall also be

*Fraihat v. ICE,* **Case No. 19-cv-01546-JGB(SHKx)**
**STIPULATED ELECTRONIC DISCOVERY PROTOCOL**

1   contained on the Production Media, and where not practicable to do so may be

2   provided in an accompanying letter.

3       *x.*     **Embedded Objects.**

4           Non-image files embedded within documents, such as spreadsheets within a

5   Power Point, will be extracted as separate documents and treated like attachments

6   to the document in which they were embedded.  Graphic objects embedded within

7   documents or emails, such as logos, signature blocks, and backgrounds shall not be

8   extracted as separate documents.

9       *xi.*    **Compressed Files.**

10          Compression file types (*e.g.*, .CAB, .GZ, .TAR, .Z, .ZIP) shall be

11  decompressed in a manner that ensures a container within a container is

12  decompressed into the lowest uncompressed element result in individual files.

13  The container file itself shall not be produced.

14      *xii.*   **Other ESI that is Impractical to Produce in Traditional Formats**

15               **(also known as Structured Data).**

16          The Parties understand and acknowledge that certain categories of ESI are

17  structurally complex and do not lend themselves to production as native format or

18  other traditional formats.  To the extent a response to discovery requires production

19  of discoverable electronic information contained in a database, the Parties agree to

20  confer to define appropriate parameters for querying the database for discoverable

21  information and generating a report in a reasonably usable and exportable

22  electronic file (*e.g.*, Excel, CSV or SQL format).

23      *xiii.*  **Production of Other Electronic Documents.**

24          The Parties shall meet and confer to agree on the form of any production of

25  electronic documents not addressed in this protocol.

26  Dated: 10/5/20

27                                        Hon. Shashi H. Kewalramani
                                          United States Magistrate Judge

28

*Fraihat v. ICE,* Case No. 19-cv-01546-JGB(SHKx)
**STIPULATED ELECTRONIC DISCOVERY PROTOCOL**

Respectfully submitted

DATED: October 1, 2020

/s/ Benjamin Salk                                Jeffrey Bossert Clark
Benjamin Salk                                    William C. Peachey
Shalini Goel Agarwal                             Jeffrey S. Robins
Veronica Salama                                  Anna L. Dichter
SOUTHERN POVERTY LAW                             /s/ Lindsay M. Vick
CENTER                                           Lindsay M. Vick
                                                 Hans H. Chen
/s/ Timothy P. Fox                               Hayden Windrow
Timothy P. Fox                                   UNITED STATES DEPARTMENT
Elizabeth Jordan                                 OF JUSTICE
Maria del Pilar Gonzalez Morales                 CIVIL DIVISION
CIVIL RIGHTS EDUCATION AND                       OFFICE OF IMMIGRATION
ENFORCEMENT CENTER                               LITIGATION

/s/ Stuart Seaborn                               *Attorneys for Defendants*
Stuart Seaborn
Christina Brandt-Young
Melissa Riess
Rosa Lee V. Bichell
DISABILITY RIGHTS
ADVOCATES

/s/ William F. Alderman
William F. Alderman
Mark Mermelstein
Jake Routhier
ORRICK, HERRINGTON &
SUTCLIFFE LLP

/s/ Michael W. Johnson
Michael W. Johnson
Leigh Coutoumanos
Jessica Blanton
Joseph Bretschneider
Timothy Ryan
WILLKIE FARR &
GALLAGHER LLP

*Attorneys for Plaintiffs*

**18**