UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 19-1546 JGB (SHKx)** | Date | October 30, 2020 |
|---|---|---|---|
| Title | **Faour Abdallah Fraihat, et al. v. U.S. Immigration and Customs Enforcement, et al.** | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Order (1) DENYING Defendants' Motion to Stay Discovery Pending Appeal (Dkt. No. 233); and (2) VACATING the November 2, 2020 Hearing (IN CHAMBERS)

Before the Court is a motion to stay discovery pending Ninth Circuit ruling on appeal filed by Defendants. ("Motion," Dkt. No. 233.) The Court finds the Motion appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the Motion, the Court DENIES the Motion. The Court vacates the hearing set for November 2, 2020.

## I.   BACKGROUND

On August 19, 2019, Plaintiffs filed a putative class action complaint for declaratory and injunctive relief against Defendants. ("Complaint," Dkt. No. 1 ¶¶ 21-126.) On April 20, 2020, the Court granted Plaintiffs' emergency motion for provisional class certification and motion for preliminary injunction. ("PI Order," Dkt. No. 132 (providing further background on Plaintiffs, Defendants, and the history of this action); "Class Certification Order," Dkt. No. 133.) The Court certified two subclasses (collectively, "Subclasses") under Fed. R. Civ. P. 23(b)(2), (Class Certification Order), and issued a preliminary injunction ("Preliminary Injunction"), (PI Order at 38-39). On May 15, 2020, the Court granted Plaintiffs' ex parte application for issuance of notice to Subclass members of the preliminary injunction order and to obtain information and documents from Defendants necessary to monitor compliance with that order. ("Notice and Discovery Order," Dkt. No. 150.) Defendants appealed the PI Order and the Class Certification

Order on June 19, 2020, and the appeal is pending before the Ninth Circuit. (Dkt. Nos. 161, 164.)

Defendants filed the Motion on September 17, 2020. Plaintiffs opposed the Motion on September 28, 2020. ("Opposition," Dkt. No. 235.) In support of their Opposition, Plaintiffs include the Declaration of William F. Alderman. ("Alderman Declaration," Dkt. No. 235-1 (attaching Exhibits A through C).) On October 5, 2020, Defendants filed a Reply. ("Reply," Dkt. No. 238.)

## II.  LEGAL STANDARD

A district court has discretionary power to stay proceedings in its own court. Landis v. North American Co., 299 U.S. 248, 254 (1936). District courts also have "wide discretion in controlling discovery." Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988). When addressing a motion to stay pending appeal, a court must consider four factors:

> "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."

Nken v. Holder, 556 U.S. 418, 434 (2009) (internal quotation marks and citation omitted); Nikon Corp. v. GlobalFoundries U.S., Inc., 2017 WL 4865549, at *1 (N.D. Cal. Oct. 26, 2017) (applying Nken factors to determine if a stay of discovery pending appeal was appropriate). The first two factors are the most critical. Nken, 556 U.S. at 434. Indeed, "stays must be denied to all petitioners who did not meet the applicable irreparable harm threshold, regardless of their showing on the other stay factors." Leiva-Perez v. Holder, 640 F.3d 962, 965 (9th Cir. 2011).

"A stay is not a matter of right, even if irreparable injury might otherwise result." Nken, 556 U.S. at 433 (internal quotation marks omitted). "It is instead an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." Id. (internal quotation marks and brackets omitted). The party seeking a stay "bears the burden of showing that the circumstances justify an exercise of that discretion." Id. at 433-34.

## III.  DISCUSSION

Defendants move to stay all discovery pending resolution of their appeal of this Court's provisional class certification and preliminary injunction orders. (See PI Order; Class Certification Order.) For the reasons explained below, the Court finds that Defendants have not met their burden of showing that a stay of discovery is justified.

1. **Likelihood of Success on the Merits**

The Court first considers whether Defendants have made a "strong showing" that they are "likely to succeed on the merits" of their appeal. Nken v. Holder, 556 U.S. 418, 434 (2009). That showing "requires more than a mere possibility that relief will be granted." Id. It is not enough that "the chance of success on the merits be better than negligible." Id.

Defendants argue that they have raised "substantive legal questions" and have a "fair prospect of success" on appeal because the two nationwide subclasses the Court certified "fail[] to meet Rule 23's commonality, typicality, and adequacy requirements," and they challenge the Court's analysis of the adequacy of healthcare, conditions of confinement, and Rehabilitation Act claims. (Mot. at 6.)

While Defendants identify issues they intend to raise on appeal, they mainly repeat arguments that this Court has already considered and rejected. (See generally PI Order; Class Cert. Order.) Defendants do not point to any recent decisions or developments that would bolster their arguments.[1] The Court finds that this weighs against Defendants' likelihood of success. See, e.g., Ahlman v. Barnes, 2020 WL 4039073, at *1 (C.D. Cal. June 2, 2020) (finding that defendants had not demonstrated a likelihood to succeed on the merits where they raised some arguments that the court had already considered and rejected, and pointed to a poorly analogous recent decision); Cesca Therapeutics Inc. v. SynGen Inc., 2017 WL 1174062, at *3 (E.D. Cal. Mar. 30, 2017) ("[T]he lack of new substantive arguments weighs against likelihood of success on the merits.").

However, Defendants assert that to meet this first prong, they need only show "a reasonable probability or fair prospect of success." (Mot. at 4 (citing FTC v. Qualcomm Inc., 935 F.3d 752, 755 (9th Cir. 2019).) Defendants fail to note that because this lower standard is "the minimum quantum of likely success necessary to justify a stay, … to justify a stay on a showing merely of a 'fair prospect' of success on appeal, a movant must show that the balance of hardship tips sharply in its favor." Dunson v. Cordis Corp., 2016 WL 10679457, at *2 (N.D. Cal. Nov. 8, 2016); Jimenez v. Menzies Aviation Inc, 2015 WL 5591722, at *2 (N.D. Cal. Sept. 23, 2015) ("[A] party satisfying this lower threshold under the first Nken factor must then

---

[1] Plaintiffs, on the other hand, point to two recent Ninth Circuit decisions that they claim may undermine Defendants' likelihood of success: Gonzalez v. ICE, 2020 WL 5494324 (9th Cir. Sept. 11, 2020) and Hernandez Roman v. Wolf, 2020 WL 5683233 (9th Cir. Sept. 23, 2020). In Gonzalez, the Ninth Circuit upheld class certification of a class of immigration detainees, rejecting ICE's challenge to the commonality, typicality, and adequacy of that class. 2020 WL 5494324, at *12-13. In Hernandez, the Ninth Circuit also upheld a provisionally certified class of all people detained at the Adelanto Detention Center and a preliminary injunction in response to conditions that violated their due process right to reasonable safety. 2020 WL 5683233, at *1, 4-7. While the Court acknowledges distinctions between those cases and the present case, the Court agrees with Plaintiffs that these appear to diminish, rather than bolster, Defendants' prospects of success on the merits.

demonstrate that the balance of hardships under the second and third factors tilt <u>sharply</u> in its favor."). Thus, even assuming that Defendants' broadly described challenges have a reasonable probability or fair prospect of success, Defendants' Motion still fails because, as established below, the balance of hardships does not tilt (and much less <u>sharply</u> tilt) in their favor. <u>Id.</u>

Moreover, as Plaintiffs note, the Ninth Circuit has "repeatedly admonished district courts not to delay trial preparation to await an interim ruling on a preliminary injunction." <u>California v. Azar</u>, 911 F.3d 558, 583 (9th Cir. 2018) (citing <u>Melendres v. Arpaio</u>, 695 F.3d 990, 1002–03 (9th Cir. 2012) and <u>Global Horizons, Inc. v. U.S. Dep't of Labor</u>, 510 F.3d 1054, 1058 (9th Cir. 2007)). While Defendants are correct that there is no such blanket rule in the Ninth Circuit, (Reply at 3), the Court finds that this caution is applicable here.

Defendants argue that, while the Ninth Circuit has noted that its "disposition of appeals from most preliminary injunctions may provide little guidance as to the appropriate disposition on the merits," here, the outcome of the appeal will provide guidance to this Court. (Reply at 4 (quoting <u>Melendres</u>, 695 F.3d at 999).) That is because, according to Defendants, the "review of the provisional class certification presents the same legal issues and similarly complex factual record that will appear before this Court when Plaintiffs seek class certification in the case-in-chief," and the review of the PI Order "presents similar legal issues as the case-in-chief." (Reply at 5.) The Court is not persuaded.

Defendants' appeal only concerns the emergency relief the Court ordered relating to the COVID-19 crisis: the certification of provisional subclasses of people at risk from the virus, and a PI Order concerning Defendants' response to the virus. (Opp'n at 5-6.) These are distinct from the class and relief at issue in Plaintiffs' case-in-chief. <u>Id.</u> While Defendants point to some legal issues that may overlap, they have not sufficiently established that these would dispose of Plaintiffs' ability to seek discovery concerning the potential classes and relief asserted in their pre-COVID-19 Complaint. And because some of the disputed issues are intertwined with factual determinations, "while the Ninth Circuit's disposition of the pending appeal[] may provide guidance, the disposition may have limited effect" on the broader case. <u>Newmark Realty Capital, Inc. v. BGC Partners, Inc.</u>, 2018 WL 10701601, at *3 (N.D. Cal. July 16, 2018).

   **2. Irreparable Injury**

The Court next considers whether Defendants have shown that they "will be irreparably injured absent a stay." <u>Nken</u>, 556 U.S. at 434. Defendants must make a "threshold showing that irreparable harm is probable absent a stay." <u>Leiva-Perez v. Holder</u>, 640 F.3d 962, 971 (9th Cir. 2011). Otherwise, "a stay may not issue, regardless of the [moving party's] proof regarding the other stay factors." <u>Id.</u> (citing to <u>Nken</u>, 556 U.S. at 434–35).

Defendants argue that they will be irreparably harmed if the Court allows discovery to continue during the pendency of the appeal because they will have to engage in "significant expenditure of time, money, and manpower" responding to discovery that will not advance the litigation. (Mot. at 8-10.) But many courts have concluded that the burden of meeting

discovery obligations does not constitute irreparable injury.  See Castaneda v. United States, 2008 WL 9449576, at *4 (C.D. Cal. May 20, 2008) ("The Court acknowledges that discovery can be burdensome.  However, such a burden, while regrettable, does not constitute an irreparable injury."); Consumer Fin. Prot. Bureau v. D & D Mktg., Inc., 2017 WL 5974248, at *6 (C.D. Cal. Mar. 21, 2017) (noting that "[m]ere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury") (quoting Renegotiation Bd. v. Bannercraft Clothing Co., 415 U.S. 1, 24 (1974)); Sampson v. Murray, 415 U.S. 61, 90 (1974) ("Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough.").[2]

While some courts have found that money and time spent on litigation may constitute an irreparable harm, the Court finds that Defendants have not made such a showing here.  Defendants do not identify any authorities supporting such a finding solely based on the expenditure of time, manpower, and resources where, unlike most of Defendants' authorities, the order on appeal is not dispositive.  And as explained above, the Court is not persuaded that the issues on appeal would significantly impact the scope of discovery.  Rather, even if Defendants prevail on appeal, Plaintiffs would continue to seek discovery relevant to the broader case, and Defendants would likely still have to incur these costs.  (Opp'n 6-7.)

In addition, as Plaintiffs argue, Defendants must have already served discovery responses and begun their rolling production to comply with Magistrate Judge Kewalramani's September 9, 2020 order.  (Opp'n at 7.)  While Defendants counter that Plaintiffs have served discovery requests as if a nationwide class has been certified on their claims, (Reply at 9), the Court is not persuaded that concerns about the scope of some discovery requests warrant a stay of discovery altogether.  Rather, to the extent that Defendants disagree with the scope of a particular request, they can make particularized challenges.

Thus, the Court finds that Defendants have not shown that they will be irreparably injured.  Because Defendants failed to make this threshold showing, "a stay may not issue." Leiva-Perez, 640 F.3d at 971.  Still, the Court briefly considers the remaining Nken factors, and concludes that neither weighs in favor of granting a stay.

### 3. Injury to Other Parties

Defendants argue that Plaintiffs will not suffer any harm from a stay, as the Court's preliminary injunction remains in place.  (Mot. at 10-11.)  Plaintiffs respond that a stay of discovery would severely prejudice their ability to complete discovery by March 2020, the

---

[2] In fact, courts have repeatedly rejected the proposition that "being required to defend a suit" without more constitutes hardship or inequity.  Lockyer v. Mirant Corp., 398 F.3d 1098, 1112 (9th Cir. 2005); see also California Trout, Inc. v. United States Bureau of Reclamation, 115 F. Supp. 3d 1102 (C.D. Cal. 2015) ("Diverting staff attention from other activities does not sufficiently satisfy the requirement of hardship or inequity.").

discovery cut-off set by the Court.  (Opp'n at 9-10.)  Generally, a "mere assertion of delay does not constitute substantial harm."  United States v Phillip Morris Inc, 314 F3d 612, 622 (9th Cir 2003); Perry v. Schwarzenegger, 2009 WL 10690311, at *4 (N.D. Cal. Oct. 23, 2009).  But because Defendants have not articulated any meaningful harm, the balance of equities nevertheless tips in Plaintiffs' favor in light of the potential for delay.

### 4. Public Interest

Where, as here, the moving party is the government, the irreparable injury and public interest factors may "closely align[]."  See Lair v. Bullock, 697 F.3d 1200, 1215 (9th Cir. 2012).  As established above, however, Defendants have not established any irreparable injury.  Defendants argue that allowing Plaintiffs to pursue discovery while the appeal is pending will impose a burden on Defendants and the Court, as Defendants will oppose the discovery sought and seek Court intervention.  (Mot. at 11.)  Plaintiffs respond that the threat to oppose discovery is no reason to stay all discovery, and argue that "because the resolution of the appeal will not narrow any issues in discovery, a stay would not preserve any judicial resources."  (Opp'n at 7.)  While the Court recognizes the public interest in judicial efficiency, it also recognizes that the public interest is also served by the "expedient resolution" of the case.  See Newmark Realty Capital, Inc., 2018 WL 10701601, at *6; Nat'l Rural Telecommunications Co-op. v. DIRECTV, Inc., 319 F. Supp. 2d 1094, 1108 (C.D. Cal. 2003).  That is particularly the case where, as here, reports of healthcare failures at detention centers amplify the urgency of advancing, rather than delaying the case.  (Opp'n at 10.)  The Court finds that this factor slightly tilts in favor of denying a stay.

The Court concludes that none of the four Nken factors support a stay of discovery pending the Ninth Circuit's resolution of Defendants' appeal.  Accordingly, the Court DENIES Defendants' Motion.

### IV.   CONCLUSION

For the reasons above, the Court DENIES Defendants' Motion to Stay Discovery.  The November 2, 2020 hearing is VACATED.

**IT IS SO ORDERED.**