Timothy P. Fox (CA Bar 157750)
*tfox@creeclaw.org*
Elizabeth Jordan*
*ejordan@creeclaw.org*
CIVIL RIGHTS EDUCATION AND
ENFORCEMENT CENTER
1245 E. Colfax Avenue, Suite 400
Denver, CO 80218
Tel:  (303) 757-7901
Fax: (303) 872-9072

Veronica Salama*
*veronica.salama@splcenter.org*
SOUTHERN POVERTY LAW
CENTER
P.O. Box 1287 Decatur, GA, 30031
Tel: (404) 221-5825
Fax: (404) 221-5857

Stuart Seaborn (CA Bar 198590)
*sseaborn@dralegal.org*
Melissa Riess (CA Bar 295959)
*mriess@dralegal.org*
Rosa Lee V. Bichell (CA Bar 331530)
*rbichell@dralegal.org*
DISABILITY RIGHTS ADVOCATES
2001 Center Street, 4th Floor
Berkeley, California 94704
Tel:  (510) 665-8644
Fax: (510) 665-8511

Attorneys for Plaintiffs (continued on next page)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION – RIVERSIDE**

| | |
|---|---|
| FAOUR ABDALLAH FRAIHAT, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*, <br><br> Defendants. | Case No.: 19-cv-01546-JGB(SHKx) <br><br> **Plaintiffs' Notice of Supplemental Authorities** <br><br> Date: February 26, 2021 |

| | |
|---|---|
| 1  William F. Alderman (CA Bar 47381)  *walderman@orrick.com*  2  Jake Routhier (CA Bar 324452)  *jrouthier@orrick.com*  3  ORRICK, HERRINGTON &  SUTCLIFFE LLP  4  405 Howard Street  San Francisco, CA 94105  5  Tel.: (415) 773-5700  Fax: (415) 773-5759  6 | Mark Mermelstein (CA Bar 208005)  *mmermelstein@orrick.com*  ORRICK, HERRINGTON &  SUTCLIFFE LLP  777 South Figueroa Street  Suite 3200  Los Angeles, CA 90017  Tel.: (213) 629-2020  Fax: (213) 612-2499 |

1  William F. Alderman (CA Bar 47381)
   *walderman@orrick.com*
2  Jake Routhier (CA Bar 324452)
   *jrouthier@orrick.com*
3  ORRICK, HERRINGTON &
   SUTCLIFFE LLP
4  405 Howard Street
   San Francisco, CA 94105
5  Tel.: (415) 773-5700
6  Fax: (415) 773-5759

7  Michael W. Johnson*
   *mjohnson1@willkie.com*
8  Jessica Blanton*
   *jblanton@willkie.com*
9  Joseph Bretschneider*
   *jbretschneider@willkie.com*
10 WILLKIE FARR &
   GALLAGHER LLP
11 787 Seventh Avenue
12 New York, NY 10019
   Tel.: (212) 728-8000
13 Fax: (212) 728-8111

14 Benjamin R. Salk**
   *benjamin.salk@splcenter.org*
15 SOUTHERN POVERTY LAW
   CENTER
16 111 E. Capitol Street, Suite 280
17 Jackson, MS 39201
   Phone: 601-948-8882
18 Fax: 601-948-8885
   Maya Rajaratnam
19 *maya.rajaratnam@splcenter.org*
   400 Washington Ave,
20 Montgomery, AL 36104
   Tel: 334-956-8307
21 Fax: 334-956-8307

22 Christina Brandt-Young*
   *cbrandt-young@dralegal.org*
23 DISABILITY RIGHTS
   ADVOCATES
24 655 Third Avenue, 14th Floor
25 New York, NY 10017
   Tel.: (212) 644-8644
26 Fax: (212) 644-8636

Mark Mermelstein (CA Bar 208005)
*mmermelstein@orrick.com*
ORRICK, HERRINGTON &
SUTCLIFFE LLP
777 South Figueroa Street
Suite 3200
Los Angeles, CA 90017
Tel.: (213) 629-2020
Fax: (213) 612-2499

Leigh Coutoumanos*
*lcoutoumanos@willkie.com*
Timothy Ryan*
*tryan@willkie.com*
WILLKIE FARR &
GALLAGHER LLP
1875 K Street NW, Suite 100
Washington, DC 20006
Tel.: (202) 303-1000
Fax: (202) 303-2000

Maria del Pilar Gonzalez Morales
(CA Bar 308550)
*pgonzalez@creeclaw.org*
CIVIL RIGHTS EDUCATION
AND ENFORCEMENT CENTER
1825 N. Vermont Avenue, #27916
Los Angeles, CA 90027
Tel.: (805) 813-8896
Fax: (303) 872-9072

Lisa Graybill*
*graybill@nilc.org*
NATIONAL IMMIGRATION LAW
CENTER
P.O. Box 40476
Austin, TX 78704

27
28 Attorneys for Plaintiffs (continued from previous page)
   *Admitted Pro Hac Vice

Plaintiffs hereby respectfully provide notice of the following supplemental authorities in support of Plaintiffs' pending Motion for Appointment of a Special Master:

- *COVID-19 Vaccination Status: More than 50,000 doses administered*, BUREAU OF FEDERAL PRISONS (Feb. 23, 2021), https://www.bop.gov/resources/news/20210223_vaccination_status.jsp, attached hereto as **Exhibit A**.
- *COVID-19 Vaccine FAQs in Correctional and Detention Centers*, CENTERS FOR DISEASE CONTROL AND PREVENTION (updated Feb. 16, 2021), https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/vaccine-faqs.html#print, attached hereto as **Exhibit B**.

The attached information is beneficial to the Court because it demonstrates Defendants' continued noncompliance with this Court's Preliminary injunction and Enforcement Orders. The evidence establishes that Defendants' are failing to comply this Court's order to "update the [PRR] . . . with the goal of exceeding BOP and state prison system response levels" by refusing to implement a system-wide vaccine implementation plan that meets or exceeds the plan issued by BOP. *See* ECF No. 240 at 11. The evidence shows that the BOP, with guidance from the CDC, has developed a system-wide vaccination plan and has already administered more than 50,000 doses to both staff and prisoners. Defendants' refusal to develop a system-wide vaccination plan is yet another example of Defendants' noncompliance with this Court's Orders and underscores the need for Special Master.

Plaintiffs did not previously submit these documents with their opening or reply briefs, as they were not previously available and Plaintiffs felt it was appropriate to meet and confer with Defendants regarding their vaccination plan

1

prior to raising it with the Court. Plaintiffs provided Defendants with oral and electronic notice of this filing, pursuant to the Court's order. Defendants stated that they object to the filing of these exhibits on the grounds that the Court's Orders do not address the issue of vaccines and requested one week to respond to the filing. Plaintiffs have indicated that they will agree to the response time so long as it does not affect the hearing date.

DATED: February 26, 2021

Respectfully submitted,

/s/ Benjamin Salk
Veronica Salama
Maya Rajaratnam
SOUTHERN POVERTY LAW CENTER

/s/ Timothy P. Fox
Timothy P. Fox
Elizabeth Jordan
Maria del Pilar Gonzalez Morales
CIVIL RIGHTS EDUCATION AND ENFORCEMENT CENTER

/s/ Stuart Seaborn
Stuart Seaborn
Christina Brandt-Young
Melissa Riess
Rosa Lee V. Bichell
DISABILITY RIGHTS ADVOCATES

/s/ William F. Alderman
William F. Alderman
Mark Mermelstein
Jake Routhier
ORRICK, HERRINGTON & SUTCLIFFE LLP

/s/ Michael W. Johnson
Michael W. Johnson
Leigh Coutoumanos
Jessica Blanton
Joseph Bretschneider
Timothy Ryan
WILLKIE FARR & GALLAGHER LLP

/s/ Lisa Graybill
Lisa Graybill
NATIONAL IMMIGRATION LAW CENTER

2

*Fraihat v. ICE*, Case No. 19-cv-01546-JGB(SHKx)
**Plaintiffs' Notice of Supplemental Authorities**

# EXHIBIT A

# COVID-19 Vaccination Status

More than 50,000 doses administered



Updated 10:45 AM EDT, February 23, 2021

**(BOP) -** The Bureau of Prisons has achieved a milestone in the distribution and administration of the COVID-19 vaccine. On Friday, February 19, 2021, the Bureau exceeded 50,000 total doses administered. The Bureau has worked closely with the federal government's COVID-19 Vaccine/Therapeutics Operation (formerly known as Operation Warp Speed) since its creation to ensure vaccines are made available to staff and inmates at the earliest opportunity, consistent with public health considerations.

On January 28, Director Michael Carvajal was presented a certificate of achievement recognizing the Bureau of Prisons for leading all jurisdictions and Federal entities in its rate of vaccination utilization, having the highest percentage of vaccines administered per doses allocated across all of the United States. At that time, the COVID-19 vaccine had been delivered to staff and inmates at more than half of our correctional facilities across the country.

As of February 22, 2021, 52,534 total doses of the vaccine have been administered and every location within the Bureau has received the first dose of the vaccine. Seventy locations have received second doses. As a result, 11,233 staff and 8753 inmates are now fully inoculated. The Bureau's success and efficiency in managing this vaccination initiative highlights the work the Agency continues to do to mitigate the spread of COVID-19 and to achieve its mission during this worldwide pandemic.

# EXHIBIT B




# COVID-19

## COVID-19 Vaccine FAQs in Correctional and Detention Centers

Updated Feb. 16, 2021        Print

The following are frequently asked questions about COVID-19 vaccination in correctional and detention centers. For general information about COVID-19 vaccine, please see the CDC COVID-19 Vaccine Information page.

Information about COVID-19 vaccines is rapidly evolving. Please check back regularly for updated information.

**Does the CDC coordinate COVID-19 vaccination plans for correctional and detention centers nationwide?** 

CDC worked with the Federal Bureau of Prisons to develop its vaccination implementation plan and will continue to offer guidance regarding modifications as needed over time. However, CDC does not determine plans for allocating, distributing, or administering vaccines for state or local correctional and detention centers. CDC works closely with health departments and partners to optimize vaccination planning, sub-prioritization of vaccination within recommended populations, and implementation of COVID-19 vaccination programs to best administer vaccines. These FAQs are intended to guide state and local planning efforts.

**Should staff at correctional and detention facilities be offered a COVID-19 vaccine?** 

Correctional and detention facility staff have high risk work-related exposures to SARS-CoV-2 because their work-related duties must be performed on site and involve being in close proximity (<6 feet) to other people. CDC recommends the COVID-19 vaccine for staff at correctional and detention facilities because these staff are at higher risk of exposure to COVID-19 in the workplace. Evidence supporting vaccination in frontline essential workers is described in the Evidence Table for COVID-19 Vaccines Allocation in Phases 1b and 1c of the Vaccination Program.

Correctional and detention facility staff will receive state or local vaccination plans. For workers employed by contract firms or temporary help agencies, the staffing agency and the host employer are joint employers and, therefore, **both** are responsible for providing and maintaining a safe work environment. If planning to offer vaccination at the worksite, employers should do whatever is feasible to offer vaccination to all individuals working at the worksite, regardless of their status as a contract or temporary employee.

**How will persons who are incarcerated or detained be prioritized for COVID-19 vaccination?** 

State and local correctional facilities will receive vaccines according to their jurisdiction's vaccination plan. The prioritization of correctional staff and incarcerated persons differ by jurisdiction, and jurisdictions may still be in the process of specifying priority groups.

Jurisdictions are encouraged to vaccinate staff and incarcerated/detained persons of correctional or detention facilities **at the same time** because of their shared increased risk of disease. Outbreaks in correctional and detention facilities are often difficult to control given the inability to physically distance, limited space for isolation or quarantine, and

limited testing and personal protective equipment resources. Incarcerated or detained persons living in correctional and detention facilities may also be older or have high-risk medical conditions that place them at higher risk of experiencing severe COVID-19. COVID-19 outbreaks in correctional and detention facilities may also lead to community transmission.

Vaccinating staff and incarcerated/detained persons at the same time may also be more feasible than sequential vaccination of correctional or detention subpopulations. If it's not feasible to vaccinate all staff and incarcerated or detained persons at the same time, sub-prioritization planning for vaccination within this group may be necessary based on facility-level or individual-level factors (such as, older age or having an underlying medical condition), or both, and should be coordinated with state and local health departments (see bullet below "How should facilities deal with insufficient vaccine doses made available to correctional and detention centers?" for details). Visit your state health

### How do correctional and detention facilities receive COVID-19 vaccinations?

Correctional and detention centers can differ widely by facility size, location (e.g., rural), and presence of medical staff; all of these factors may impact accessibility to COVID-19 vaccinations. Larger correctional or detention facilities with medical staff may be able to vaccinate incarcerated/detained persons and staff directly. These providers should enroll in their jurisdiction's COVID-19 vaccination program and complete the program provider agreements to receive vaccine shipments. Smaller facilities, such as jails located in remote areas, are more likely to experience difficulty accessing medical services and resources necessary for the planning, allocation, distribution, and administration of COVID-19 vaccinations. Any facility that has not received information regarding COVID-19 vaccinations should contact their local and/or state health officer.

Multiple vaccine administration strategies may be needed to reach a variety of different correctional and detention facilities. Facilities with medical staff can enroll to become COVID-19 vaccine providers and directly vaccinate their staff and residents. Mobile vaccination teams from local health departments, contracted correctional and detention facility healthcare providers, community healthcare systems, commercial pharmacies, or traveling nurse groups may be needed to reach smaller or more remote correctional and detention facilities.

### How should facilities deal with insufficient vaccine doses made available to correctional and detention centers?

COVID-19 vaccination plans in correctional facilities should include considerations for how to sub-prioritize vaccination in the event there is not enough vaccine at a given time. Sub-prioritization planning for vaccination may occur at the facility level, individual level, or both, and should be coordinated with state and local health departments. Sub-prioritization decisions can be guided by facility- and individual-level data and should take into consideration the feasibility of subpopulation vaccination across multiple facilities versus facility-based vaccination. Jurisdictions are encouraged to consider vaccination of both staff and incarcerated/detained persons of correctional or detention facilities **at the same time** because of their shared increased risk of disease and the efficiency of vaccinating more people in the same place.

Facility-level indicators that may be helpful for vaccination sub-prioritization include:

1. the number of staff and incarcerated/detained persons;
2. proportion of older staff and incarcerated/detained persons with high-risk medical conditions that increase the risk of COVID-19 morbidity and mortality;
3. baseline healthcare infrastructure;
4. facility ventilation;
5. ease of access by vaccination teams;
6. ability to continue normal operations in the event of staff quarantine after exposures; and
7. ability to isolate and quarantine incarcerated/detained persons if an outbreak occurs.

Individual-level factors that may be helpful for vaccination sub-prioritization include older age, high-risk medical conditions, recent COVID-19 in the past 90 days, and risk of exposure to other incarcerated/detained persons who have COVID-19.

The risk for severe illness increases with age, with older adults at highest risk. Adults of any age with certain underlying medical conditions are also at increased risk for severe illness from COVID-19. As such, according to the Advisory Committee on Immunization Practices (ACIP) updated interim vaccine allocation recommendations, COVID-19 vaccines should be offered to frontline workers and adults who are 75 years of age or older (Phase 1b), as well as persons aged 65–74 years and persons aged 16–64 years with medical conditions that increase risk of severe illness due to COVID-19 (phase 1c). Correctional and detention facilities, especially those with geriatric and medical units, should coordinate with state/local health officials on how to sub-prioritize staff and incarcerated/detained persons that fall into these two sub-categories when it is not feasible to vaccinate all incarcerated/detained persons and staff at the same time.

CDC has published a companion guide to assist state, tribal, local, and territorial immunization programs and other immunization partners in planning for vaccination of populations recommended to receive initial doses of COVD-19

### If an incarcerated/detained person is boarded in another state will he/she still receive the COVID-19 vaccine?

The facility that is boarding the incarcerated/detained person is responsible for offering, administering, and documenting the COVID-19 vaccine. Vaccination should be documented in the Immunization Information System of the jurisdiction where the vaccination occurred. Vaccination cards are filled out at the time of vaccination with the date of vaccine, vaccine type, and location of vaccination. This vaccination card should be transferred with the incarcerated/detained person and provided to them upon release. If there are questions or concerns, consult with federal, state, and/or local public health authorities.

### Should correctional settings continue to practice additional prevention strategies (e.g., wearing masks, social distancing) after vaccine has been administered?

Yes, while experts learn more about the protection that COVID-19 vaccines provide under real-life conditions, CDC continues to strongly recommend for correctional and detention facilities, as well as their surrounding communities, to continue using **all the tools** available to help stop transmission, like continue to wear a mask, stay at least 6 feet (two arm lengths) away from others (social distancing), avoid crowds and poorly ventilated spaces, and wash your hands often if soap and water aren't available, use hand sanitizer containing at least 60% alcohol. Together, COVID-19 vaccination and following CDC's recommendations for How To Protect Yourself and Others will offer the best protection from getting infected and from spreading COVID-19 to others.

Experts are working to learn more about how long a person who has received the COVID-19 vaccine has immunity against getting infected and whether the vaccine can decrease the chances that an infected person can spread the virus. CDC will continue to update guidance as more is learned about the duration of immunity and the impact of the vaccine on transmission of SARS-CoV-2, the virus that causes COVID-19. Until we have more information, it is important that all people – **even people who have received the COVID-19 vaccine** – continue to practice additional prevention strategies.

### How can we ensure that persons who are incarcerated or detained receive all recommended COVID-19 vaccine doses?

Current COVID-19 vaccine series consist of two doses, with the second dose administered either 3 weeks (Pfizer) or 4 weeks (Moderna) after the first dose.  As part of enumeration and planning, correctional facilities and state/local health officials should plan for second dose vaccination of persons who will remain detained or incarcerated when the second dose is due (reminder: the second dose should be the same vaccine type as the first dose). State/local health officials should anticipate potential challenges in second dose vaccination among persons who qualify for early release or who are transferred. Additionally, correctional and detention facilities should work with the jurisdiction to use reminder/recall functionality of the electronic immunization recordkeeping tools available to them in their jurisdiction.

State/local health officials and correctional and detention facilities should ensure that persons who will be released from custody before the second dose is due are linked to community vaccination resources  and have vaccination cards filled out at the time of vaccination with the first dose with the date of vaccination, vaccine type, and location of vaccination. Correctional facilities should provide this vaccination card upon release and encourage released persons to seek vaccination from community vaccination providers. Locations of community COVID-19 vaccine providers will be available on VaccineFinder as more vaccine is made available to the general population.

Some states may prioritize persons who are incarcerated to receive vaccination during phase 1. In those states, incarcerated/detained persons may have earlier access to the vaccine than others in their surrounding communities. Without establishing a linkage to care between a trusted health authority in the correctional facility and a local health clinic, community providers may not believe the formerly incarcerated person has actually received the first vaccine dose and may deny them the second dose. Considering the stigma associated with incarcerated persons, CDC recommends that correctional facilities coordinate with local health officials and community health clinics in preparation for the possibility of formerly incarcerated persons needing a second dose prior to the general population.

### How do correctional or detention facilities prepare in the management of potential vaccine adverse events?

An adverse event is any health problem that happens after a shot or other vaccine. An adverse event might be truly caused by a vaccine, or it might be pure coincidence. Serious adverse events after COVID-19 vaccination are uncommon, but cases of anaphylaxis, or an acute and potentially life-threatening allergic reaction, have been reported after vaccination. Correctional facilities should ensure there is space, supplies, and staff to observe for and manage anaphylaxis after COVID-19 vaccination.

CDC currently recommends that persons without contraindications to vaccination who receive an mRNA COVID-19 vaccine be observed after vaccination for the following time periods:

- 30 minutes: Persons with a history of an immediate allergic reaction of any severity to a vaccine or injectable therapy and persons with a history of anaphylaxis due to any cause.
- 15 minutes: All other persons

COVID-19 vaccine adverse event should be reported to the Vaccine Adverse Event Reporting System (VAERS). This national system collects these data to look for adverse events that are unexpected, appear to happen more often than expected, or have unusual patterns of occurrence.

Last Updated Feb. 16, 2021