cc: judgewalsh@signatureresolution.com

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 19-1546 JGB (SHKx)** | Date | April 19, 2021 |
|---|---|---|---|
| Title | *Faour Abdallah Fraihat, et al. v. U.S. Immigration and Customs Enforcement, et al.* | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):   Attorney(s) Present for Defendant(s):

None Present   None Present

**Proceedings:**   Order APPOINTING Special Master (IN CHAMBERS)

On March 10, 2021, the Court granted Plaintiffs' motion to appoint a special master, and ordered the parties to submit a joint report with proposed parameters. ("Special Master Order," Dkt. No. 281.) On March 19, 2021, the parties filed a Joint Report on the Appointment of a Special Master with the parties' proposed candidates, scope of mandate, fee arrangement, and timeline. ("Joint Report," Dkt. No. 286.)

**I.   APPOINTMENT OF SPECIAL MASTER**

After considering the parties' proposed candidates, the Court appoints Judge Patrick Walsh (ret.) as the Special Master. Pursuant to Fed. R. Civ. P. 53(a)(2) and (b)(3), Judge Walsh must submit an affidavit disclosing any grounds for disqualification under 28 U.S.C. § 455 by **April 23, 2021**.

**II.   AUTHORITY OF SPECIAL MASTER**

The Special Master shall have the authority to monitor Defendants' compliance with the Court's Preliminary Injunction (Dkt. No. 132) and Enforcement Order (Dkt. No. 240). This

includes, but is not limited to, the evidence of noncompliance discussed in the Special Master Order.[1]  The Special Master shall have the authority to perform the following tasks:

1. Meet with the parties and their counsel and receive evidence and/or hear arguments on issues pertaining compliance with the Court's Orders;
2. Conduct such investigations, interviews, or site visits as are necessary to monitor Defendants' compliance with the Court's Orders;
3. Review evidence filed under seal or disclosed during discovery;
4. Make findings of fact and prepare reports and recommendations to the Court regarding Defendants' compliance with the Court's Orders;
5. Direct the parties to produce such information or documents as the Special Master deems relevant to monitor Defendants' compliance or prepare reports and recommendations;
6. Resolve disputes that may arise between the parties regarding the implementation of the Court's Orders; and
7. Advise and update the Court on the status of Defendants' compliance with the Court's Orders.

The Special Master may not issue any orders or impose sanctions, but may recommend to the Court orders pertaining to the goals of monitoring, including contempt sanctions.  The Special Master shall have no authority to intervene in or direct Defendants' activities.

The Special Master may engage in ex parte communications with the Court and the parties.  The parties and their counsel shall cooperate in good faith with the Special Master.

### III.   TERM OF APPOINTMENT

The Court appoints the Special Master for an initial term of six months, commencing on **April 23, 2021**.  This initial term may be extended by request of the parties and/or the Special Master in the event that there remain ongoing concerns regarding Defendants' compliance with the Court's Orders.  The Special Master shall file a monthly report updating the Court on the status of his monitoring activities, with the first report due on May 21, 2021.

The Special Master is directed to proceed with all reasonable diligence to carry out the duties assigned by the Court.

---

[1] Defendants argue that the scope of the Special Master's appointment should be limited to monitoring compliance with the specific provisions of the PI and Enforcement Orders that the Court discusses in its Special Master Order.  (Joint Report at 8.)  The Court disagrees.  While the Court concluded that Defendants have failed to substantially comply with the Court's Orders concerning custody redeterminations, the Court noted that given the evidence of a pattern of noncompliance, it did not address evidence of noncompliance in other areas.  (Special Master Order at 7.)

## IV. FEES AND COSTS

The Special Master's reasonable fees and costs are to be split equally between Plaintiffs and Defendants. The Special Master shall periodically file with the Court billing statements detailing his fees and costs. The parties may file an objection within ten business days of filing. The parties shall pay the Special Master's fees and costs in a timely manner.

The Special Master may hire and retain aides, including but not limited to independent experts, specialists, attorneys, law clerks, paralegals, and/or interpreters to assist the Special Master in the performance of his duties. However, prior to retaining the services of an independent expert, the Special Master must consult with the parties and seek leave of the Court.

## V. CONCLUSION

As detailed above, the Court ORDERS the following:

1. Judge Patrick Walsh is appointed as Special Master, subject to Judge Walsh's submission of an affidavit pursuant to Rule 53(a)(2) and (b)(3) by **April 23, 2021**.
2. The Special Master shall have authority to oversee Defendant's compliance with the Court's Preliminary Injunction (Dkt. No. 132) and Enforcement Order (Dkt. No. 240).
3. The Special Master is appointed for an initial term of six months, subject to extensions.
4. The fees and costs of the Special Master shall be split equally between Plaintiffs and Defendants.

**IT IS SO ORDERED.**